UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE, | No. 2:16-cv-1828 KJN P |
| Plaintiff, | |
| v. | ORDER |
| G. KAUR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's amended complaint[1] is now before the court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

////

---

[1] Plaintiff's amended complaint names new defendants and raises new allegations not raised in his original complaint.

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff names nine individuals as defendants in his amended complaint: G. Kaur, Sr. Librarian; P. Ditto, Vice-Principal; Kenya Williams, Principal; Sgt. Chambers; R. Mitchell, Associate Deputy Warden; Eric Arnold, Warden; K. Estrella, Correctional counselor -- appeals coordinator; C. Cagnina, appeals coordinator; and M. Voong, Chief, Inmate Appeals at office of Secretary of Corrections. All of the defendants, except Voong, are employed at the Solano State Prison in Vacaville.

Claim 1: Retaliation

Plaintiff alleges that on November 2, 2016, defendant Kaur retaliated against plaintiff by issuing a false 128 information chrono dating back to October 25, 2016, and threatening disciplinary action. On November 8, 2016, plaintiff filed a staff complaint against Kaur for the false report. But on November 10, 2016, before the staff complaint was processed or receipt of the appeal was acknowledged, Kaur took the 128 report and made it a 115-A Rules Violation

Report ("RVR"), with no additional allegations of misconduct against plaintiff. Kaur then conducted her own review of the false report.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, plaintiff fails to identify the protected conduct, if any, he engaged in that allegedly caused Kaur to issue the false report. Moreover, plaintiff concedes that Kaur issued the RVR before his staff complaint was processed or receipt of his appeal was acknowledged, so plaintiff's staff complaint could not have been the protected conduct that caused Kaur to issue the RVR. Plaintiff claims he wrote letters to Williams before the initial 128 report[2] authored by Kaur, but such letters do not constitute "protected conduct" under Rhodes. And, in any event, plaintiff adduces no facts demonstrating that Kaur was even aware of such letters to Williams.

In an abundance of caution, plaintiff is granted leave to file a second amended complaint should he be able to allege facts demonstrating that Kaur retaliated against plaintiff because of plaintiff's protected conduct. If plaintiff files such an amended pleading, he must address each of the elements required under Rhodes.

Claim II: Disciplinary Proceeding

In his second claim, plaintiff claims that "Chambers 'heard' the [alleged] retaliatory disciplinary." (ECF No. 19 at 5.) Plaintiff concedes that the RVR was overturned after plaintiff served the penalty assessed, 30 day deprivation of yard and law library access.

////

---

[2] The court refers to the initial report as the 128 report because plaintiff initially refers to a 128-B report authored by Kaur, but later refers to such report as a 128-G report. (ECF No. 19 at 4.)

3

Plaintiff fails to identify the factual basis upon which he raises this claim. In other words, he fails to identify any constitutional or federal statutory violation by Chambers' actions.

Plaintiff also claims that defendants Mitchell and Arnold would not correct the error in the appeal process, and claims that defendants Estrella, Cagnina, and Voong attempted to obstruct and deny vindication of plaintiff's right to have the RVR overturned.

Plaintiff cannot state a due process claim based on defendants' role in the inmate appeal process. The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). However, plaintiff has no stand-alone due process rights related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). A prison official's denial of a grievance does not itself violate the constitution. Evans v. Skolnik, 637 Fed. Appx. 285, 288 (9th Cir. 2015), cert. dism'd, 136 S. Ct. 2390 (2016). Thus, the denial, rejection, or cancellation of a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Therefore, plaintiff's claims that particular defendants wrongfully screened out or cancelled plaintiff's administrative appeals fail to state a due process claim and must be dismissed. Thus, plaintiff's allegations in Claim II against defendants Mitchell, Arnold, Estrella, Cagnina, and Voong fail to state cognizable due process claims.

Plaintiff's allegations contained in Claim II against defendants Chambers, Mitchell, Arnold, Estrella, Cagnina, and Voong fail to state viable retaliation claims because plaintiff fails to identify any facts connecting such defendants to plaintiff's protected conduct or showing that their actions were based on retaliation.

To the extent that plaintiff attempts to challenge the RVR, plaintiff failed to allege facts sufficient to show that he was denied any procedural protections that were due. See Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974) (setting forth due process requirements for prison disciplinary proceedings). Prison disciplinary proceedings require procedural protections beyond those required for administrative segregation, but nonetheless, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. Thus, to the extent plaintiff challenges the RVR, such challenge is dismissed with leave to amend based on his failure to provide adequate factual allegations demonstrating that his due process rights were violated.

### Claim III: Disciplinary Proceedings, Access to the Court & Retaliation

Despite the alleged issues identified by plaintiff in his third claim, plaintiff's allegations do not support the causes of action marked on the pleading form. In his supporting facts, plaintiff claims defendants Williams, Ditto, and Mitchell were "on notice" of Kaur's alleged retaliation because both the 128 report and the RVR require supervisory screening and approval. (ECF No. 19 at 6.) Plaintiff claims their involvement is not pled on a theory of respondeat superior, but that each "actively supported and processed the retaliatory actions of Kaur." (ECF No. 19 at 6.) However, as set forth above, plaintiff has not alleged facts demonstrating that Kaur's actions were retaliatory. Moreover, in challenging a prison disciplinary, plaintiff's protections are based on the procedural protections set forth under Wolff, which do not include supervisorial screening and approval. Id.

In addition, plaintiff alleges that defendants Estrella and Cagnina were responsible for the proper processing of administrative appeals to ensure inmates' rights are not violated, but that they allowed Kaur to conduct the review of a staff complaint against herself, in violation of state law. (ECF No. 19 at 6.) Violations of state law, prison rules and regulations, without more, do not support any claims under section 1983. Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001); Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may plaintiff pursue them under section 1983. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002);

Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right).

Thus, although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. Because plaintiff has failed to state a cognizable federal civil rights claim herein, the court declines to exercise supplemental jurisdiction over any state law claims. However, plaintiff is granted leave to include his state law claims in any second amended complaint.

Finally, the court notes that plaintiff checked the box "access to the court," and claims under injury that he was "denied access." (ECF No. 19 at 6.) Plaintiff does not identify to what he was denied access, and his allegations do not suggest he can amend to plead a denial of access to the courts claim. But, in an abundance of caution, plaintiff is provided the standards governing a First Amendment claim.

Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by Lewis, 518 U.S. at 354. The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. See Lewis, 518 U.S. at 353 n.3, 354-55. In order to frame a claim of a denial of the right to access the courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. Lewis, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (citing Lewis, 518 U.S. at 353 & n.4).

Unrelated Claims

Plaintiff is advised that he may not pursue unrelated claims in one lawsuit. Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

The same principles apply here. In any second amended complaint, plaintiff may not raise unrelated claims against unrelated defendants. For example, if plaintiff chooses to pursue his retaliation claim against defendant Kaur, he may not include any procedural due process challenge to the RVR which was heard by defendant Chambers. This action may proceed only on related claims against related defendants. Unrelated claims must be brought in a separate action.

Conclusion

For the reasons set forth above, plaintiff's amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

////

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp., 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

However, plaintiff is not required to re-submit exhibits previously appended to his amended complaint. Rather, any party may refer to such exhibits.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint.

Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: June 20, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/spen1828.14amd