UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G. KAUR, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-1828 KJN P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff's second amended complaint is before the court.

Plaintiff alleges that while he was housed at California State Prison-Solano, defendant Kaur, Sr. Librarian, retaliated against plaintiff for filing a form 22 against her, by issuing a 128-B and then a CDCR-115 ("RVR") on the same false charges, and that defendants Williams and Ditto failed to properly train or supervise Kaur to prevent or correct the retaliation and harm that occurred to plaintiff. Although the RVR was subsequently reversed (ECF No. 23 at 5), plaintiff lost 30 days yard, resulting in the loss of law library access. Plaintiff seeks unspecified injunctive relief and monetary damages.

The second amended complaint states a potentially cognizable First Amendment claim for relief against defendant Kaur pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail

on the merits of this action as to defendant Kaur.

However, plaintiff's allegations against defendants Williams and Ditto are solely based on a theory of respondeat superior. Defendant Williams was Principal of the Solano Education Department, and defendant Ditto was the acting Vice Principal. Such defendants cannot be held liable on the ground that, as supervisors, they are liable for the conduct of their subordinate. Under section 1983, plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Plaintiff makes no such allegation here. Indeed, he fails to allege that either defendant was aware plaintiff filed a form 22 against defendant Kaur, or knew Kaur was retaliating against plaintiff by pressing the charges.[1]

Plaintiff has had multiple opportunities to amend his complaint. Because it appears plaintiff can allege no facts setting forth a cognizable civil rights claim against defendants Ditto and Williams, it is recommended that plaintiff's claims against defendants Ditto and Williams be dismissed without leave to amend.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for defendant Kaur.

---

[1] As plaintiff was previously advised, an amended complaint supersedes the prior pleading, and the court cannot refer to a prior pleading to make plaintiff's second amended complaint complete. (ECF No. 20 at 8.) In his first amended complaint, plaintiff claimed that defendants Williams and Ditto were "on notice" of Kaur's alleged retaliation because both the 128 report and the RVR require supervisory screening and approval. (ECF No. 19 at 6.) Plaintiff included no such allegation in his second amended complaint. But in any event, simply being "on notice" of the 128 report and the subsequent RVR does not establish that Williams or Ditto knew that Kaur's charges against plaintiff were false, or that Kaur was issuing the charges in retaliation for plaintiff filing a form-22 against Kaur, let alone establish that Williams or Ditto knowingly participated in Kaur's alleged retaliatory acts.

2

2. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and a copy of the second amended complaint (ECF No. 23).

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form; and

    d. Two copies of the endorsed second amended complaint (ECF No. 23).

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. The Clerk of the Court is directed to assign a district judge to this case.

IT IS RECOMMENDED that plaintiff's claims against defendants Ditto and Williams be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 19, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/spen1828.1amd

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                        FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11 | GERALD SPENCE,                           No. 2:16-cv-1828 KJN P
12 |         Plaintiff,
13 |    v.                                    NOTICE OF SUBMISSION OF DOCUMENTS
14 | G. KAUR, et al.,
15 |         Defendants.
16

17       Plaintiff hereby submits the following documents in compliance with the court's order

18 filed _____ :

19       ____    completed summons form

20       ____    completed USM-285 forms

21       ____    copies of the _____
                              Amended Complaint
22
DATED:
23

24

25                                                  _____
                                                    Plaintiff
26

27

28

1