UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE,<br><br>    Plaintiff,<br><br>    v.<br><br>G. KAUR, et al.,<br><br>    Defendants. | No. 2:16-cv-1828 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. This action proceeds on plaintiff's claim that in 2016, defendant Kaur retaliated against plaintiff at California State Prison, Solano ("CSP-Solano"). By order filed March 28, 2018, this action was referred to the post-screening ADR project and stayed for 120 days. A settlement conference was set for August 21, 2018, and the stay was extended until August 21, 2018.

On July 2, 2018, plaintiff filed a motion to amend, accompanied by a proposed third amended civil rights complaint, and requests a waiver to allow the amendment to proceed before the stay expires. Plaintiff seeks leave to amend to name two new defendants, J. Kamau and B. Kiebler, because plaintiff contends his claims arise from their employment with the California Department of Corrections and Rehabilitation ("CDCR") and result in the same statutory and constitutional claims raised against defendant Kaur in the Eastern District of California. Plaintiff argues that both involve a CDCR policy dispute that resulted in the defendants allegedly

1

authoring fictitious and retaliatory rules violations, and that it is "in the interest of judicial economy to consolidate similar issues against the same defendant (CDCR), for the same conduct." (ECF No. 37 at 1-2.)

Initially, plaintiff is informed that his claims against Kamau and Kiebler do not appear to be properly joined. Fed. R. Civ. P. 20(a). Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

Plaintiff does not provide a date for the alleged acts of Kamau and Kiebler, but their acts or omissions took place at North Kern State Prison, not CSP-Solano, and thus were not taken jointly with defendant Kaur. Also, complaints alleging violations of civil rights at North Kern State Prison must be filed in the Fresno Division of the Eastern District of California. In any event, the newly-alleged claims appear wholly unrelated to defendant Kaur's alleged acts, which occurred at CSP-Solano, because they did not arise from the same transaction or occurrence, and will involve different factual allegations.[1]

Therefore, the undersigned declines to lift the stay to permit plaintiff to amend his pleading. The March 28, 2018 order prohibited the filing of any other pleadings or other documents during the stay of this action. (ECF No. 32 at 2.) Therefore, plaintiff's motion and

---

[1] Plaintiff's reference to the CDCR as a defendant is also unavailing. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Thus, plaintiff cannot sue the CDCR without its consent.

proposed pleading were improperly filed and are stricken from the court record.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to lift the stay to attempt to amend his pleading is denied; and

2. The Clerk of the Court is directed to strike plaintiff's motion to amend and third amended complaint (ECF Nos. 37 & 38) as improperly filed.

Dated: July 11, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/spen1828.str