UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G. KAUR,<br><br>　　　　Defendant. | No. 2:16-cv-1828 TLN KJN P<br><br>ORDER AND REVISED SCHEDULING ORDER |

　　　　Plaintiff is a state prisoner, proceeding pro se, with a civil rights action under 42 U.S.C. § 1983. On January 18, 2019, plaintiff filed a request for reconsideration of the January 7, 2019 order granting defendant's request for extension of time. Plaintiff objects, *inter alia*, that defendant's request was granted before plaintiff could file an opposition to the request, and argues that granting defendant's request demonstrates bias because plaintiff's prior unopposed request for a 45-day extension of time to complete discovery was only partially granted, allowing 30 days where 45 days were requested, and warning that the court was not inclined to further extend such deadlines.

　　　　Plaintiff appears to be under the misapprehension that defendant was granted an extension of time to respond to discovery beyond the discovery deadline. Plaintiff is mistaken. On November 20, 2018, plaintiff's request to extend the discovery deadline was partially granted, and the discovery deadline was extended from January 25, 2019, to February 25, 2019. On

January 7, 2019, defendant's request to extend time to respond to certain discovery requests was granted, *nunc pro tunc*, to January 27, 2019, based on defendant's excusable neglect. The January 27, 2019 deadline falls within the extended discovery period because the discovery deadline was extended, at plaintiff's request, to February 25, 2019. Defendant did not seek to extend the discovery deadline. Because defendant was seeking a first extension of time to respond to discovery requests, he was not required to show good cause. Fed. R. Civ. P. 16(b)(4). Had plaintiff sought a first extension of time to respond to a discovery request, he would have been extended the same courtesy. Plaintiff's objections to the granting of the extension of time are overruled.

However, upon reconsideration, and in light of the lengthy extension of time granted to defendant to respond to plaintiff's discovery requests, as well as plaintiff's claims contained in his prior requests to extend the discovery deadline (ECF Nos. 50 & 53), the court finds good cause to further extend the discovery deadline, and grants plaintiff's request to extend the discovery deadline by 53 days. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992). The pretrial motions deadline is also extended. In all other respects, the provisions of the October 11, 2018 scheduling order remain in effect. Both parties are informed that no further extensions of the discovery deadline will be granted.

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 57) is partially granted;

2. The discovery deadline is extended from February 25, 2019, to April 19, 2019; and

3. The pretrial motions deadline is extended to July 19, 2019; in all other respects the October 11, 2018 scheduling order remains in effect.

Dated: January 23, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/spen1828.850