UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE,<br><br>    Plaintiff,<br><br>    v.<br><br>G. KAUR, et al.,<br><br>    Defendants. | No. 2:16-cv-1828 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. This action proceeds on plaintiff's claim that in 2016, defendant Kaur retaliated against plaintiff at California State Prison, Solano. (See ECF Nos. 25, 27.) By this order, the undersigned addresses plaintiff's motions to strike, and his motion for protective order as to his deposition that took place on April 11, 2019. Following resolution of those motions, the undersigned addresses the impending dispositive motions deadline in light of the pendency of additional discovery motions, and plaintiff's motion to amend.

I. Plaintiff's Motions to Strike

Plaintiff moves to strike various filings by defendants, claiming the filings were untimely. (ECF Nos. 77, 79.) However, as argued by defendants, plaintiff failed to take into account Rules 6(a) and 6(d) of the Federal Rules of Civil Procedure, which extend response dates an additional

three days for mailing, and further extend deadlines to the following Monday where deadlines end on a Saturday or Sunday.  Id.  Moreover, as to his motion to compel with sanctions and request for protective order, plaintiff's service by mail dates were extended to April 15, 2019, by his own correction to the dates of service filed on April 22, 2019.  (ECF No. 68.)  Given such extensions, all of defendant's oppositions were timely filed and plaintiff's motions to strike are denied.

II. Plaintiff's Motion for Protective Order re Deposition

On April 18, 2019, plaintiff filed a motion for protective order in connection with his April 11, 2019 deposition, seeking an order striking the deposition, or limiting its use.  Plaintiff contends that defendant bullied plaintiff for discovery, and circumvented the work-product doctrine by attempting to solicit plaintiff's thought process through deposition and interrogatories.  (ECF No. 67 at 1.)  Plaintiff also contends the deposition notice was defective.  Defendant opposes the motion on multiple grounds:  plaintiff does not seek to preclude prospective discovery; plaintiff failed to prove any of his deposition testimony was protected by the work product doctrine; plaintiff failed to prove he was improperly forced to produce documents; and failed to demonstrate the deposition was improperly noticed.  Defendant argues that plaintiff failed to demonstrate good cause for a protective order by showing specific prejudice or harm, and there is no evidence that plaintiff's deposition testimony contains privileged information.

     A. Applicable Standards

The party seeking a protective order must show good cause.  Fed. R. Civ. P. 26(c)(1).  The moving party must make a clear showing of a particular and specific need for the order.  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).  "The party who resists discovery has the burden to show discovery should not be allowed."  Id.  "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) (internal quotes omitted). Relevant factors include whether:  (a) the information is being sought for a legitimate purpose; (b) disclosure will violate any privacy interest or cause a party embarrassment; (c) disclosure is important to public health and safety; (d) sharing such

information will promote fairness and efficiency in the litigation; (e) the party seeking the protective order is a public entity or official; and (f) the case involves issues of public importance. See In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011).

Upon a showing of good cause, a district court may issue a protective order "'which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' including any order prohibiting the requested discovery altogether, limiting the scope of the discovery, or fixing the terms of disclosure." Fed. R. Civ. P. 26(c); see also Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004). "The burden is upon the party seeking the [protective] order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." Rivera, 364 F.3d at 1063. "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002).

B. Discussion

Generally, parties seek protective orders to prevent a deposition from taking place, and must demonstrate "good cause" -- specific prejudice or harm -- before the order will issue. Cadent Ltd. v. 3M Unitek Corp., 232 F.R.D. 625, 629 (C.D. Cal. 2005); Phillips v. GMC, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (party resisting discovery bears burden of demonstrating why it is entitled to relief). Logically, such protective orders must be sought before the deposition takes place. However, here, plaintiff seeks an order striking his entire deposition testimony after the deposition was completed. As argued by defendant, the purpose of a protective order is to excuse a party from producing information in response to a discovery request. (ECF No. 74 at 4.) Plaintiff fails to identify any legal authority to support striking an entire deposition after it was completed.

Rather, as defendant points out, an appropriate post-deposition remedy might be a request to seal the deposition under Fed. R. Civ. P. 26(c)(1)(A)(F). (ECF No. 74 at 4, n.3.) But plaintiff does not argue or adduce evidence that he has a compelling privacy interest in the deposition transcript, or that any such privacy interest would outweigh the public's right to access such

deposition testimony.  See Fed. R. Civ. P. 26(c)(1)(F)-(H); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (party seeking to seal a judicial record must articulate compelling reasons in favor of sealing).

In any event, plaintiff fails to demonstrate good cause for an order striking the entire deposition transcript or limiting or prohibiting its use.  Defendants are entitled to depose plaintiff, and to learn facts plaintiff alleges support his cause of action.  As stated above, the purpose of discovery is to avoid surprises; if plaintiff has evidence pertinent to his claims, he has a duty and obligation to disclose such evidence during discovery or risk having such evidence barred at trial based on a failure to disclose.  As to the documents provided to defense counsel at the deposition, plaintiff concedes that most or all of the documents he produced during the deposition were discovery motions "already in [defense counsel's] possession." (ECF No. 67 at 2; Spence Depo. at 13-14, 17-19.) The deposition transcript confirms that plaintiff withheld documents he believed were privileged. (Spence Depo. at 14:1-10; 20-21.) Plaintiff identifies no specific document he contends is privileged but he was required to turn over during the deposition.

Further, plaintiff contends that defense counsel "repeatedly asked about the beliefs, thoughts, theories, impressions, opinions, and conclusions, including 'deliberative processes.'" (ECF No. 67 at 2-3.) Plaintiff claims such questions are improper and not subject to disclosure because they are protected by the "work product" privilege dealt with in the leading case of Hickman v. Taylor, 329 U.S. 495 (1947) (now governed by Fed. R. Civ. P. 26(b)(3)).  However, plaintiff's deposition is 126 pages long; plaintiff fails to identify a page number or even a specific question that he believes violated such work product privilege.  This court is not required to review the entire deposition transcript in an attempt to figure out which questions plaintiff contends were inappropriate.[1]  In addition, he fails to specifically identify what testimony would harm or prejudice him.  His bald claims that he was required to divulge raw factual information,

---

[1] **Error! Main Document Only.**The court is not required to scour the record in search of potential evidence or arguments.  See Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996) ("It is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact.").  See also **Error! Main Document Only.**Swisher v. Collins, 2009 WL 1658031, *15 (D. Idaho 2009) ("**Error! Main Document Only.**The court is not required to ferret out facts from the entire record to support the Plaintiffs' arguments.).

4

opinion work product, and impeachment or rebuttal information (ECF No. 67 at 3) are insufficiently detailed to demonstrate harm or prejudice. Thus, plaintiff's motion for a protective order is denied.[2]

Improper Notice

Finally, as to his claim that the deposition was improperly noticed, the undersigned has reviewed the notice and finds the notice complies with Rule 30(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 67 at 7-8.) Rule 30(b)(1) does not require the deposition notice to identify whether the deposition is being taken under Rule 30(b)(1) or 30(b)(6), or that the notice contain any of the information specified under Rule 30(b)(5)(A). Moreover, the deposition notice incorporated a request for production of documents which properly required plaintiff to produce pertinent documents for inspection and copying at the deposition. (ECF No. 67 at 8.) Finally, as argued by defendants, the failure to append, or provide plaintiff with, a proof of service for the deposition notice does not warrant an order striking the deposition because plaintiff confirmed during the deposition that he received the deposition notice. (Spence Depo. at 5:15-25; 6:1-2.) Moreover, the notice of deposition appended as an exhibit to the deposition reflects that plaintiff was personally delivered a copy of the notice on March 25, 2019. (Id., Ex. A.) Plaintiff's reliance on Rules 4 and 5 of the Federal Rules of Civil Procedure is unavailing because such rules are not relevant; neither rule requires that a deposition notice must be accompanied by a proof of service when served on deponent. Moreover, as argued by defendants, the cases cited by plaintiff do not impose such a requirement. (See ECF No. 74 at 12:15-22.) Thus, plaintiff's motion to strike the deposition based on an allegedly improper notice is denied.

III.  Scheduling Implications

At present, four motions remain pending: plaintiff's motion to amend and three motions to compel discovery. Because the court has not yet ruled on these motions, it is unclear whether additional responses to discovery will be required which could impact the briefing on dispositive motions. In light of the impending dispositive motion deadline, July 19, 2019, such deadline is

---

[2] Plaintiff is advised that the denial of such motion does not preclude him from raising specific evidentiary objections at trial. See Fed. R. Civ. P. 32(b).

vacated and will be reset upon resolution of these remaining motions. See <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992) ("The district court is given broad discretion in supervising the pretrial phase of litigation.")  No party shall file a dispositive motion until further court order.

    Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's motions to strike (ECF Nos. 77, 79) are denied;

    2. Plaintiff's motion for protective order (ECF No. 67) is denied;

    3. Discovery is closed;

    4. The July 19, 2019 dispositive motion deadline is vacated; no party shall file a dispositive motion pending further order of the court.

Dated:  June 20, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/spen1828.mts