UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD SPENCE,

        Plaintiff,

   v.

G. KAUR,

        Defendant.

No. 2:16-cv-1828 TLN KJN P

ORDER

Plaintiff is a state prisoner, proceeding pro se. This action proceeds on plaintiff's retaliation claim against defendant Kaur. Plaintiff's first motion to compel discovery and for sanctions,[1] and defendant's motion to compel discovery are before the court. As discussed below, the undersigned partially grants the discovery motions, and denies plaintiff's motion for sanctions and request for judicial notice.

I. Plaintiff's Allegations

In his second amended complaint, plaintiff alleges that in 2016, while he was housed at California State Prison-Solano, defendant Kaur, Sr. Librarian, retaliated against plaintiff for filing a form 22 against Kaur, by issuing a 128-B and then a CDCR-115 ("RVR") on the same false charges. (ECF No. 23.) Although the RVR was subsequently reversed, plaintiff lost 30 days

---

[1] Plaintiff's second motion to compel discovery will be addressed by separate order.

yard, resulting in the loss of law library access.  Plaintiff seeks unspecified injunctive relief and monetary damages.

II. Elements of a Retaliation Claim

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

III. Discovery Motions

A. Governing Legal Standards

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B).  Such "motion may be made if:  (i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B).  An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'"  Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).  Similarly, district courts have broad discretion to determine relevance for discovery purposes, see Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002), and to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i).  Limits should be imposed where the burden or expense outweighs the likely benefits.  Fed. R. Civ. P. 26(b)(2) (C)(iii).  Indeed, "[t]he 2015 amendments to Rule 26(b)(1) emphasize the need to impose 'reasonable limits on discovery through increased reliance

on the common-sense concept of proportionality.'" <u>Roberts v. Clark County Sch. Dist.</u>, 312

F.R.D. 594, 603 (D. Nev. 2016).

The moving party bears the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendant's objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. <u>McCoy v. Ramirez</u>, 2016 WL 3196738 at *1 (E.D. Cal. 2016); <u>Ellis v. Cambra</u>, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." <u>U.S. ex rel. O'Connell v. Chapman University</u>, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

<u>Id.</u> "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

<u>Interrogatories</u>

With respect to interrogatories, a party may propound interrogatories related to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a)(2).

An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.  Id.  A party is obligated to respond to interrogatories to the fullest extent possible under oath.  Fed. R. Civ. P. 33(b)(3).  Any objections must be stated with specificity.  Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981).  The responding party shall use common sense and reason.  Collins v. Wal-Mart Stores, Inc., 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008).  A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made.  Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013); L.H. v. Schwarzenegger, 2007 WL 2781132, *2 (E.D. Cal. Sept. 21, 2007).  Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction.  Fed. R. Civ. P. 26(e)(1)(A).

Requests for Production of Documents

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served."  Fed. R. Civ. P. 34(a)(1).  The reach of Rule 34 of the Federal Rules of Civil Procedure "extends to all relevant documents, tangible things and entry upon designated land or other property."  Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472-73 (D. Nev. 1998), citing 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381.

"[A] party need not have actual possession of documents to be deemed in control of them."  Clark, 181 F.R.D. at 472 (quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991) ).  "A party that has a legal right to obtain certain documents is deemed to have control of the documents."  Clark, 181 F.R.D. at 472; Allen v. Woodford, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Evans v. Tilton, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).  Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons.  Fed. R. Civ. P. 34(b)(2).  A reasonable inquiry must be made, and if no responsive

documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state

with sufficient specificity to allow the court to determine whether the party made a reasonable

inquiry and exercised due diligence.  Uribe v. McKesson, 2010 WL 892093, at *2-3 (E.D. Cal.

Mar. 9, 2010).  If responsive documents do exist but the responsive party claims lack of

possession, control, or custody, the party must so state with sufficient specificity to allow the

court (1) to conclude that the responses were made after a case-specific evaluation and (2) to

evaluate the merit of that response.  Ochotorena v. Adams, 2010 WL 1035774, at *3-4 (E.D. Cal.

Mar. 19, 2010).

Boilerplate objections do not suffice.  Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. &

Santa Fe Ry. Co., 408 F.3d 1142, 1149 (9th Cir. 2005).  The party seeking production of the

documents . . . bears the burden of proving that the opposing party has such control.  United

States v. Int'l Union of Petroleum and Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir.

1989) (citations omitted).

Requests for Admissions

With respect to requests for admissions, a party may propound requests for admissions of

the "truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law

to fact, or the opinions about either; and the genuineness of any described documents." Fed. R.

Civ. P. 36(a)(1).

B. PLAINTIFF'S FIRST MOTION TO COMPEL

On April 8, 2019, plaintiff filed a motion to compel further responses to discovery, and

requests sanctions.  (ECF No. 63.)  Defendant filed an opposition.  (ECF No. 70.)  Plaintiff did

not file a reply.

1. PLAINTIFF'S FIRST SET OF INTERROGATORIES

Interrogatory, Set One, No. 1:  Please state your full name?

Response:  Objection. This request is not reasonably calculated to
lead to the discovery of admissible evidence, as Defendant Kaur's
first name is not relevant to the claims and defenses in this lawsuit.
Defendant Kaur's first name has no bearing on whether she retaliated
against Plaintiff as alleged in the operative complaint. Plaintiff is also
not entitled to Defendant's first name under California Code of
Regulations, Title 15, sections 3450(d), 3321, and 3005, as the

5

disclosure of Defendant's first name would potentially endanger her safety. Based on these objections, Defendant will not answer this interrogatory.

(ECF No. 63 at 55-56.)

Plaintiff objects that defendant failed to include her assertion of privilege in the privilege log. Defendant counters that plaintiff did not address defendant's objections, and therefore fails to meet his burden to show why the objections were not justified. Defendant contends that plaintiff failed to explain how defendant's full name is relevant to the instant claims and defenses, or to address the privacy, safety, and security concerns raised by defendant. Plaintiff did not file a reply.

Plaintiff has not demonstrated why defendant's full name is relevant to plaintiff's retaliation claim. Defendant has been served and appeared in this action, and her identity is not at issue. Her refusal to respond to this interrogatory was not based on privilege, but rather based on relevance and her safety. Plaintiff has failed to demonstrate such objections are not justified. No further response is required.

<u>Interrogatory, Set One, No. 2</u>: Are you a United States citizen?

<u>Response</u>: Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence, as Defendant Kaur's citizenship status is not relevant to the claims and defenses in this lawsuit. Defendant Kaur's citizenship status has no bearing on whether she retaliated against Plaintiff as alleged in the operative complaint. Plaintiff is also not entitled to Defendant's citizenship status information under California Code of Regulations, Title 15, sections 3450(d) and 3321, as the disclosure of Defendant's citizenship status would potentially endanger her safety. Based on these objections, Defendant will not answer this interrogatory.

(ECF No. 63 at 56.)

Plaintiff objects that no privilege is claimed, and that defendant has referred to herself as both Indian and an immigrant. (ECF No. 63 at 9.) Defendant argues that plaintiff did not address defendant's objections, and therefore fails to meet his burden to show why the objections were not justified. Defendant contends that plaintiff failed to explain how defendant's citizenship status is relevant to the claims and defenses in this action, or to address the privacy, safety, and security concerns raised by defendant. Plaintiff did not file a reply.

Plaintiff has not demonstrated how defendant's immigration status is relevant to plaintiff's retaliation claim. Defendant's refusal to respond to this interrogatory was not based on privilege, but rather based on relevance and safety. Plaintiff has failed to demonstrate such objections are not justified. No further response is required.

> Interrogatory, Set One, No. 3: Do you suffer from any clinically diagnosed form of mental illness?

> Response: Objection. This request is oppressive, harassing, and is not reasonably calculated to lead to the discovery of admissible evidence, as Defendant Kaur's mental health history is not relevant to the claims and defenses in this lawsuit. Defendant's mental health history has no bearing on whether she retaliated against Plaintiff as alleged in the operative complaint. Defendant's mental health history is also privileged and confidential under California Code of Regulations, Title 15, sections 3450(d) and 3321; and under the Health Insurance Portability and Accountability Act (HIPAA). Based on these objections, Defendant will not answer this interrogatory.

> Interrogatory, Set One, No. 4: If the response to Interrogatory No. 3 is yes; what is the mental health clinical diagnosis?

> Response: Objection. This request is oppressive, harassing, and is not reasonably calculated to lead to the discovery of admissible evidence, as Defendant Kaur's mental health history is not relevant to the claims and defenses in this lawsuit. Defendant's mental health history has no bearing on whether she retaliated against Plaintiff as alleged in the operative complaint. Defendant's mental health history is also privileged and confidential under California Code of Regulations, Title 15, sections 3450(d) and 3321; and under the Health Insurance Portability and Accountability Act (HIPAA). Based on these objections, Defendant will not answer this interrogatory.

(ECF No. 63 at 56.)

Plaintiff argues that defendant has placed her mental health at issue by asserting the affirmative defense that her actions were reasonable, and that defendant must be compelled to disclose or be prohibited from asserting her actions were reasonable. (ECF No. 63 at 9, 13.) Plaintiff also objects that defendant refused to admit or deny request numbers 7 and 9 on this same issue despite no protective order, and such refusals were not included in the privilege log. Further, plaintiff argues that defendant must be compelled to answer after denying emotional disturbance in response to numbers 10 and 11, calling 911 emergency transport when the prison has EMT services, and activating her emergency alarm on a coworker, chronically late, or "no

7

show." (ECF No. 63 at 9.)  Plaintiff argues that defendant voluntarily provided this information to her employer, EMT, 911 and her insurer, thus waiving any privilege not addressed.  (Id.)

Defendant counters that plaintiff failed to address the objections asserted, thus failing to meet his burden why the objections are not justified.  (ECF No. 70 at 21.)  Defendant argues that her affirmative defense of reasonableness is an objective, not subjective, legal question. Defendant contends that plaintiff has not provided a valid explanation why defendant's mental health is relevant to the claims and defenses at issue here, and failed to address the privacy, safety, and security concerns raised by defendant.  Finally, defendant argues that the sharing of medical or mental health treatment with other third parties does not waive defendant's confidentiality protections for such information.

Defendant's objections to interrogatories 3 and 4 are sustained.  As argued by defendant, the reasonableness of defendant's actions in the context of her affirmative defenses will turn on an objective, not subjective, inquiry.  Indeed, plaintiff claims that "[t]he principal issue in this action is[,] were the defendant's actions reasonable? objectively."  (ECF No. 63 at 15.)  The Supreme Court has explained that to determine whether a defendant is entitled to qualified immunity,[2] "a court must ask whether it would have been clear to a reasonable officer that the alleged conduct 'was unlawful in the situation he [or she] confronted.'"  Ziglar v. Abbasi, 137 S. Ct. 1843, 1867 (2017).  Plaintiff cites no legal authority supporting his view that defendant put her mental health at issue by asserting her affirmative defenses in the answer.  Moreover, plaintiff cites no authority for his position that defendant waived her right of privacy or confidentiality in her medical or mental health records simply by calling 911 or sharing such information with other third parties.  Plaintiff has otherwise failed to demonstrate how defendant's mental health history

---

[2]  The defense of qualified immunity protects "government officials ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  When a court is presented with a qualified immunity defense, the central questions are (1) whether the official's conduct violated a constitutional right; and (2) whether that right was "clearly established" at the time of the alleged misconduct.  Pearson v. Callahan, 555 U.S. 223, 232 (2009).  "Even in the context of clearly established law, '[i]f the officer's mistake as to what the law requires is reasonable . . . the officer is entitled to the immunity defense.'"  Galvin v. Hay, 374 F.3d 739, 745 (9th Cir. 2004) (citation omitted).

8

is relevant to plaintiff's retaliation claim, or show that plaintiff's objections were not justified. No further response is required to numbers 3 and 4.

> Interrogatory, Set One, No. 5: What post of duty assignments have you held since employed with CDCR? (Please list place, length and nature (temporary, on call, etc.) of employment and reason for departure, as on an employment application, the name of your immediate supervisor?

> Response: Objection. This request is vague, ambiguous, and overbroad as to the scope of time. This request is not reasonably calculated to lead to the discovery of admissible evidence, as it seeks information outside of October 2016-November 2016, when the events at issue allegedly took place, and is therefore not relevant to the claims and defenses in this lawsuit. Defendant Kaur's employment history is also not relevant to the claims and defenses in this lawsuit, as Defendant's employment history has no bearing on whether she retaliated against Plaintiff as alleged in the operative complaint. Without waiving this objection, Defendant responds as follows:

> In August 2013, I worked as a Library Technical Assistant at Salinas Valley State Prison (SVSP). My immediate supervisor at SVSP was Dr. J. Williams. In March 2014, I was promoted to the Librarian position at California Health Care Facility, Stockton (CHCF). My immediate supervisor at CHCF was Dr. M. Cole. In September 2016, I was promoted to the Senior Librarian position at California State Prison, Solano, where I currently work. My current immediate supervisors are P. Ditto; and S. Martinez. Dr. Lyons was one of my immediate supervisors when I began working at California State Prison, Solano, but he was replaced by Dr. D. Adams. Dr. Adams was later replaced by S. Martinez.

(ECF No. 63 at 60.)

Plaintiff objects that defendant failed to provide her length of employment or the reason for her departure, and she did not include this on her privilege log. (ECF No. 63 at 10.) Defendant counters that plaintiff's motion fails to address the asserted objections, and thus fails to meet his burden. Moreover, notwithstanding defendant's objection, defendant's response explains when she began each position and how she was promoted to the next position; thus, defendant argues plaintiff's motion to compel further response "is a frivolous waste of the Court's and Defendant's time and resources." (ECF No. 70 at 22.)

Defendant's arguments and objections are well-taken. First, plaintiff fails to demonstrate the relevance of defendant's work history to the pending retaliation claim, and is also overly-broad because it was not limited in time, particularly where the incidents at issue here took place

from October to November 2016.  Second, plaintiff has not shown how defendant's response, despite her objections, was insufficient.  Defendant's objections to number 5 are sustained and no further response is required.

> Interrogatory, Set One, No. 6:  How many complaints, (staff complaints or inmate appeals) have been filed against you as a Librarian or Sr. Librarian for CDCR? Including but not limited to CSP-Solano and CDCR's Medical/Mental Health Facilities in Stockton California.

> Response:  Objection.  This request is vague, ambiguous, and overbroad as to the scope of time. This request is not reasonably calculated to lead to the discovery of admissible evidence, as it seeks information outside of October 2016-November 2016, when the events at issue allegedly took place, and is therefore not relevant to the claims and defenses in this lawsuit. This request is also vague as to the term "staff complaint." Assuming that the term refers to inmate appeals filed through the 602 process defined by title 15 of the California Code of Regulations, sections 3084 et seq., Defendant also objects to this request as overbroad and not likely to lead to the discovery of admissible evidence. Whether other inmates have filed an inmate appeal alleging that Defendant failed to competently fulfill any of her duties as a Librarian or Senior Librarian is not relevant evidence that Defendant may have engaged in retaliatory conduct against Plaintiff. This request is also overly burdensome. Defendant would need to search the prison file of every inmate who was housed at the prison during her tenure as Librarian and Senior Librarian to determine whether she was named in an inmate appeal. Without waiving this objection, Defendant responds as follows:

> I am aware that Plaintiff filed one inmate appeal alleging that I authored a false CDCR 128B informational chrono.

(ECF No. 63 at 59.)

In his motion, plaintiff claims:

> Defendant implies she is aware of one response to this request which is another reason for disclosure of complaints filed by inmates and staff as well [as] an in camera inspection due to defendant's evasive dishonesty on this and her mental health issue, constructive perjury, by implication.  Sanctions are required.

(ECF No. 63 at 10.)  Defendant responds that plaintiff again failed to address defendant's objections, and therefore fails to meet his burden to show such objections are not justified.  Specifically, plaintiff failed to explain how his request is not unduly burdensome, or how such inmate appeals are relevant to the claims and defenses herein.  To the extent plaintiff sought such

information to show that defendant "acted in conformity" with her conduct in other cases, such evidence is inadmissible character evidence under Federal Rule of Evidence 404(b). Despite such objections, defendant points out that she confirmed she was aware of plaintiff's inmate appeal.

The undersigned finds defendant's objections are well-taken. Plaintiff did not limit his request by time or by subject matter, and has failed to demonstrate how any of such other appeals would lead to relevant evidence as to the instant claims or any defenses. Defendant's objections are sustained, and no further response is required. Because there is no basis to award sanctions, plaintiff's request for sanctions is denied.

> Interrogatory, Set One, No. 7: From Nov. 01. 2016 to Jan, 01, 2018 please list your immediate supervisors in the education department at CSP-Solano?
>
> Response: Objection. This request is duplicative of Interrogatory No. 5. This request seeks information outside of October 2016-November 2016, when the events at issue allegedly took place, and is therefore not relevant to the claims and defenses in this lawsuit. Defendant Kaur's employment history is also not relevant to the claims and defenses in this lawsuit, as Defendant's employment history has no bearing on whether she retaliated against Plaintiff as alleged in the operative complaint. Without waiving this objection, Defendant refers Plaintiff to her response to Interrogatory No. 5. Defendant's immediate supervisors at California State Prison, Solano, are or were Dr. Lyons; Dr. D. Adams; P. Ditto; and S. Martinez.

(ECF No. 63 at 59; 58.)

In his motion, plaintiff complains that defendant chose the dates the request covered rather than answered for the actual dates requested, November 1, 2016 to January 1, 2018. Plaintiff contends "these dates" "are regarding communications regarding plaintiff's claims and their actions and defenses." (ECF No. 63 at 10.) Defendant argues that plaintiff fails to address the asserted objections and therefore fails to meet his burden. Without waiving her objections, defendant confirms she identified her supervisors from August 2013 to the present, and her response "clearly identifies her supervisors throughout her employment with CDCR." (ECF No. 70 at 24.) As such, defendant argues plaintiff's motion to compel further response is "another frivolous waste of the Court's and Defendant's time and resources." (Id.)

The undersigned agrees with defendant.  Despite her objections, defendant provided the information requested.  Plaintiff's motion to compel further response to number 7 is denied.

Finally, plaintiff appears to challenge the validity of defendant's interrogatory responses on the basis that defendant signed her verification on January 25, 2019, several days before her attorney signed the interrogatory responses on January 28, 2019.  (ECF No. 63 at 10.)  However, plaintiff cites no Federal Rule or other legal authority requiring a verification be signed on the same day the attorney signs the interrogatory responses.  Here, defendant declared under penalty of perjury that she read and reviewed the responses to plaintiff's first set of interrogatories, and that the responses are true and correct.  (ECF No. 63 at 71.)  Such verification is sufficient.

## 2. PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

### a. PLAINTIFF'S REQUEST FOR PRODUCTION ("RPD"), SET ONE

RPD, Set One, No. 1:  Plaintiff request the complete unredacted personnel file of the Defendant, including letters of instruction, correction and any disciplinary action and all incident reports noting or alleging any form of misconduct, from hire to present.

Response:  Objection: This request is not relevant to the claims and defenses in this lawsuit. Defendant's employment records have no bearing on whether she retaliated against Plaintiff as alleged in the operative complaint. The request is overbroad as to the scope of time, as it seeks documents outside of October 2016-November 2016, when the events at issue allegedly took place. Defendant's personnel files are protected by the official information privilege. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991). Personnel files are protected by the privacy rights of staff, including federal common law and applicable California statutes including Government Code § 6254; the California Information Practices Act (Cal. Civ. Code §§ 1798 et seq.); and under California Code of Regulations, Title 15, § 3400. Personnel files are also deemed confidential and should be disclosed to inmates under California Code of Regulations, Title 15, §§ 3450(d), and 3321; the disclosure of which could (1) endanger the safety of staff, or (2) jeopardize the security of the institution. Based on these objections, Defendant will not produce any documents in response to this request. A privilege log and accompanying declaration from the litigation coordinator at California State Prison, Solano, are attached.

(ECF No. 63 at 63.)

Plaintiff claims he "is willing to accept the documents with redaction, as counsel has done every other unredacted request, leaving only person, circumstances, and date."  (ECF No. 63 at 5.)  However, plaintiff cannot amend his discovery request within his subsequent motion to

compel. In addressing a different request, plaintiff claimed he wanted the court to conduct an in camera review to search for "instances of illegal, dishonest or unreasonable behavior demonstrating an inability to perform her duties as required and/or allegations of retaliation or abuse of power towards inmates or staff." (ECF No. 63 at 8 (addressing Set Two, No. 6).) To the extent plaintiff seeks defendant's personnel file or employment records for such purposes, in other words, to show that defendant "acted in conformity" with her conduct in other cases, such evidence is inadmissible character evidence under Federal Rule of Evidence 404(b).

Plaintiff fails to address defendant's objections, which are well-taken. Plaintiff's request is overbroad both as to subject matter and time, and, critically, plaintiff fails to demonstrate how defendant's personnel or employment records are relevant to plaintiff's retaliation claim that is based on events from October to November 2016. No further production is required.

> RPD, Set One, No. 2: Plaintiff request all memos, incident reports, Rule Violation Reports, Counseling Chronos (128-A, B, or C), generated by G. Kaur while employed as Senior Librarian for California Department of Corrections and Rehabilitation that alleges misconduct against an inmate.

> Response: Objection. This request is not relevant to the claims and defenses in this lawsuit. This request is also unduly burdensome and overbroad. As written, the request encompasses all documents that Defendant has ever prepared that alleges an inmate engaged in misconduct. Such documents have no bearing on whether Defendant Kaur retaliated against Plaintiff as alleged in the complaint. The request is overbroad as to the scope of time, as it potentially encompasses documents outside of October 2016-November 2016, when the events at issue allegedly took place. The request seeks documents which are protected by the official information privilege. The request also encompasses the personal information of third parties who are not involved in this lawsuit, including nonparty inmates; such information is privileged and confidential under California Code of Regulations, Title 15, §§ 3450(d), 3321, and 3370; and the California Information Practices Act (Cal. Civ. Code §§ 1798 et seq.). Without waiving these objections, Defendant produces relevant documents which are responsive to this request (Bates Nos. DEF000001 to DEF000006).

(ECF No. 63 at 63-64.)

Plaintiff argues that this response was not covered in the privilege log and therefore must be disclosed. (ECF No. 63 at 6.) However, plaintiff fails to address defendant's relevance and overbreadth objections. Although plaintiff limited the beginning of the request to defendant's

13

employment as senior librarian (apparently September 2016, <u>see</u> response to interrogatory no. 5 (set one)), it is unclear when such employment ended, if it did. Plaintiff makes no effort to demonstrate the relevance of such documents dated before October 2016 or after November 2016. Moreover, plaintiff seeks multiple types of documents, memos, incident reports, Rule Violation Reports, and Counseling Chronos, and coupled with the broad subject matter of allegations of "inmate misconduct," is burdensome absent a specific showing of relevance to plaintiff's retaliation claim. Plaintiff was provided copies of the chrono and rules violation report at issue herein. Defendant's objections are sustained and no further production is required.

> <u>RPD, Set One, No. 4</u>: Plaintiff request the work schedule of Defendant Kaur in A yard law library from September 2016 to November 2017 with the corresponding law library schedule for A yard, this includes B yard also.
>
> <u>Response</u>: Objection. This request is not relevant to the claims and defenses in this lawsuit. Whether Defendant was working on days other than October 25, 2016 and November 1, 2016, when the events at issue allegedly took place, has no bearing on whether Defendant Kaur retaliated against Plaintiff as alleged in the complaint. The request is overbroad as to the scope of time, as it encompasses documents outside of October 2016-November 2016, when the events at issue allegedly took place. Without waiving these objections, Defendant produces documents responsive to this request (Bates Nos. DEF000507 to DEF000508).

(ECF No. 63 at 51.)

Plaintiff argues that this response was not covered in the privilege log and therefore must be disclosed. (ECF No. 63 at 6.) He also claims that documents Bates Nos. DEF000507 and DEF000508 are blank. (<u>Id.</u>, citing ECF No. 63 at 39, 40.)

Plaintiff fails to address the specific objections set forth by defendant, and thus fails to demonstrate how defendant's work schedule before October 2016 and after November 2016 are relevant to plaintiff's retaliation claim. Defendant provided her attendance records for October and November 2016; although plaintiff claims they are blank, such forms are not blank. (ECF No. 63 at 39, 40.) Rather, the forms appear to bear the initials of her supervisor, as well as

////

////

////

signatures of defendant and her supervisor, and reflect defendant was on sick leave on November 21 and 29, 2016.  (Id.)  No further response is required.[3]

> **RPD, Set One, No. 5:**  Plaintiff request the full work schedules of the LTAs that also cover the A/B yard law library from September 2016 to November 2017.
>
> **Response:**  Objection. This request is vague and ambiguous as to the term "LTAs." Assuming Plaintiff refers to Library Technical Assistants, this request is not reasonably calculated to lead to the discovery of admissible evidence, as it seeks documents which are not relevant to the claims and defenses in this lawsuit. Whether any LTAs were working on days other than October 25, 2016, and November 1, 2016, when the events at issue allegedly took place, has no bearing on whether Defendant Kaur retaliated against Plaintiff as alleged in the complaint. The request is overbroad as to the scope of time, as it encompasses documents outside of October 2016-November 2016, when the events at issue allegedly took place. Without waiving these objections, Defendant produces documents responsive to this request (Bates Nos DEF000509 to DEF000511).

(ECF No. 63 at 51-52.)

Plaintiff argues that this response was not covered in the privilege log and therefore must be disclosed for the time periods requested, and notes that no schedules were disclosed.  (ECF No. 63 at 6.)  Defendant counters that plaintiff failed to address defendant's objections and therefore fails to meet his burden.  Notwithstanding the objections, defendant states she provided plaintiff with copies of the October and November 2016 work schedules for LTA Skrenek and the November 2016 work schedule for LTA Pigniolo.  (ECF No. 70 at 10.)

Plaintiff fails to demonstrate how the LTA work schedules are relevant to plaintiff's retaliation claim against defendant.  Moreover, despite her objections, defendant asserts she provided the relevant work schedules for LTA Skrenek and Pigniolo, citing Bates Nos. DEF000509 to DEF000511.  Plaintiff fails to explain how the production was lacking; although he claims no schedules were disclosed, he did not provide a copy of Bates Nos. DEF000509 to DEF000511, so the court cannot determine whether the production is deficient in some way.[4]

---

[3]  Neither party addressed plaintiff's request for the law library schedule for Yards A and B, but there is no demonstration of the relevance of such schedules to plaintiff's retaliation claim against defendant.

[4]  Plaintiff did provide copies of some of the documents produced.  For example, he provided pages reflecting PLU status, some of which bear LTA Pigniolo's name.  (ECF No. 63 at 31, 32.)

1  Thus, the court finds plaintiff failed to meet his burden.

2  RPD, Set One, No. 7:  Plaintiff requests a copy of Defendant G.
   Kaur's employee mental health evaluations for the past Five years
3  with her diagnosis, UNREDACTED.

4  Response:  Objection.  This request is not relevant to the claims and
   defenses in this lawsuit.  Defendant's mental health history has no
5  bearing on whether she retaliated against Plaintiff as alleged in the
   operative complaint.  This request is overbroad as to the scope of
6  time, as it seeks documents outside of October 2016-November
   2016, when the events at issue allegedly took place.  This request also
7  seeks documents which are protected by the official information
   privilege.  This request also seeks documents which are not within
8  Defendant's possession, custody, or control.  Defendant's medical
   and mental health history is also privileged and confidential under
9  California Code of Regulations, Title 15, §§ 3450(d) and 3321; and
   under the Health Insurance Portability and Accountability Act
10 (HIPAA). Based on these objections, Defendant will not produce any
   documents in response to this request.  A privilege log and
11 accompanying declaration from the litigation coordinator at
   California State Prison, Solano, are attached.
12

13 (ECF No. 63 at 52-53.)

14      Plaintiff appears to challenge the response to number 7 (ECF No. 63 at 5-6), although he

15 did not separately address such request as he did the other requests (ECF No. 63 at 5-8).

16      However, as set forth in ruling on interrogatories three and four (set one), plaintiff fails to

17 demonstrate how defendant's mental health is relevant to plaintiff's retaliation claims or

18 defendant's defenses.  Defendant's objections are sustained and no further production is required.

19 RPD, Set One, No. 8:  Plaintiff request the A/B yard sign-in sheets
   for law library from September 2016 to January 2017.
20

21 Response:  Objection.  This request encompasses documents which
   includes confidential information about third-party inmates.  This
   information is protected under the official information privilege.  This
22 information is privileged and confidential under California Code of
   Regulations, Title 15, §§ 3450(d), 3370, and 3321. Without waiving
23 these objections, Defendant produces documents which are
   responsive to this request (Bates Nos. DEF000077 to DEF000253).
24 The names and CDCR numbers of non-party inmates have been
   redacted.  A privilege log and accompanying declaration from the
25 litigation coordinator at California State Prison, Solano, are attached.

26 _____

27 But neither of these bear the Bates numbers referred to in response No. 6.  (See also ECF No. 63
   at 28-40.)
28

> RPD, Set One, No. 8:  Plaintiff request the A/B yard sign-in sheets for the law library LLEDS computer terminals from September 2016 to January 2017.

> Response:  Objection.  This request encompasses documents which includes confidential information about third-party inmates.  This information is protected under the official information privilege.  This information is privileged and confidential under California Code of Regulations, Title 15, §§ 3450(d), 3370, and 3321.  Without waiving these objections, Defendant produces documents which are responsive to this request (Bates Nos. DEF000254 to DEF000309).  The names and CDCR numbers of non-party inmates have been redacted.  A privilege log and accompanying declaration from the litigation coordinator at California State Prison, Solano, are attached.

(ECF No. 63 at 53-54.) (Two requests numbered 8.)

Plaintiff claims that "Romero attempts to assert an[d] explicitly waived third party privilege concerning library sign-in sheets and LLEDs terminal sign-in."  (ECF No. 63 at 6.) Plaintiff argues that these sheets are open at the library entrance, available for anyone to read or copy, and that these same records were disclosed to plaintiff by the CSP-Solano library and defendant.  (ECF No. 63 at 6, citing ECF No. 63 at 27-37; responses to RPD 8, 9.[5])  Plaintiff argues that Romero's declaration is fearmongering, vaguely asserting possible dire consequences which could just as easily not occur.  (ECF No. 63 at 6.)  Specifically as to request number 8, plaintiff claims that defendant's response does not provide for dates beginning with October 1, 2016, to January 1, 2017, which are central to plaintiff's claims, and are "heavily redacted, but waived."  (ECF No. 63 at 7, citing Ex. D (ECF No. 63 at 41-62)).  As to the response to number 9, plaintiff states:

> This request does not have 10/25/16 in the disclosure, from Sept. 01, 2016 to Jan. 01, 2017 and is also heavily redacted.  Again the sign-in sheet sits open all day on the librarian's desk.  We sit next to each other and if there was a privilege, defendant[] waived it.  The records of attendance are disclosed in response to appeals.

(ECF No. 63 at 7.)

Defendant reasserts these records are subject to the official information privilege. Defendant argues that the names and CDCR numbers of inmates are considered confidential

---

[5]  Plaintiff referred to responses to requests numbers 7 and 8, but request number 7 requested mental health records, whereas request numbers 8 and 9 requested sign-in sheets.

17

information that should not be disclosed to other inmates, and just because such sign-up sheets can be viewed by inmates who attend the library that day does not waive the state's need to maintain their confidentiality. Despite their objections, defendant provided a copy of the library sign-in sheets which redacted the names and CDCR numbers of the non-party inmates, and left plaintiff's entries on the library sign-in sheets unredacted. (ECF No. 70 at 13.)

Standards Governing Official Information Privilege

The official information privilege is one of federal common law. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990). "To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages." Id. at 1033-34. The balancing test "is moderately pre-weighted in favor of disclosure." Kelly v. San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987). The privilege "must be formally asserted and delineated in order to be raised properly," and the party opposing disclosure must "state with specificity the rationale of the claimed privilege." Kerr v. United States Dist. Ct. for the Northern Dist. of Cal., 511 F.2d 192, 198 (9th Cir. 1975). Kerr requires that to allow the court to decide whether the official information privilege applies, defendant must provide with the objection a declaration or affidavit containing (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality, (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if the disclosure were made. Kelly, 114 F.R.D. at 670.

Discussion

Here, defendant provided a privilege log, as well as the declaration of M. Romero, Litigation Coordinator at CSP-Solano. (ECF No. 70-1 at 6-11.) M. Romero has been employed by CDCR since 1998, and served as litigation coordinator at CSP-Solano since 2016. Romero attests that he is familiar with the CDCR's policies and procedures for classifying documents as

18

confidential, as well as CSP-Solano's policies governing classification of certain documents as confidential. (ECF No. 70-1 at 7.) Romero attests that the CDCR considers the names and CDCR numbers of non-party inmates to be confidential. However, Romero does not explain how the confidentiality of these law library sign-in sheets is maintained, particularly where they are open to viewing and copying by inmates who attend law library that day. Thus, defendant fails to satisfy the first Kelly standard because she fails to demonstrate the sign-in sheets' confidentiality has been maintained.

Romero also states that he has reviewed the document requests propounded by plaintiff, but does not declare that he personally reviewed the sign-in sheets in question. (ECF No. 70-1 at 7, 10.) This does not meet the second Kelly standard.

Further, Romero states that "disclosure may jeopardize the safety and security of the institutions where plaintiff and the other inmates are housed," which "may put plaintiff at risk if the inmate whose information is being disclosed is a known enemy of plaintiff, and has objection to the information being disclosed," and "also creates a security risk to staff when inmates believe that their information should not have been disclosed." (ECF No. 70-1 at 10.) Romero declares that a protective order cannot be crafted to address all of the safety and security concerns posed by the release of these confidential records. Even if a protective order issued, Romero states that the inmate's personal property may be accessed by a cellmate. Moreover, there is no guarantee an inmate would abide by a protective order, and the threat of civil or criminal contempt is unlikely to deter an inmate from sharing confidential information because many inmates retain very little money in their trust accounts and are already serving long sentences. (Id.) Thus, Romero "believe[s] the potential for misuse of information exists even where there is a protective order in place." (ECF No. 70-1 at 11.)

The undersigned is not persuaded that the disclosure of these sign-in sheets would result in a substantial risk of harm, with the exception of releasing the name and CDCR number of an inmate who is a known enemy of plaintiff. Accordingly, defendant is directed to provide plaintiff with a copy of all sign-in sheets for the A/B yard law library and the law library LLEDS computer terminals from October 1, 2016, through November 30, 2016. Such sign-in sheets shall

19

be unredacted, with the exception of any inmate who is a known enemy of plaintiff. If a particular sign-in sheet has already been produced in unredacted form, defendant need not re-produce such sign-in sheet.

### b. PLAINTIFF'S REQUEST FOR PRODUCTION, SET TWO

RPD, Set Two, No. 1: Plaintiff requests entrance and exit records from the transportation gate allowing access to A, B, C, and D yards of emergency vehicles and their occupants being transported from Nov. 01, 2016 to Nov. 01, 2017.

Response: Objection. This request is not relevant to the claims and defenses in this lawsuit. Documents concerning the entrance and exit of emergency vehicles, and information concerning the occupants of those emergency vehicles, during the requested time frame have no bearing on whether Defendant Kaur retaliated against Plaintiff as alleged in the complaint. The request is overbroad as to the scope of time, as it seeks documents outside of October 2016-November 2016, when the events at issue allegedly took place. The request seeks documents which are not within Defendant's custody, possession, or control. The request seeks documents which are protected by the official information privilege. The request encompasses the medical information of third parties who are not involved in this lawsuit; such information is privileged and confidential under California Code of Regulations, Title 15, sections 3450(d) and 3321; the California Information Practices Act (Cal. Civ. Code §§ 1798 et seq.); and under the Health Insurance Portability and Accountability Act (HIPAA). Based on these objections, Defendant will not produce documents in response to this request. A privilege log and accompanying declaration from the litigation coordinator at California State Prison, Solano, are attached.

(ECF No. 63 at 65.)

Plaintiff argues that "Romero fails to specify or quantify any danger or safety issues or how security could be jeopardized by disclosure of this request." (ECF No. 63 at 5.)

Plaintiff utterly fails to demonstrate how this request is relevant to his retaliation claims. Defendant's objections are sustained and no further production is required.

RPD, Set Two, No. 3: Plaintiff request all employment records of Defendant G. Kaur regarding emergency or unscheduled leave, medical or psychological from Nov. 01, 2016 through Jan. 01, 2018. Unredacted.

Response: Objection. This request is not relevant to the claims and defenses in this lawsuit. Defendant's medical and mental health history has no bearing on whether she retaliated against Plaintiff as

alleged in the operative complaint. This request is overbroad as to the scope of time, as it seeks documents outside of October 2016-November 2016, when the events at issue allegedly took place. This request also seeks documents which are protected by the official information privilege. This request also seeks documents which are not within Defendant's possession, custody, or control. Defendant's personnel files are protected by the official information privilege. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991). Personnel files are protected by the privacy rights of staff, including federal common law and applicable California statutes including Government Code § 6254; the California Information Practices Act (Cal. Civ. Code §§ 1798 et seq.); and under California Code of Regulations, Title 15, § 3400. Personnel files are also deemed confidential and should not be disclosed to inmates under California Code of Regulations, Title 15, §§ 3450(d), 3370, and 3321; the disclosure of which could (1) endanger the safety of staff, or (2) jeopardize the security of the institution. Defendant's medical and mental health history is also privileged and confidential under the Health Insurance Portability and Accountability Act (HIPAA). Based on these objections, Defendant will not produce any documents in response to this request. A privilege log and accompanying declaration from the litigation coordinator at California State Prison, Solano, are attached.

(ECF No. 63 at 66.)

Plaintiff appears to challenge the response to number 3 (ECF No. 63 at 5), although he did not separately address such request as he did the other requests (ECF No. 63 at 5-8).

However, as set forth in ruling on interrogatories three and four (set one), and request for production number 7 (set one), plaintiff fails to demonstrate how defendant's mental health is relevant to plaintiff's retaliation claims or defendant's defenses. Similarly, plaintiff fails to demonstrate how defendant's medical condition, emergency leave or medical leave are relevant. Moreover, plaintiff fails to demonstrate how defendant's employment records are relevant to plaintiff's retaliation claims. Finally, plaintiff's request is overbroad in time where his retaliation claim is based on incidents from October to November, 2016. Defendant's objections are sustained and no further production is required.

RPD, Set Two, No. 4: Plaintiff request all records of training, education and or accredited experience of the defendant G. Kaur that qualified her to fill the position of Senior Librarian for CDCR.

Response: Objection. This request is not relevant to the claims and defenses in this lawsuit. Defendant's training, education, and qualifications for the Senior Librarian position has no bearing on

whether she retaliated against Plaintiff as alleged in the operative complaint. This request is overly broad and unduly burdensome. As written, the request encompasses all records related to Defendant's education, from primary school to higher education. The request covers documents which are outside of October 2016-November 2016, when the events at issue allegedly took place. The vast majority of such records are not within Defendant's possession, custody, or control. Based on these objections, Defendant will not produce any documents in response to this request.

(ECF No. 63 at 67.)

Plaintiff argues that no CDCR training or education documents were provided, and must be disclosed. (ECF No. 63 at 7.) Defendant counters that plaintiff failed to address defendant's objections and therefore he fails to meet his burden to show why such objections are not justified. (ECF No. 70 at 16.) Further, defendant argues that such request is unduly burdensome, overly broad, and the majority of such records are not in defendant's possession, custody, or control, and plaintiff failed to explain how such records are relevant.

The undersigned does not agree that the request is overbroad because plaintiff sought only such materials pertinent to defendant's position as senior librarian, which she obtained in 2016. But plaintiff fails to demonstrate how such records are relevant to plaintiff's retaliation claims or defendant's defenses. No further production is required.

RPD, Set Two, No. 5: Due to Defendant Kaur facing allegations of violating plaintiff's constitutional rights: Plaintiff request documentation of defendant G. Kaur's immigration status from Nov. 01, 2016 through Jan. 01, 2018.

Response: Objection. This request is not relevant to the claims and defenses in this lawsuit. Defendant's immigration status has no bearing on whether she retaliated against Plaintiff as alleged in the operative complaint. The request is overbroad as to the scope of time, as it seeks documents outside of October 2016-November 2016, when the events at issue allegedly took place. The request encompasses personal information which is privileged and confidential under California Code of Regulations, Title 15, sections 3450(d) and 3321. Based on these objections, Defendant will not produce any documents in response to this request.

(ECF No. 63 at 67.)

Plaintiff argues that no response was provided, "though her answer confirms she is Indian, and an email by her speaks of 'migrating' here. Relevancy is language, perception, culture."

22

(ECF No. 63 at 7.)  Although the Federal Rules of Civil Procedure governing discovery contemplate a broad interpretation of relevance, plaintiff's efforts to discover defendant's immigration status are unavailing.  Defendant's immigration status is not at issue here.

> RPD, Set Two, No. 6:  Plaintiff request defendant G. Kaur produce for inspection defendant's entire [personnel] file with CDCR from Jan. 01, 2014 to present as would be required in an in camera review.

> Response:  Objection. This request is not relevant to the claims and defenses in this lawsuit. Defendant's employment records have no bearing on whether she retaliated against Plaintiff as alleged in the operative complaint.  The request is overbroad as to the scope of time, as it seeks documents outside of October 2016-November 2016, when the events at issue allegedly took place.  Defendant's personnel files are protected by the official information privilege. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991).  Personnel files are protected by the privacy rights of staff, including federal common law and applicable California statutes including Government Code § 6254; the California Information Practices Act (Cal. Civ. Code §§ 1798 et seq.); and under California Code of Regulations, Title 15, § 3400. Personnel files are also deemed confidential and should not be disclosed to inmates under California Code of Regulations, Title 15, §§ 3450(d), 3370, and 3321; the disclosure of which could (1) endanger the safety of staff, or (2) jeopardize the security of the institution.  This request encompasses documents which are not within Defendant's possession, custody, or control.  Based on these objections, Defendant will not produce any documents in response to this request.  A privilege log and accompanying declaration from the litigation coordinator at California State Prison, Solano, are attached.

(ECF No. 63 at 68.)

Plaintiff "request[s] an in camera review for instances of illegal, dishonest or unreasonable behavior demonstrating an inability to perform her duties as required and/or allegations of retaliation or abuse of power towards inmates or staff."  (ECF No. 63 at 8.)

Defendant's objections are sustained, as explained in the ruling on plaintiff's request for production number one, set one, above.  No further production is required.

> RPD, Set Two, No. 7:  Plaintiff request all reports, memorandum, e-g-mails [sic], documents, confidential and non-confidential that were generated or received by defendant G. Kaur that mentions the name or refers to the actions or person of plaintiff, Gerald Spence from Aug. 01, 2016 to present.  Unredacted.

> Response:  Objection.  This request is overbroad, unduly burdensome, and encompasses documents which are not relevant to

the claims and defenses of either party. This request is overbroad as to the scope of time, as it seeks documents outside of October 2016-November 2016, when the events at issue allegedly took place. This request encompasses documents which are protected by attorney-client privilege and attorney-work product, such as emails exchanged between Defendant and her attorney. This request encompasses documents which are protected by the official information privilege. This request encompasses documents which are privileged and confidential under California Code of Regulations, Title 15, sections 3450(d) and 3321. Without waiving these objections, Defendant produces documents which are responsive to this request (Bates Nos. DEF000001 to DEF000006; DEF000008; DEF000319 to DEF000500). First names, telephone extensions, social security numbers, and other privileged information have been redacted.

(ECF No. 63 at 68-69.)

Plaintiff states that the response did not provide for the time frames requested, and are "not sequential with four copies of each email in various order of date and issues being discussed." (ECF No. 63 at 8.) Plaintiff argues that such response is "sand bagging" and "dumping," "with the same email having several numbers." (Id., citing ECF No. 63 at 63-69 (Ex. E).) Plaintiff's Exhibit only provides the discovery requests and responses to plaintiff's request for production of documents, set two; no documents were provided. (ECF No. 63 at 63-69.)

Defendant argues that plaintiff fails to address the objections and thus fails to meet his burden of demonstrating why the objections are not justified. (ECF No. 70 at 18.) Further, despite the objections, defendant produced copies of the chrono and rules violation report at issue here, a copy of the CDCR 602 form in which defendant completed section C, as well as a redacted copy of emails she exchanged with prison staff regarding preparation and submission of the chrono and RVR at issue here.

Neither party provided a copy of the emails to the court in connection with this motion. Defendant is correct that plaintiff failed to address defendant's specific arguments. But defendant failed to address plaintiff's argument that the emails were not produced sequentially and that some of the same emails contained different Bates numbers. The undersigned finds that defendant's emails to or from other prison staff, from October to November of 2016, pertaining to the chrono and RVR at issue here or pertaining to defendant's interaction with plaintiff during this time frame, are relevant to plaintiff's retaliation claims, and it is appropriate to redact first

24

names, telephone numbers and social security numbers due to privilege and confidentiality. Therefore, defendant shall produce to plaintiff copies of such emails, in order by date sent, making sure that Bates numbers are not duplicated, and redacting first names, telephone numbers and social security numbers. In all other respects, defendant's objections are sustained and no additional production is required.

### 3. REQUEST FOR ADMISSIONS

It is unclear whether plaintiff included his request for admissions in his motion to compel. Plaintiff entitles his motion as addressing his "first and second sets of discovery requests," and includes his request for admissions in his second sentence claiming that defendant "engaged in piecemeal, evasive, incomplete and complete, untimely, and total failures to disclose" (ECF No. 63 at 1), but plaintiff did not set forth a separate section in his motion that addressed each individual request for admissions. (ECF No. 63, *passim*.) Rather, plaintiff periodically mentions his request for admissions, and then under his subheading "sanctions," claims that defendant's privilege log does not address the request for admissions and must be deemed a total and complete failure to disclose. (ECF No. 63 at 16.) Plaintiff did provide a copy of his request for admissions and defendant's responses. (ECF No. 63 at 42-47.)

Understandably, defendant did not address the request for admissions in her opposition.

Because plaintiff failed to clearly move to compel further responses to the request for admissions, and did not set forth his objections to each particular response, the undersigned could deny the motion on procedural grounds. Nevertheless, the undersigned has performed a cursory review of the request for admissions. As to the issue of untimeliness, defendant was granted an extension of time, *nunc pro tunc*, in which to respond to the request for admissions. (ECF No. 56.) Thus, plaintiff's untimeliness objection is overruled.[6]

The court's review of the request for admissions reflects that defendant responded to each request, lodging objections and admitting some of the requests and denying others. (ECF No. 63

---

[6] Although plaintiff complains that discovery was subsequently extended for both parties (as opposed to just plaintiff), the record demonstrates that plaintiff had an opportunity to propound many different discovery requests, and also filed two motions to compel further discovery responses.

at 42-47.)  The court will not review each request and response to determine whether any of the responses are somehow deficient.  As explained above, plaintiff has the burden of describing why a particular response is inadequate, and may not generally argue that the responses are insufficient.  See, e.g., Williams v. Flint, 2007 WL 2274520 at *1 (E.D. Cal. Aug. 6, 2007) ("It is plaintiff's burden to describe why a particular response is inadequate.  It is not enough to generally argue that all responses are incomplete.").  Because plaintiff has not met his burden to demonstrate that defendant's objections were unjustified, plaintiff's request to deem defendant's responses to plaintiff's request for admissions "a total and complete failure to disclose" (ECF No. 63 at 16) is denied.  No further responses are required.

C. Defendant's Motion to Compel

On April 16, 2019, defendant filed a motion to compel further responses to her request for admissions (set one), request for production of documents (set one), and interrogatories (set one), which were served on December 20, 2018.  (ECF No. 65.)

Initially, the court addresses plaintiff's objections that defendant failed to meet and confer with plaintiff prior to filing the motion to compel, claiming that such failure renders the motion premature, and that plaintiff's supplemental disclosures also render the motion moot.  Defendant argues that such claims are meritless because the court's discovery and scheduling order waived the requirement for parties to meet and confer before filing a motion to compel; defendant wrote plaintiff a letter explaining the deficiencies, thus attempting to meet and confer, and it is unlikely the parties could have informally resolved their discovery disputes in any event; plaintiff's supplemental responses did not address the deficiencies set forth in the meet and confer letter; and plaintiff's opposition to the motion to compel fails to address each discovery response defendant challenges.

Plaintiff's objections are overruled.  The court relieved the parties of the meet and confer requirement under Local Rule 251 because plaintiff is incarcerated, making it difficult for the parties to engage in face to face conferences.[7]  Moreover, the record (and this order) makes clear

---

[7]  Federal Rule of Civil Procedure 37(a) also contains a requirement that the movant attempt to resolve any disputes prior to seeking court intervention.  However, while compliance with that

that any additional efforts to meet and confer would not have been successful.  Defendant noted

that plaintiff's supplemental responses did not remedy the identified deficiencies; therefore,

defendant's motion was not premature and plaintiff's supplemental responses did not render the

motion moot.  The court now turns to the discovery requests at issue in defendant's motion.

### 1. DISCOVERY RELATED TO EXHAUSTION

> INTERROGATORY No. 1:  IDENTIFY all INMATE APPEALS
> that you submitted that you contend exhaust your First Amendment
> claim against Defendant.

> RESPONSE:   CSP-S-17-00019 - CSP-S-16-02710.   There is (I
> believe) one other appeal on this topic.  When allowed access to my
> C-file I will update this response.

(ECF No. 65-2 at 41.)  Supplemental response:  "See rejected appeal TLR 1702346

(DEF000038)."  (ECF No. 65-2 at 91.)

Defendant argues that plaintiff has not supplemented his response to provide the "other

appeal" referenced.  Rather, in his supplemental response, plaintiff directed defendant to rejected

appeal TLR 1702346 (DEF000038), which comes from previously-identified Appeal Log No.

CSP-S-17-00019.  Plaintiff did not address this interrogatory in his opposition.

If a third inmate appeal exists as referenced in plaintiff's original response that has not yet

been identified to defendant, plaintiff must identify the appeal in a supplemental response to

interrogatory number 1.  Such information is relevant to defendant's affirmative defense based on

exhaustion.  If no such third inmate appeal exists, plaintiff should so respond.

> INTERROGATORY No. 3:  If you were unable to fully exhaust any
> INMATE APPEAL identified in response to Interrogatory No. 1,
> state each and every fact in support of this contention.

> RESPONSE:  Kaur's personal monitoring of plaintiff's access, yard
> attendance, and conducting the interview in light of her claims of
> abuse, intimidation, disrespect and that such interview was <u>waived</u>
> and in violation of Title 15.

(ECF No. 65-2 at 42.)  Supplemental response:  "See rejected appeal TLR 1702346

---

rule has not been explicitly excused and the court encourages parties to attempt to resolve
disputes prior to seeking court intervention, because plaintiff is incarcerated and proceeding pro
se, it is not enforced here and does not provide grounds for denying the motion.

(DEF000038)." (ECF No. 65-2 at 91.)

Defendant argues that plaintiff failed to state all facts regarding defendant's alleged interference, such as identifying the appeals defendant interfered with or the specific acts of interference in which defendant engaged; how plaintiff learned about the interference; and the date, time, or any potential witnesses to such interference. Plaintiff failed to explain the contradiction between this response and plaintiff's contention in response to request for production of documents number four,[8] where he claimed "no such contention has been raised." (ECF No. 65-1 at 8.) Plaintiff did not address interrogatory number three in his opposition. In his supplemental response, plaintiff directed defendant to see the rejected appeal TLR 1702346 (DEF000038). (ECF No. 65-1 at 8.) In his supplemental response to request for production four, plaintiff reiterated "no such contention has been raised." (ECF No. 65-1 at 21.)

Plaintiff's response to the request for production number 4 appears to contradict plaintiff's response to interrogatory number 3. Moreover, plaintiff has identified at least two separate administrative appeals in his discovery responses. Plaintiff is required to provide further responses to interrogatory number 3 in which he specifically identifies any appeal, by number, that plaintiff alleges he was unable to fully exhaust, and, as to each such appeal, plaintiff must provide the facts he alleges demonstrates his inability to exhaust the claim. If plaintiff possesses, or is aware of, any document that supports an argument that he was unable to fully exhaust any inmate appeal that would have exhausted plaintiff's First Amendment claims against defendant, plaintiff must identify and provide such document to the defendant. Plaintiff's objection that request number four is overbroad is overruled because the request is limited to any inmate appeal that would have exhausted plaintiff's retaliation claims raised in this action, which arose from events in October and November 2016, a very discrete period of time. Therefore, defendant's motion for further response to interrogatory number three and request for production number four

---

[8] RPD No. 4: "If you contend you were unable to fully exhaust any INMATE APPEAL that would have exhausted your First Amendment claims against Defendant, produce all DOCUMENTS that support your contention." (ECF No. 65-2 at 67.) "RESPONSE: Objection: Documents (ALL) are overbroad, requires work product. No such contention has been raised." (Id.)

1    is granted.

2         REQUEST FOR PRODUCTION NO. 3:   Produce all INMATE
           APPEALS that you contend exhaust your First Amendment claims
3         against Defendant.

4         RESPONSE:  These documents are contained in the plaintiff's C-file
           and so far have not been disclosed to plaintiff, therefor, plaintiff
5         objects since you hold the documents you request, said request is
           harassing, asked and answered attempting to raise the cost of
6         litigation.

7    (ECF No. 65-2 at 66.)

8         Here, plaintiff concedes that the inmate appeals are in his central file; thus, plaintiff has

9    custody or control over such documents.  See Ford v. Wildey, 2014 WL 4354600 at * 4 (E.D.

10   Cal. Sept. 2, 2014) (prisoner has access to his central file).  Defendant also concedes that she

11   could obtain copies from plaintiff's central file, but argues that a party may not refuse to respond

12   to a discovery request on the grounds that the information is in the possession of the requesting

13   party, or on the basis that information is more readily available to the requesting party."  (ECF

14   No. 65-1 at 20, citations omitted.)  Moreover, defendant argues that she does not know which

15   appeal or appeals plaintiff believes exhausts his administrative remedies.  (ECF No. 65-1 at 20.)

16        Administrative exhaustion is an affirmative defense that defendants must plead and prove.

17   Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).  Thus, defendant is entitled to

18   discover what inmate appeals plaintiff contends exhausted his administrative remedies as to the

19   instant retaliation claims.  Davidson v. Goord, 215 F.R.D. 73, 77 (W.D. N.Y. Jan. 30, 2003) ("A

20   requested party may not refuse to respond to a requesting party's discovery request on the ground

21   that the requested information is in the possession of the requesting party.").

22        Plaintiff must provide a further response to request for production of documents number

23   three.

24        2.  INTERROGATORIES, 6-10, SET ONE

25        INTERROGATORY NO. 6:  IDENTIFY all persons who witnessed
           the interactions you alleged took place with Defendant Kauer on
26        October 25, 2016 and November 1, 2016.

27        RESPONSE:   Inmate Brooks, Parnell, Johnson, Davis, Walker,
           McCloud, Jones, Torres, Perryman, Griffin, Sheperd and Collins.
28

29

(ECF No. 65-2 at 44.)  Supplemental response:  "Your request makes no date distinction."  (ECF No. 65-2 at 91.)

Defendant contends that plaintiff failed to fully answer because he failed to provide each person's address and phone number, or, if the witness is incarcerated, the CDCR number and name of the CDCR institution where housed, as set forth in the instructions accompanying the interrogatories.  (ECF No. 65-1 at 9, citing ECF No. 65-2 at 6.)  Further, defendant objects that plaintiff failed to identify which incident each person witnessed, and which person is an inmate.  Plaintiff did not address this interrogatory in his opposition.  Defendant further argues that plaintiff must fully identify the twelve persons named, and specify who witnessed the events of October 25, 2016, and who witnessed the events of November 1, 2016.

In his response to interrogatory number six, plaintiff identified twelve witnesses.  The accompanying instructions to the interrogatories clearly informed plaintiff of the details required when asked to "IDENTIFY" a person in plaintiff's responses.  (ECF No. 65-2 at 6.)  Plaintiff did identify witness Brooks as an inmate, but failed to provide Brooks' CDCR number and where Brooks is housed.  Plaintiff provided no other identifying information as to the remaining eleven witnesses.  Therefore, plaintiff is required to provide the address and phone number for each witness or, if an identified witness is incarcerated, plaintiff must provide the CDCR number and name of the prison where each witness is housed.

The undersigned does not read interrogatory six as requiring plaintiff to distinguish the event witnessed.  Rather, the interrogatory asks plaintiff to identify all witnesses to the incidents on October 25 and November 1.  Defendant could have separated out the request to have plaintiff name the witnesses to the October 25 events, and then separately ask plaintiff to name the witnesses to the November 1 events.  But defendant chose to include both incidents in one interrogatory, and did not request that plaintiff specify which incident was witnessed.  Plaintiff is not required to identify the specific event in response to interrogatory number six.

> INTERROGATORY  NO.  9:  Identify  and  describe  all COMMUNICATIONS you have had with the persons identified in response to Interrogatory No. 8, regarding the facts alleged in your COMPLAINT.

RESPONSE: Objection. Privileged work product trial preparation materials.

(ECF No. 65-2 at 45.) Supplemental response: "Declarations are being compiled for litigation but I will not disclose work product." (ECF No. 65-2 at 91.)

Defendant argues that plaintiff failed to describe the nature of the documents, communications or tangible things that he withheld under the work product doctrine, and failed to describe all of the communications he had with the twelve witnesses identified in response to interrogatory number 8 regarding the facts alleged in his pleading which were not prepared in anticipation of litigation or for trial. (ECF No. 65-1 at 10.) Defendant contends that plaintiff must identify and describe all of his communications with his twelve witnesses because plaintiff failed to properly invoke the work product doctrine. Plaintiff failed to address this interrogatory in his opposition.

Discovery can be limited by the attorney work product privilege, which "protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." In re Grand Jury Subpoena (Mark Torf/Torf Environmental Management), 357 F.3d 900, 906 (9th Cir. 2004), citing Fed. R. Civ. P. 26(b)(3). However, such protection only extends to (1) "documents and tangible things" (2) "prepared in anticipation of litigation or for trial" (3) "by or for another party or by or for that other party's representative." Fed. R. Civ. P. 26(b)(3). The privilege "does not protect facts concerning the creation of work product or facts contained within the work product." Garcia v. City of El Centro, 214 F.R.D. 587, 591 (S.D. Cal. 2003) (citations omitted). "Only when a party seeking discovery attempts to ascertain facts, *which inherently reveal the attorney's mental impression*," does the work product privilege extend to the underlying facts. Id.

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed -- and do so in a manner that, without revealing information itself privileged or protected, will

enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5).  "The party asserting the work product privilege bears the burden of proving that the material withheld meets the standards established for material to be classified as work product."  Garcia, 214 F.R.D. at 591.  If the court finds the work product privilege applies, the burden shifts, and the party seeking the discovery must demonstrate a substantial need for the materials, and show that such materials cannot be obtained without undue hardship or by alternative means.  See Fed. R. Civ. P. 26(b)(3).

As argued by defendant, defendant is entitled to discovery as to the facts supporting plaintiff's retaliation claims.  As explained, plaintiff's mere invocation of the work product privilege is insufficient under the Federal Rules.  Thus, defendant's motion to compel further response is granted.  Plaintiff must identify any and all communications[9] plaintiff had with the twelve persons identified in plaintiff's response to interrogatory number 8 regarding the facts alleged in plaintiff's complaint.

> INTERROGATORY NO. 10:  State all facts and identify all DOCUMENTS which led you to believe Defendant Kauer had retaliated against you as alleged in the COMPLAINT.
>
> RESPONSE:  The request is duplicitous [sic], asked and answered. Objection work product and trial preparation materials, overbroad.

(ECF No. 65-2 at 45.)  Supplemental response:  "'Led me to believe' is work product."  (ECF No. 65-2 at 91.)  Plaintiff's objections are overruled, and he is required to respond for the reasons discussed in interrogatory number 9.

## 2. RELATED REQUESTS/INTERROGATORIES, SET ONE

### A. Blue Pass Card vs. Blue Placard or Blue Card

Defendant seeks to compel further responses to request for admissions 2, 5, and 10, as

---

[9] Plaintiff is reminded that "COMMUNICATIONS" are defined as "any exchange of information between or among two or more persons including, but not limited to, written contact by letter, memorandum, email, text, voicemail, Instagram, Facebook, or other social media, facsimile, or otherwise; or verbal contact in face-to-face meetings, telephone conversations, or otherwise." (ECF No. 65-2 at 7.)

well as Interrogatories Nos. 13, 14, 15, 16, 17, 18, 19, and 20.  Initially, the court sets out the

discovery requests and responses, then sets forth the parties' positions and the court's rulings.

> RFA NO. 2:  Admit that before you entered the CSP-Solano law library on October 25, 2016, a correctional officer handed you a blue pass card to show to the law librarians.

> RESPONSE:  Objection as to "show" vague as to time and assumes facts not in evidence.  Unable to admit or deny.

(ECF No. 65-2 at 62.)  Supplemental Response:  "The blue plastic card to my knowledge was not

to "show" anyone."  (ECF No. 65-2 at 89.)

> INTERROGATORY NO. 13:  If your response to Defendant Kaur's [RFA] No. 5 . . . is anything other than a full and unequivocal admission, state all facts and identify all documents in support of your response.

> RESPONSE:  Objection to entire line of questions.  Responses to admissions and Requests 11 and 12 speak for themselves.  So far, you have evaded disclosure of any such policy, memorandum, procedure, rule or practice noticed to the inmate population in Title 15 or the D.O.M. or its supplement.

(ECF No. 65-2 at 47.)  Supplemental response:  "These documents have not been disclosed by

defendant[], though requested.  (ECF No. 65-2 at 91.)

> RFA NO. 5:  Admit that when you first entered the CSP-Solano law library on October 25, 2016, you did not show Defendant Kaur your blue pass card.

> RESPONSE:  Objection as to "first entered" as to time, position, and/or function, vague, ambiguous, assumes facts not in evidence, argumentative.  Plaintiff is unable to admit or deny.

(ECF No. 65-2 at 59.)  Supplemental response:  As phrased . . . I could not admit the premise,

when <u>first</u> entering library we sign in.  These admissions are actually interrogatories."  (ECF No.

65-2 at 89.)

> INTERROGATORY NO. 14:  If your response to Defendant Kaur's [RFA] No. 6 . . . is anything other than a full and unequivocal admission, state all facts and identify all documents in support of your response.

> RESPONSE:  See No. 13 above.

(ECF No. 65-2 at 47.)  Supplemental response:  "These documents have not been disclosed by defendant[], though requested.  Currently there are no documents responsive to this request." (ECF No. 65-2 at 91.)  In RFA No. 6, defendant asked plaintiff to admit that after he entered the prison law library on October 25, 2016, defendant ordered plaintiff several times to show the blue pass card.  (ECF No. 65-2 at 59.)  In response, plaintiff objected, then denied the request.  (<u>Id.</u>)

> INTERROGATORY NO. 15:  If your response to Defendant Kaur's [RFA] No. 7 . . . is anything other than a full and unequivocal admission, state all facts and identify all documents in support of your response.
>
> RESPONSE:  See Response #13.

(ECF No. 65-2 at 48.)  Supplemental response:  These documents have not been disclosed by defendant[], though requested.  Currently there are no documents responsive to this request.  "If documents come available they will be disclosed."  (ECF No. 65-2 at 92.)  In RFA No. 7, defendant asked plaintiff to admit that on October 25, 2016, he did not show defendant the blue pass card in response to each order by defendant to do so.  (ECF No. 65-2 at 59.)  In response, plaintiff objected, then denied the request.  (<u>Id.</u>)

> INTERROGATORY NO. 16:  If your response to Defendant Kaur's [RFA] No. 9 . . . is anything other than a full and unequivocal admission, state all facts and identify all documents in support of your response.
>
> RESPONSE:  See Response #13.

(ECF No. 65-2 at 48.)  Supplemental response:  These documents have not been disclosed by defendant[], though requested.  Currently there are no documents responsive to this request.  "If documents come available they will be disclosed."  (ECF No. 65-2 at 92.)  In RFA No. 9, defendant asked plaintiff to admit that on October 25, 2016, in response to an order from defendant to show the blue pass card, plaintiff argued with defendant about the blue pass card. (ECF No. 65-2 at 60.)  In response, plaintiff objected, and stated he was unable to admit or deny the request.  (<u>Id.</u>)

> INTERROGATORY NO. 17:  If your response to Defendant Kaur's [RFA] No. 10 . . . is anything other than a full and unequivocal admission, state all facts and identify all documents in support of

34

your response.

RESPONSE:  See Response #13.

(ECF No. 65-2 at 49.)  Supplemental response:  "Again your premise assumes facts not in

evidence.  First entering is sign in."  (ECF No. 65-2 at 92.)

RFA NO. 10:  Admit that when you first entered the CSP-Solano law library on November 1, 2016, you did not show Defendant Kaur your blue pass card.

RESPONSE:  See response to request No. 2.

(ECF No. 65-2 at 60.)  Supplemental Response:  "Not required to show.  It's not a pass card."

(ECF No. 65-2 at 89.)

INTERROGATORY NO. 18:  If your response to Defendant Kaur's [RFA] No. 11 . . . is anything other than a full and unequivocal admission, state all facts and identify all documents in support of your response.

RESPONSE:  See Response #13.  See Response to Admission No. 11.

(ECF No. 65-2 at 49.)  Supplemental response:  "Not a pass card."  (ECF No. 65-2 at 92.)  In

RFA No. 11, defendant asked plaintiff to admit that on November 1, 2016, after entering the law

library, defendant ordered plaintiff several times to show the blue pass card.  (ECF No. 65-2 at

60.)  In response, plaintiff objected, then denied the request.  (Id.)

INTERROGATORY NO. 19:  If your response to Defendant Kaur's [RFA] No. 12 . . . is anything other than a full and unequivocal admission, state all facts and identify all documents in support of your response.

RESPONSE:  See Response to Admissions No. 12.

(ECF No. 65-2 at 50.)  Supplemental response:  "Not a pass card."  (ECF No. 65-2 at 92.)  In

RFA No. 12, defendant asked plaintiff to admit that on November 1, 2016, he did not show

defendant the blue pass card in response to defendant's orders to do so.  (ECF No. 65-2 at 61.)

Following objections, plaintiff stated he was unable to admit of deny.  (Id.)  However, in his

supplemental response, plaintiff denied the request, stating "Kaur asked everyone.  Not required

to show."  (ECF No. 65-2 at 89.)

INTERROGATORY NO. 20:  If your response to Defendant Kaur's [RFA] No. 13 . . . is anything other than a full and unequivocal admission, state all facts and identify all documents in support of your response.

RESPONSE:  See Response to Admission No. 13.0

(ECF No. 65-2 at 50.)  Supplemental response:  "I was not ordered, not a pass card, never spoke to her."  (ECF No. 65-2 at 92.)  In RFA No. 13, defendant asked plaintiff to admit that on November 1, 2016, after defendant ordered plaintiff to show the blue pass card, plaintiff "loudly argued" with defendant about the blue pass card.  (ECF No. 65-2 at 61.)  Following various objections, plaintiff stated he was unable to admit or deny.  (Id.)  Plaintiff denied the request in his supplemental response, adding:  "No order given to plaintiff specifically.  Not a pass card.  Spoke only to Brooks and Johnson.[10]  (ECF No. 65-2 at 92.)

RFA NO. 13:  Admit that in response to one of Defendant Kaur's orders to show her your blue pass card on November 1, 2016, you loudly argued with Defendant Kaur about the blue pass card.

RESPONSE:  Objection assumes facts not in evidence, lacks foundation, argumentative, vague as to "show," "orders," "loudly argued," and "about."  Unable to admit or deny.

(ECF No. 65-2 at 61.)

The Parties' Arguments

In his opposition, plaintiff states that when you first enter the law library, "we sign-in," and it is not a "pass card."  (ECF No. 71 at 4.)  "So, while true it is incorrect.  It is unclear as to which fact defendant intend[s] to establish."  (Id.)  Thus, as to interrogatory number 17, plaintiff argues that "a full and unequivocal admission is not possible based on the construction of the request.  It is designed to harass and provoke frustration and noncompliance."  (ECF No. 71 at 5.)  Plaintiff contends such difficulty "could be easily avoided by clarifying the request:  'admit when you entered the CSP-Library on November 1, 2016, you did not first show defendant Kaur the blue plastic card after signing in.'  -  "Admit.'"  (ECF No. 71 at 5.)  Plaintiff appears to argue that because the composition of this request is fatally flawed, he cannot respond.

---

[10]  In his deposition, plaintiff clarified that defendant only spoke with Brooks and Johnson, that defendant did not speak to any inmate.  (Pl.'s Dep. at 84.)

As to the request for admissions, plaintiff generally argues that defendant's requests "were loaded with bald assertions, if admitted or acquiesced to, would effectively waive the foundational fallacy upon which the ultimate fact is premised or couched."  (ECF No. 71 at 4.)  Specifically, as to request number two, plaintiff states that

> the premise is correct; however, the ultimate fact or conclusion is wrong.  There is <u>nothing</u> known to plaintiff nor defendant that refers to the royal blue numbered (1-24) plastic card (3x5) as a "pass card" nor that it was given to "show" anyone – though given by an officer before entering the library, <u>except</u> evenings and weekends.

(ECF No. 71 at 4.)

Defendant counters that request number two seeks copies of documents that support plaintiff's contention that Kaur retaliated against him.  (ECF No. 65-1 at 20.)  Defendant does not address plaintiff's challenge to the use of the word "pass," or to plaintiff's statement in response to interrogatory number 10 that inmates sign in first, implying that plaintiff would not show the card when he first entered the law library, or plaintiff's subsequent clarification that he was not required to show the blue placard to the librarians.  (See Pl.'s Dep. at 64.)  Moreover, in his deposition, plaintiff denies that on October 25, 2016, Kaur ordered plaintiff to show the placard, and denies that he argued with Kaur on either October 25 or November 1, 2016.  (Pl.'s Dep. at 64-65; 87.)

Discussion

"[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4); see Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573, 579-80 (9th Cir. 1992).  Denials must be specific and must "fairly respond to the substance of the matter."  Fed. R. Civ. P. 36(a)(4).  However, when the purpose of the request is reasonably clear, the responding party is not permitted to deny the request based on a hyper-technical reading of the request.  Holmgren, 976 F.3d at 580 ("Epistemological doubts speak highly of [the party's] philosophical sophistication, but poorly of its respect for Rule 36(a).")

Plaintiff's responses to the requests concerning the blue pass card[11] could be viewed as hyper-technical, but such responses also demonstrate he was unsure how to respond given his view that the "blue card" was not a pass, his obligation when first entering the library was to sign-in, and he was not required to show the blue card to the librarian. Plaintiff supplemented his responses, and has now been deposed. Accordingly, the undersigned finds that no further responses to request for admissions numbers two, five and ten are required. However, as to the interrogatories, plaintiff's objections are overruled. Plaintiff must articulate facts supporting his position. For example, his response to interrogatory thirteen was nonresponsive. Even if defendant had not yet produced a document, plaintiff states he had requested it, so he could, at a minimum, identify such document. Moreover, plaintiff is reminded that he has access to his central file and must produce any relevant document responsive to these interrogatories, even if located in his central file. Plaintiff must provide further responses to interrogatories 13, 14, 15, 16, 17, 18, 19, and 20.

3. Remaining Interrogatories & Related Requests for Admissions, Set One

> INTERROGATORY NO. 21: If your response to Defendant Kaur's [RFA] No. 14 . . . is anything other than a full and unequivocal admission, state all facts and identify all documents in support of your response.

> RESPONSE: See Response to Admissions No. 14.

(ECF No. 65-2 at 51.) Supplemental response: "There are no documents responsive to this request." (ECF No. 65-2 at 92.) In RFA No. 14, defendant asked plaintiff to admit that on November 1, 2016, before leaving the law library, plaintiff "loudly demanded" that defendant sign a CDCR Form 22; plaintiff denied the request. (ECF No. 65-2 at 61.)

Plaintiff cannot be compelled to identify documents that do not exist. Defendant's motion for further response to Interrogatory No. 21 is denied.

---

[11] The blue card provided to inmates in exchange for their prison ID so they may enter the library has been referred to in various ways. In his November 1, 2016 CDCR 22, plaintiff referred to it as "the blue law library placard" and "blue card," and "blue card" in his appeal (ECF No. 19 at 8, 21.) In her 128-B, defendant referred to the blue card as "the blue card" and the "Blue Card Pass." (ECF No. 19 at 10.) During plaintiff's deposition, the card was also referred to as the "blue placard." (Pl.'s Dep. at 45-47.)

> INTERROGATORY NO. 22:  If your response to Defendant Kaur's [RFA] No. 15 . . . is anything other than a full and unequivocal admission, state all facts and identify all documents in support of your response.
>
> RESPONSE:  See Response to Admissions No. 15.

(ECF No. 65-2 at 51.)  Supplemental response:  "There are two [requests] no. 15s; it is unclear which No. 15 [defendant] refer[s] to."  (ECF No. 65-2 at 92.)

> RFA NO. 15(A):  Admit that Defendant Kaur signed the CDCR Form 22s that you asked her to sign on October 25, 2016, and November 1, 2016.
>
> RESPONSE:  Admit, Kaur signed the Form 22s.  Deny, I never "asked" Kaur to sign anything.  Objection as to "asked," (requested, demanded, ordered or suggested, etc.).

(ECF No. 65-2 at 61.)

> RFA NO. 15(B):  Admit that Defendant Kaur never voiced any opposition to signing the CDCR Form 22s that you asked her to sign on October 25, 2016, and November 1, 2016.
>
> RESPONSE:  Objection vague, ambiguous, lacks foundation, assumes facts not in evidence.  Unclear as to "voiced," "opposition," "never," and "asked."  Deny – not waiving objection.

(ECF No. 65-2 at 62.)

Plaintiff's responses to RFA Nos. 15(A) and 15(B) are sufficient to answer defendant's request for facts in interrogatory number 22.  However, if plaintiff has documents that support such responses, he must identify each document.

> INTERROGATORY NO. 23:  If your response to Defendant Kaur's [RFA] No. 16 . . . is anything other than a full and unequivocal admission, state all facts and identify all documents in support of your response.
>
> RESPONSE:  See Response to Admission No. 16.

(ECF No. 65-2 at 52.)  In RFA No. 16, defendant asked plaintiff to admit that he has no evidence showing defendant filed a CDCR 128B Informational Chrono in order to retaliate against plaintiff for the CDCR Form 22's referenced in plaintiff's complaint.  (ECF No. 65-2 at 62.)  In response, plaintiff lodged objections, then stated he was unable to admit or deny.  (Id.)  Plaintiff denied the request in his supplemental response.  (ECF No. 65-2 at 90.)

As discussed above, if plaintiff has documentary evidence supporting his retaliation claims against defendant, he must provide such evidence to defendant. Therefore, defendant's motion to compel further response to Interrogatory No. 23 is granted.

> INTERROGATORY NO. 24: If your response to Defendant Kaur's [RFA] No. 17. . . is anything other than a full and unequivocal admission, state all facts and identify all documents in support of your response.
>
> RESPONSE: See Response to Admission No. 17.

(ECF No. 65-2 at 52.) In RFA No. 17, defendant asked plaintiff to admit that he has no evidence to show defendant filed an RVR in order to retaliate against plaintiff for filing the CDCR form 602 referenced in the complaint. In response, plaintiff lodged objections, but then denied the request. (ECF No. 65-2 at 62.)

Plaintiff must provide further response to interrogatory number 24.

### 3. REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

Plaintiff produced no documents in response to defendant's request for production of documents. Defendant seeks an order requiring plaintiff to provide documents in response to request numbers 1, 2, 5, 6, 9, and 10.[12] In his opposition, plaintiff specifically addressed only request number 2.

> RPD NO. 2: Produce all DOCUMENTS referenced in your COMPLAINT which you contend caused Defendant Kaur to retaliate against you.
>
> RESPONSE: Objection: work product, overbroad and immaterial, speculative and irrelevant. Not waiving the objection: Plaintiff has never contended a "cause" of Kaur's retaliation. Either an admission or mental health disclosure will reveal the cause.

(ECF No. 65-2 at 66.) Supplemental response: "The 'cause' of Kaur's retaliation would constitute mental impressions, thus work product." (ECF No. 65-2 at 90.)

In his opposition, plaintiff argues that no documents are "referenced" in his complaint, and that he did not contend there was a "cause" for Kaur to retaliate. (ECF No. 71 at 5.) Plaintiff

---

[12] The court granted defendant's motion to compel further response to request numbers 3 & 4.

adds that such cause "would involve mental impressions, opinions and assumes referenced documents in the complaint."  (Id.)  Plaintiff argues that the request "should be designed to establish an ultimate fact in contention, nor surreptitiously introduce as fact assumptions that can't be proven by the requesting party."  (Id.)  Further, he argues that defendant is attempting to circumvent the work product doctrine by attempting to illicit thought processes through depositions and interrogatories."  (ECF No. 71 at 6, citing Hickman v. Taylor, 329 U.S. 495 (1947).)

However, plaintiff is mistaken.  Plaintiff references multiple documents in his pleading: (1) on November 1, 2016, plaintiff wrote Principal Williams about an act of retaliation by defendant; (2) on November 2, 2016, defendant authored a 128-B;  (3) on November 10, 2016, defendant issued an RVR; defendant conducted a review of the report.  (ECF No. 19 at 4.)  In addition, plaintiff appended numerous exhibits to his pleading:  November 1, 2016 CDCR 22; October 25, 2016 CDCR 22; Defendant's November 2, 2016 Informational Chrono (128B); Disciplinary Hearing Results from the November 18, 2016 hearing; Plaintiff's November 8, 2016 administrative appeal, and other appeal documents.  (ECF No. 19 at 8-27.)

The documents referenced in plaintiff's pleading do not constitute work product and therefore must be produced.  If plaintiff has other documents responsive to this request, he must produce them inasmuch as he failed to demonstrate a particular document is subject to the work product privilege, as explained above.

Remaining Requests for Production

In the remaining requests, defendant sought (1) "any personal notes, journals, or diaries prepared RELATED TO that October 25, 2016 and November 1, 2016 incidents you allege in your COMPLAINT;" (5) "Produce all DOCUMENTS supporting your contention that Defendant Kaur retaliated against you for filing CDCR Form 22s as you allege in your COMPLAINT;" (6) Produce all DOCUMENTS supporting your contention that Defendant Kaur retaliated against you for filing an INMATE APPEAL as you allege in your COMPLAINT;" (9) "Produce all COMMUNICATIONS you have had with the persons identified in response to Defendant Kaur's Interrogatory No. 8 [the 12 witnesses named by plaintiff];" and (10) "Produce all documents

identified in Defendant Kaur's Interrogatory No. 10 [(which asked plaintiff to identify all documents which led him to believe Kaur had retaliated against him as alleged in the complaint)]. (ECF No. 65-2 at 66-68.)

Plaintiff raised various objections, including overbreadth, relevance, "asked and answered," and work product. In his supplemental responses, plaintiff again claimed work product (as to numbers 1 and 6), and states defendant's 128-B and RVR are responsive to request number 5. (ECF No. 65-2 at 90.)

Despite plaintiff's objections, defendant's requests were narrowly tailored to plaintiff's complaint and his allegations and therefore are not overbroad. The requests also seek evidence relevant to plaintiff's claims. Because plaintiff failed to initially produce any documents in response to these requests, and failed to identify when and where he previously provided such documents, his response "asked and answered" is inappropriate. Such objections are overruled.

In addition, as set forth above, in order to assert the work product privilege, plaintiff must identify the nature of the documents, communications, or tangible things he refuses to disclose or produce. Fed. R. Civ. P. 26(b)(5)(A). Moreover, such privilege does not apply to documents that were not prepared in anticipation of litigation or trial. Thus, as argued by defendant, plaintiff must produce copies of documents related to plaintiff's exhaustion of administrative remedies; copies of the Form 22s plaintiff allegedly asked defendant to sign on October 25, 2016, and November 1, 2016; and copies of documents related to the RVR that defendant filed against plaintiff. In addition, if plaintiff has other documents supporting his retaliation claims, he must provide copies to defendant. As explained above, the purpose of discovery is to avoid surprise; therefore, both parties are entitled to see each other's evidence in order to evaluate the case and prepare for trial.

### 4. REASONABLE EXPENSE ORDER?

Rule 37(a)(5)(A) provides that if a motion to compel is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).  The rule does not require a party to be in violation of a court order, only that the party's conduct necessitated a meritorious motion to compel.

Here, the record reflects that plaintiff attempted to meet and confer, despite the court's order relieving the parties of an obligation to meet and confer under Local Rule 251.  Plaintiff is incarcerated and indigent, proceeding in forma pauperis.  Both parties raised some appropriate objections and some of their objections were overruled.  Accordingly, the undersigned finds the circumstances make an award of expenses unjust.

D.  Plaintiff's Request for Sanctions/Judicial Notice

Throughout his motion to compel, plaintiff requests sanctions, but fails to identify under what authority he seeks such sanctions, and fails to demonstrate that the defendant's objections or responses warrant the imposition of sanctions.  Plaintiff "reassert[s] his request for sanctions in his request for judicial notice," and requests "the harshest sanctions possible."  (ECF No. 63 at 16.)

In his request for judicial notice, plaintiff asks the court to take judicial notice of "facts" plaintiff alleges demonstrate defense counsel committed perjury in connection with the delayed discovery responses, and asks the court to issue a citation for contempt of court.  Plaintiff relies on Carrillo v. Gillespie, 2014 WL 1307454 (D. Nev. March 28, 2014), and People v. McCarthy, 198 Cal. Rptr. 3rd 741 (2016), claiming such cases demonstrate judicial notice may be taken of "undisputed fact(s) 'capable of an accurate, ready, determination through accurate sources.'" (ECF No. 60 at 4.)

A "high degree of indisputability is the essential prerequisite" to taking judicial notice and "the tradition [of taking judicial notice] has been one of caution in requiring that the matter be beyond reasonable controversy."  Fed. R. Evid. 201(a) & (b) advisory committee's notes.  Thus, a

43

court may take judicial notice of undisputed facts contained in public records, but it may not take judicial notice of disputed ones. Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001), overruled on other grounds by Galbraith v. Cty. of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002); Lee v. Bender, 2005 WL 1388968, at *8 (N.D. Cal. May 11, 2005) ("Court filings and orders are the type of documents that are properly noticed under Federal Rule of Evidence 201. Notice can be taken, however, 'only for the limited purpose of recognizing the judicial act that the order [or filing] represents on the subject matter of the litigation.'") (quoting United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (citation and internal quotation marks omitted)).

Furthermore, "[a] court has power to adjudge in civil contempt any person who willfully disobeys a specific and definite order requiring him to do or to refrain from doing an act." Shuffler v. Heritage Bank, 720 F.2d 1141, 1146 (9th Cir. 1983). To find contempt, there must be clear and convincing evidence of a violation of a court order. Vertex Distributing, Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir. 1982).

Nowhere in his request does plaintiff identify any such court order violated by defendant or defendant's counsel. Indeed, defendant received an extension of time, *nunc pro tunc*, in which to respond to the discovery requests, and, upon reconsideration, the discovery deadline was extended so that plaintiff would not be prejudiced by the extension of time. Moreover, in Carrillo, the court stated that: "The Court cannot take judicial notice of truth or alleged perjury, regarding these statements that municipal officials may or may not have made, because the facts are "subject to reasonable dispute." Carrillo, 2014 WL 1307454, *8. Contrary to plaintiff's claims, the "facts" plaintiff relies upon in his request are not the sort of indisputable facts appropriate for judicial notice. Therefore, plaintiff's request for judicial notice is denied.

Following review of the plaintiff's discovery requests and defendant's objections and responses, the undersigned finds no basis to award sanctions.

IV. Conclusion

Since the filing of the motions at issue here, subsequent discovery has been propounded and further discovery responses have been provided. In addition, plaintiff has been deposed.

Therefore, if a party has previously or subsequently provided the discovery responses ordered herein, such party may simply provide the opposing party a declaration attesting to such production or response.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first motion to compel (ECF No. 63) is granted in part, and denied in part, as follows:

A. In response to request for production of documents nos. 8 and 9 (set one), defendant shall produce to plaintiff a copy of all sign-in sheets for the A/B yard law library and the law library LLEDS computer terminals from October 1, 2016, through November 30, 2016. Such sign-in sheets shall be unredacted, with the exception of any inmate who is a known enemy of plaintiff. If a particular sign-in sheet has already been produced in unredacted form, defendant need not re-produce such sign-in sheet.

B. In response to request for production of documents no. 7 (set two), defendant shall produce to plaintiff copies of such emails, in order by date sent, making sure that Bates numbers are not duplicated, and redacting first names, telephone numbers and social security numbers. In all other respects, defendant's objections are sustained and no additional production is required to number 7.

C. In all other respects, plaintiff's first motion to compel (ECF No. 63) is denied.

2. Defendant's motion to compel (ECF No. 65) is granted in part, and denied in part, as follows:

A. In response to Interrogatory No. 1, if a third inmate appeal exists as referenced in plaintiff's original response, plaintiff must identify such appeal.

B. In response to Interrogatory No. 3, plaintiff shall provide further responses in which he specifically identifies any appeal, by number, that plaintiff contends he was unable to fully exhaust, and, as to each such appeal, plaintiff must provide the facts and identify any document supporting such contention. In response to request for production of documents Nos. 3 and 4, if plaintiff possesses, or is aware of, any document that supports his contention that he was unable to fully exhaust any inmate appeal, plaintiff must identify and provide such document to

45

the defendant.

       C. With regard to the 12 witnesses identified in plaintiff's response to interrogatory no. 6, plaintiff shall provide to defendant either the address and phone number for each witness or, if the witness is incarcerated, plaintiff shall provide the CDCR number and name of the prison where the witness is housed; no additional response to interrogatory 6 is required.

       D. Plaintiff shall provide further responses to interrogatories nos. 9 and 10.

       E. Plaintiff shall provide further responses to interrogatories nos. 13, 14, 15, 16, 17, 18, 19, 20, and 22 (identify documents only).

       F. Plaintiff shall provide further responses to request for production of documents nos. 5, 6, 9, and 10.

       G. Defendant's motion to compel further responses to request for admissions nos. 2, 5 and 10 is denied.

       H. In all other respects, defendant's motion is denied.

3. The discovery responses ordered above shall be accomplished within thirty days from the date of this order.

4. Plaintiff's requests for sanctions (ECF No. 63) and for judicial notice (ECF No. 60) are denied.

Dated: August 14, 2019

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/spen1828.mtc1

46