UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE,<br><br>    Plaintiff,<br><br>    v.<br><br>G. KAUR,<br><br>    Defendant. | No. 2:16-cv-1828 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Before the court is plaintiff's second motion to compel further responses to plaintiff's request for production (set three), second set of interrogatories and request for admissions; plaintiff also requests sanctions.

Plaintiff's discovery motion is partially granted, and his motion for sanctions is denied, as set forth below.

I. Plaintiff's Allegations

In his second amended complaint, plaintiff alleges that in 2016, while he was housed at California State Prison-Solano, defendant Kaur, Sr. Librarian, retaliated against plaintiff for filing a form 22 against Kaur, by issuing a 128-B and then a CDCR-115 ("RVR") on the same false charges. (ECF No. 23.) Although the RVR was subsequently reversed, plaintiff lost 30 days yard, resulting in the loss of law library access. Plaintiff seeks unspecified injunctive relief and monetary damages.

1

II. Elements of a Retaliation Claim

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

III. Legal Standards Governing Discovery

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Such "motion may be made if: (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Plaintiff bears the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, 2016 WL 3196738 at *1 (E.D. Cal. 2016); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified."). The reach of Rule 34 of the Federal Rules of Civil Procedure, which governs requests for production, "extends to all relevant documents, tangible things and entry upon designated land or other property." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472-73 (D. Nev. 1998), citing 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381.

////

////

IV. Plaintiff's General Objections

Initially, plaintiff contends that defendant waived all privileges and objections because her responses were late by three days. (ECF No. 66 at 1, 9-11.) However, as plaintiff was previously informed, plaintiff failed to take into account Rules 6(a) and 6(d) of the Federal Rules of Civil Procedure, which extend response dates an additional three days for mailing, and further extend deadlines to the following Monday where deadlines end on a Saturday or Sunday. Therefore, plaintiff's untimeliness objections are overruled.

Plaintiff also continues to object that defendant refused to meet and confer with plaintiff. Plaintiff's objections are overruled. The court relieved the parties of the meet and confer requirement under Local Rule 251 because plaintiff is incarcerated, making it difficult for the parties to engage in face to face conferences.[1] Moreover, the record makes clear that efforts to meet and confer would not have been successful.

V. Plaintiff's Request for Production of Documents (Set Three)

In plaintiff's request for production of documents ("RPD") Nos. 1, 2 and 3, plaintiff sought documents governing the use of blue placards to facilitate inmates' access to the law library. Defendant's objections that such requests are not relevant are overruled; defendant sought discovery from plaintiff concerning the use of "blue pass cards" in the law library. Thus, such relevance objection is disingenuous. That said, plaintiff concedes that defendant admitted no such documents exist for the October to November 2016 time frame at issue here, and the blue placard is not mentioned in defendant's documents "310-513," or "CCR 3122-3123." (ECF No. 66 at 2.) Defendant objects that plaintiff admits seeking documents he knows do not exist; however, because defendant propounded discovery on such issue, plaintiff could not be certain, and was entitled to seek discovery of such documents. Plaintiff further argues that he sought documents from October 1, 2015, to October 1, 2017, to show that there has never been a policy

---

[1] Federal Rule of Civil Procedure 37(a) also contains a requirement that the movant attempt to resolve any disputes prior to seeking court intervention. However, while compliance with that rule has not been explicitly excused and the court encourages parties to attempt to resolve disputes prior to seeking court intervention, because plaintiff is incarcerated and proceeding pro se, it is not enforced here and does not provide grounds for denying the motion.

or procedure that inmates show the blue placard when attending library. Policies or procedures in effect after the November 1, 2016 incident would not be relevant here, but it is also unclear that such records for a one month period would uncover policies or procedures put in place before the instant incidents involving defendant. Accordingly, defendant is required to provide a further response for RPD Nos. 1, 2 and 3 for the October 1, 2015 to September 2016 time frame. If no such documents exist, defendant should so declare.

In RPD Nos. 4 and 5, plaintiff addresses documents allegedly impinging on inmates' access to the courts. Request No. 4 sought documents from October 1, 2016, to October 1, 2017, requiring a building officer to call the law library to see if the inmate can obtain access to the courts. In RPD No. 5, he sought documents requiring a senior librarian to "monitor, regulate or micromanage an inmate's access to the courts," for the same time frame as No. 4. In his motion, plaintiff claims this information is necessary to show that defendant went to unauthorized and unreasonable lengths to deny and disrupt plaintiff's access and complains that the response only covered a one month period, "if that." (ECF No. 66 at 2-3.) Defendant objects to the vagueness of plaintiff's use of the terms "access to the courts," as well as on grounds of relevance and overbreadth, claims the request is burdensome, but despite objections, provided plaintiff with the Bates numbers for previously-provided documents, as well as referred plaintiff to sections of Title 15.

Other than time frame, plaintiff fails to address defendant's specific objections, and does not show how defendant's responses to RPD 4 and 5 were deficient. Defendant's objections are sustained; no further production is required.

As to RPD No. 6, defendant's objections that plaintiff failed to include a time frame in his request (ECF No. 73-2 at 4) and that the responses provided were not redacted (ECF No. 73-2 at 77-78) are sustained. Plaintiff wholly failed to address defendant's other objections to this request and therefore has not met his burden. Plaintiff also concedes he has been given multiple versions of defendant's 128-B. (ECF No. 66 at 4.) No further production is required.

In RPD Nos. 7, 8, and 9, plaintiff seeks documents from email accounts of nonparties Aisha Mohammad, Kenya Williams, and Pamela Chambers. Defendant objects that, following a

diligent search and making reasonable inquiry, other than previously-produced emails, defendant does not have the possession, custody or control of such documents which are in the possession of nonparties. As senior librarian, defendant argues that she does not have "the legal right to demand access to their email accounts and personal files." (ECF No. 73 at 12.) Moreover, plaintiff was previously provided with copies of defendant's emails.[2] (ECF No. 66 at 57-66.) Such production included the messages from the underlying conversation threads from nonparties Martinez, Sgt. Muhammad, and Sgt. De La Torre. (Id.)

In any event, plaintiff fails to address defendant's objection that she does not have custody or control over such nonparties' email accounts. Plaintiff has failed to meet his burden to compel further responses to RPD Nos. 7, 8, and 9; no further production is required.

VI. Plaintiff's Request for Admissions (Set Two)

Plaintiff seeks to compel further responses to Request for Admissions ("RFA") Nos. 1, 2, 3, 4, 5, 7-10, 17, and 23.

As discussed in this court's prior order addressing plaintiff's first motion to compel further discovery responses, defendant's medical and mental health issues are not relevant to plaintiff's retaliation claims or defendant's defenses. Defendant has not put her medical or mental health at issue herein. Thus, plaintiff's motion to compel further responses to RFA Nos. 1, 2, 3, 4, 5, 23 is denied.

Similarly, plaintiff fails to show how RFA Nos. 17 and 23 are relevant to plaintiff's retaliation claims. In RFA No. 17, plaintiff asks defendant to admit that the "overwhelming majority" of RVRs defendant issued to inmates from November 2017 to November 2018 are, or appear to be, African American. In RFA No. 23, plaintiff asks defendant to admit she activated her emergency alarm due to a verbal disagreement with LTA Skrenek. Although plaintiff provided no time frame, in her objections, defendant responded that such incident allegedly took place outside of October to November 2016, the dates at issue in this action. In any event, as was

---

[2] Plaintiff objects that the emails are redacted yet defendant failed to object or claim privilege. (ECF No. 66 at 3.) However, defendant previously provided such documents subject to objections and a privilege log.

5

explained in the court's prior order, the reasonableness of defendant's actions will be determined based on an objective standard, not a subjective standard. The Supreme Court has explained that to determine whether a defendant is entitled to qualified immunity, "a court must ask whether it would have been clear to a reasonable officer that the alleged conduct 'was unlawful in the situation he [or she] confronted.'" Ziglar v. Abbasi, 137 S. Ct. 1843, 1867 (2017). In addition, to the extent plaintiff sought such admission to show that defendant "acted in conformity" with her conduct at other times, which he essentially admits (ECF No. 66 at 7-8), such evidence is inadmissible character evidence under Federal Rule of Evidence 404(b). Plaintiff's motion to compel further response to RFA Nos. 17 and 23 is denied.

Plaintiff's request to compel further response to RFA Nos. 7 through 10 fail for the same reasons. Whether or not defendant's superiors or co-workers filed complaints or reports of misconduct against defendant are not relevant to plaintiff's retaliation claims, or to defendant's defenses, which will be determined on an objective standard.

Plaintiff's Interrogatories (Set Two)

Plaintiff seeks to compel further responses to Interrogatories Nos. 1, 2 and 3.

In Interrogatory No. 1, plaintiff seeks the name, date, including the actual document(s) edited by the advice or input of any person, his or her title and post of duty, who "advised, assisted, corrected or contributed to the finalized 128-B form submitted on plaintiff by defendant. Defendant objected that the question is compound and is burdensome because it seeks information defendant already provided. Despite such objections, defendant referred plaintiff to the Bates numbers for previously-produced documents, and then provided a detailed statement as to the processing of such 128-B. (ECF No. 73 at 13.)

In his motion, plaintiff objects that he did not receive all versions of the 128-B form. However, interrogatory No. 1 is not a document production request. In addition, defendant provided an explanation as to the production of the emails, and included a detailed and chronological explanation of how the 128-B was prepared and submitted. Plaintiff did not address defendant's objections; no further response to Interrogatory No. 1 is required.

////

In Interrogatory No. 2, plaintiff asked defendant whether it was her contention that she has only submitted one 128-B and one RVR from October 1, 2016, to December 1, 2017. Defendant responded that to the best of her recollection she only filed one 128-B and one RVR against plaintiff from October 1, 2016, through November 30, 2016. In Interrogatory No. 3, plaintiff asked defendant how many times she activated her emergency alarm from October 1, 2016, to December 1, 2017.

In his motion, plaintiff objects that defendant failed to provide responses for the entire requested time frame, arguing that because defendant has placed her reasonableness at issue, plaintiff seeks evidence of "her propensity and/or habit of embellishing and manufacturing facts while injecting inflammatory actions . . . and the racial make up of those so targeted is more than relevant it is motive, intent, and habit." (ECF No. 66 at 5.)

However, as explained above, the reasonableness of defendant's conduct will be determined by an objective, not subjective, standard. Moreover, character evidence to show propensity is inadmissible. Fed. R. Evid. 404(b). Plaintiff failed to address defendant's objections and therefore his motion to compel further responses to Interrogatories Nos. 2 and 3 is denied.

VII. Sanctions

Plaintiff states that he seeks "exemplary sanctions" under Rule 37(a) of the Federal Rules of Civil Procedure. (ECF No. 66 at 1.) He also seeks sanctions based on defendant's alleged violation of the court's scheduling order. (ECF No. 66 at 11.) However, plaintiff fails to identify sanctionable conduct on the part of defendant. Defendant's responses were not untimely, as discussed above, and plaintiff fails to identify another specific deadline or court order that defendant has allegedly violated. There is no basis for sanctions on this record.

VII. Expenses

Rule 37(a)(5)(A) provides that if a motion to compel is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. But the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). The rule does not require a party to be in violation of a court order, only that the party's conduct necessitated a meritorious motion to compel.

The court finds that defendant's responses and objections were largely substantially justified, and the record does not support an award of expenses.

VIII. Conclusion

Since the filing of plaintiff's motion, subsequent discovery has been propounded and further discovery responses have been provided. In addition, plaintiff has been deposed. Therefore, if defendant has previously or subsequently provided the discovery responses ordered herein, defendant may instead provide plaintiff a declaration attesting to such production or response.

Accordingly, IT IS HEREBY ORDERED that plaintiff's second motion to compel (ECF No. 66) is partially granted, as follows:

1. Defendant is required to provide a further response for request for production of documents Nos. 1, 2 and 3 for the October 1, 2015 to September 2016 time frame.

2. In all other respects, plaintiff's motion to compel further discovery responses is denied.

3. Plaintiff's request for sanctions is denied.

Dated: August 19, 2019

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/spen1828.mtc2