UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE,<br><br>    Plaintiff,<br><br>v.<br><br>G. KAUR, et al.,<br><br>    Defendants. | No. 2:16-cv-1828 TLN KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se. This action proceeds on plaintiff's second amended complaint in which he claims that while he was housed at California State Prison-Solano, defendant Kaur, Sr. Librarian, retaliated against plaintiff for filing a form 22 against her, by issuing a 128-B and then a CDC-115 ("RVR") on the same allegedly false charges. Plaintiff's motion for leave to file a third amended complaint is now before the court. As discussed below, it is recommended that plaintiff's motion to amend be partially granted.

I. <u>Background</u>

Plaintiff's original complaint was filed on July 22, 2016. On April 27, 2017, plaintiff filed an amended complaint as of right. (ECF No. 19.) On June 20, 2017, plaintiff's amended complaint was dismissed with leave to amend. (ECF No. 20.) On August 7, 2017, plaintiff filed a second amended complaint. (ECF No. 23.) On January 19, 2018, the court found plaintiff

////

1

stated a potentially cognizable claim against defendant Kaur.[1]  (ECF No. 25 at 1.)  Defendant Kaur filed an answer on September 19, 2018.  (ECF No. 44.)  On October 11, 2018, the court issued a discovery and scheduling order.  On November 20, 2018, pursuant to plaintiff's request, the undersigned extended the discovery deadline to February 25, 2019, and the pretrial motions deadline was extended to May 20, 2019.  (ECF No. 51.)  On January 23, 2019, the undersigned granted plaintiff's second request to extend the discovery deadline, which was extended to April 19, 2019, and the pretrial motions deadline was extended to July 19, 2019.  (ECF No. 58.)

On March 7, 2019, plaintiff filed a motion to amend, accompanied by his proposed third amended complaint.  (ECF Nos. 60, 61.)  Defendant Kaur opposes the motion; plaintiff filed a reply.  (ECF Nos. 62, 63.)

On June 21, 2019, the court confirmed that discovery was closed, and the dispositive motions deadline was vacated.  (ECF No. 82.)

II. Proposed Amendment

In the proposed third amended complaint, plaintiff adds due process claims against defendant Kaur, and adds substantive and procedural due process claims, retaliation claims, and "gender bias" or discrimination claims against newly-named Correctional Sgt. Muhammad, and Correctional Sgt. Chambers based on their assistance to defendant Kaur in filing a CDCR 128B Informational Chrono and RVR against plaintiff.  (ECF No. 61.)  Plaintiff seeks, *inter alia*, complete removal of the 128B Chrono and RVR, as well as monetary damages.

III  Motion to Amend

A. The Parties' Briefing

In his motion, plaintiff notes that his first amended complaint alleged that his due process rights were violated by defendant Chambers in connection with the hearing on the alleged retaliatory disciplinary issued by defendant Kaur,[2] and argues as follows.  Recently discovered

---

[1] On February 14, 2018, defendants Ditto and Williams were dismissed without leave to amend. (ECF No. 27.)

[2] Plaintiff references the court's prior ruling: "In his second claim, plaintiff claims that 'Chambers "heard" the [alleged] retaliatory disciplinary.'  (ECF No. 19 at 5.)  Plaintiff concedes that the RVR was overturned after plaintiff served the penalty assessed, 30-day deprivation of

2

documents "show the direct involvement of both Sgt. Chambers and Aisha Muhammed in drafting, advising, approving and hearing the RVR and composition of the 128B, the basis of the RVR." (ECF No. 61 at 1.) Plaintiff was unable to earlier move to amend because such documents "were disclosed only 30 day[s] prior after [sic] the close of discovery." ECF No. 61 at 2.) Service of process on such new defendants can be expedited because "defendants can waive service," and any additional discovery will be "minimal." (Id.) His proposed amendment is for good cause, made in good faith as a result of his diligence, and delay alone is an insufficient ground to deny amendment. Further, such new documentary evidence demonstrates "futility is moot." (Id.) Finally, plaintiff should be permitted to amend because his new claims are "facially plausible," allowing reasonable inferences that the defendants are liable for their alleged misconduct. (ECF No. 61 at 2.)

Defendant Kaur contends that the motion should be denied for the following reasons. Plaintiff's effort to bring a due process challenge is futile because such claim was dismissed when the court screened plaintiff's first amended complaint, specifically finding that plaintiff must pursue unrelated due process claims in a separate action. (ECF No. 62 at 1.) Further, adding new defendants only 22 days before discovery is to close would prejudice defendant Kaur by unduly delaying this case. In addition to the delay in adding new defendants, discovery would need to be extended in order to litigate new theories of liability: due process and gender discrimination, as well as retaliation claims against the two new defendants. Finally, amendment is futile for two reasons: (1) because the court previously dismissed plaintiff's due process claim against Chambers; and because plaintiff's due process and gender discrimination claims against Chambers and Muhammad concern the adjudication of the RVR, such claims are unrelated to plaintiff's retaliation claim against Kaur, and are barred under Rule 18(a) of the Federal Rules of Civil Procedure; and (2) because plaintiff's proposed third amended complaint fails to state a

---

yard and law library access. (¶) Plaintiff fails to identify the factual basis upon which he raises this claim. In other words, he fails to identify any constitutional or federal statutory violation by Chambers' actions. . . . (¶) Plaintiff's allegations contained in Claim II . . . fail to state viable retaliation claims because plaintiff fails to identify any facts connecting such defendants to plaintiff's protected conduct or showing that their actions were based on retaliation." (ECF No. 20 at 3-4.)

3

claim against Chambers and Muhammad -- plaintiff failed to allege facts showing either Chambers or Muhammad violated plaintiff's due process rights during the adjudication of the RVR, and there are no facts demonstrating either of them took any adverse action against plaintiff because of his protected First Amendment rights. (ECF. No. 62 at 6.) Defendant argues amendment is futile if it would fail to withstand a motion to dismiss for failure to state a claim, citing Dougherty v. Town of North Hempstead Bd. Of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002). (ECF No. 62 at 6.)

In reply,[3] plaintiff argues that his newly-discovered documents "leave no intelligent debate" about the involvement of Sgt. Chambers and Sgt. Muhammed "as principals in the creation, approval and hearing of the RVR they spoon-fed to a willing and waiting Kaur." (ECF No. 64 at 1.) In addition to "several drafts, private meetings, coaching, approving Chambers solicited testimony off the record from Kaur while denying plaintiff any witnesses, though requested," plaintiff contends the most glaring evidence is that both the 128B and RVR authored by Kaur failed to include any specific violation, but the citation of 3005(b)(1) was added by Kaur's alleged co-conspirators. (ECF No. 64 at 1-2.) Plaintiff submitted his motion to amend soon after receipt of the documents appended to his reply. (ECF No. 64 at 5-13.)

B.  Legal Standard

Because defendant has filed an answer, Rule 15(a)(2) governs plaintiff's motion to amend, as follows:

> **(2) *Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2). "Rule 15(a) is very liberal and leave to amend 'shall be freely given

---

[3] In his reply, plaintiff contends that defendant's opposition was untimely-filed. The proof of service appended to his motion states that plaintiff deposited his motion in the mail on March 4, 2019. (ECF No. 61 at 26.) Defendant placed his opposition to plaintiff's motion into the mail on March 28, 2019. (ECF No. 62-1.) Oppositions are due 21 days from the date motions are served. L.R. 230(l). However, an additional three days are added for service by mail. Fed. R. Civ. P. 6(d). Thus, defendant's deadline to oppose plaintiff's motion to amend was extended to March 28, 2019, rendering his opposition timely. In his reply, plaintiff refers to a "postmark" date of March 29, 2019 (ECF No. 76 at 1); however, defendant's proof of service declares the opposition was placed in the mail on March 28, 2019. Court deadlines are not calculated using postmarks.

when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)); accord Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951; accord Sonoma Cnty. Ass'n of Retired Emps., 708 F.3d at 1117. "'[P]rejudice to the opposing party carries the greatest weight.'" Sonoma Cnty. Ass'n of Retired Emps., 708 F.3d at 1117 (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam)). Leave to amend "is properly denied . . . if amendment would be futile." Carrico v. City and Cnty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (citing Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010)). Further, "[a] party cannot amend pleadings to 'directly contradict an earlier assertion made in the same proceeding.'" Air Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc., 744 F.3d 595, 600 (9th Cir. 2014) (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)).

C. Discussion

Initially, the undersigned observes that plaintiff's proposed third amended complaint is confusing because plaintiff includes multiple theories of liability within each claim, yet fails to set forth specific facts supporting such new theories. While defendant argues that plaintiff's claims against Chambers and Muhammed are related to the adjudication of the RVR, the undersigned does not construe plaintiff's claims in this way. Rather, plaintiff alleges that Chambers and Muhammed conspired with defendant Kaur to author the allegedly false 128B and RVR, which actions took place prior to the November 18, 2016 hearing on the RVR. Plaintiff includes no factual allegations demonstrating his due process rights were violated during the RVR hearing, other than to claim he was injured by the denial of a fair and impartial hearing. Thus, the undersigned reviews plaintiff's proposed third amended complaint as directed toward incidents that took place before the RVR hearing.

The undersigned turns now to the motion to amend. As discussed below, the undersigned finds that plaintiff's motion to amend should be granted in part and denied in part.

New Theories of Liability

In his amended complaint, plaintiff adds theories of liability that were not pressed in his operative pleading, including gender bias or gender discrimination and due process violations. However, plaintiff fails to include any facts supporting such theories of liability. Although it appears plaintiff is male and defendant Kaur, Sgt. Chambers and Sgt. Muhammed are all female, such differences are insufficient, standing alone, to support a claim of gender discrimination. Similarly, plaintiff includes no factual allegations to support his claim that both his procedural and substantive due process rights were violated during the preparation of the 128B chrono and RVR. The undersigned finds that defendant Kaur would be prejudiced by the addition of such theories at this late stage of the proceedings; plaintiff was clearly aware of the gender of defendant Kaur and Sgt. Chambers during the 2016 incidents and the RVR hearing. Also, because the First Amendment provides the textual source of constitutional protection for plaintiff's retaliation claims, a generalized claim that due process was violated does not extend to the same allegations.[4] Plaintiff should be denied leave to amend to pursue the newly-alleged gender and due process claims raised in connection with the pre-RVR hearing incidents.

Sgt. Muhammed

Plaintiff seeks to add Sgt. Muhammed as a defendant. However, as argued by defendant, plaintiff sets forth no factual allegations demonstrating that Sgt. Muhammed took an adverse action against plaintiff.[5] Rather, the documents upon which plaintiff relies demonstrates that it

---

[4] "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" Albright v. Oliver, 510 U.S. 266, 273 (1994) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989) (both evaluating Fourth Amendment claims). "Substantive due process does not extend to circumstances already addressed by other constitutional provisions." See Scott v. Robertson, 2019 WL 6341589, at *3 (N.D. Cal. Nov. 27, 2019), citations omitted.

[5] "'Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so.' Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: '(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

was Sgt. Chambers who instructed defendant Kaur to "change your report to a CDCR Rule Violation Report (115)." (ECF No. 64 at 12.) While the emails provided by plaintiff demonstrate that Sgt. Muhammed was somehow involved, perhaps by discussing it with Kaur or Sgt. Chambers,[6] the emails confirm that it was Kaur who drafted the 128B chrono and the RVR, not Sgt. Muhammed. (ECF No. 64 at 8-10, 12, 13.) The only adverse actions identified by plaintiff in his proposed amended pleading are the 128B chrono and the RVR. Plaintiff cannot state a retaliation claim against Sgt. Muhammed absent an identified adverse action. Therefore, plaintiff should not be granted leave to amend to name Sgt. Muhammed as a defendant because such amendment would be futile.

Sgt. Chambers

In support of his proposed amended pleading, plaintiff has identified documentary evidence tending to show that Sgt. Chambers was involved in the preparation of the RVR, indeed, instructed defendant Kaur to prepare the RVR, apparently in addition to the 128B chrono. In his third amended complaint, plaintiff also states that he has had issues in the past with Sgt. Chambers concerning law library access, and alleges she was not allowed in the area of the law library due to complaints about her harassing inmates waiting in line to attend the library. (ECF No. 61 at 8.) Because Sgt. Chambers' involvement in the preparation of the 128B and RVR was only recently discovered, plaintiff should be granted leave to amend to add Sgt. Chambers as a defendant. Plaintiff's motion was filed before the close of discovery, and discovery disputes

---

advance a legitimate correctional goal.' Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)." (ECF No. 20 at 3.)

[6] Even if Sgt. Muhammed encouraged defendant Kaur or Sgt. Chambers to file a false RVR against plaintiff, the filing of a false RVR by a prison official against a prisoner, standing alone, is not a per se violation of the prisoner's constitutional rights. See Muhammad v. Rubia, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010), aff'd 453 F. App'x 751 (9th Cir. 2011) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.") (internal citation omitted). See also Harper v. Costa, 2009 WL 1684599, at *2-3 (E.D. Cal. June 16, 2009), aff'd 393 F. App'x 488 (9th Cir. 2010) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983.").

remain because plaintiff has sought reconsideration of an order compelling discovery responses, and defendant Kaur recently filed a motion to compel discovery responses. Thus, the undersigned finds that any prejudice to defendant Kaur would be moderate. There is no evidence of bad faith or undue delay because plaintiff filed his motion to amend shortly after receiving the documents through discovery. In addition, amending the pleading to name Sgt. Chambers would not be futile because, contrary to defendant Kaur's argument that plaintiff failed to identify an adverse action, the preparation and prosecution of the allegedly false RVR is the alleged adverse action. Therefore, the undersigned finds that the factors weigh in favor of granting plaintiff's motion to amend to name Sgt. Chambers as a defendant in connection with plaintiff's retaliation claim, based on incidents occurring in 2016, including the authorship of the 128B and RVR, prior to the RVR hearing.

Once the district court addresses these findings and recommendations, the court will issue an order as to service of process on Sgt. Chambers, if appropriate.

Putative Procedural Due Process Claims Arising During the RVR Hearing

In his first amended complaint ("FAC"), plaintiff previously named Sgt. Chambers as a defendant based on claims that she had violated plaintiff's due process rights during the RVR hearing on November 18, 2016. It appears plaintiff chose not to pursue a separate action against Sgt. Chambers, even after the June 20, 2017 order finding any procedural due process claim arising from the RVR hearing was unrelated to plaintiff's retaliation claim against defendant Kaur (ECF No. 20 at 7).[7]

Now plaintiff has identified documents demonstrating Sgt. Chambers' involvement in preparing the RVR, suggesting plaintiff may be able to demonstrate Sgt. Chambers was not an impartial decision-maker, given her role in reviewing and editing the RVR, yet still serving as the hearing officer. In addition, in his motion to amend, plaintiff claims he requested witnesses, but was denied "any witnesses." (ECF No. 64 at 2.) Thus, it appears plaintiff has at least two

---

[7] A review of cases filed in the Eastern District revealed no subsequent filing by plaintiff against Sgt. Chambers. A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

8

putative procedural due process grounds on which to challenge the November 18, 2016 hearing on the RVR.

However, plaintiff's putative due process claims against Sgt. Chambers based on what took place during the RVR hearing are not properly related to plaintiff's retaliation claims against defendant Kaur. Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). As explained in Rule 20 of the Federal Rules of Civil Procedure, a person may be joined in one action as a defendant if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Here, the questions of law and fact pertaining to plaintiff's procedural due process protections during the RVR hearing[8] differ from the evaluation of whether or not defendant Kaur or Sgt. Chambers retaliated against plaintiff in preparing the 128B chrono or RVR before the hearing on the RVR in violation of the First Amendment, Rhodes, 408 F.3d at 567-68. Plaintiff has identified no facts involving defendant Kaur in an alleged violation of plaintiff's procedural due process rights during the hearing. Thus, plaintiff's putative due process claims against Sgt. Chambers based on the November 18, 2016 RVR hearing must be pursued in a separate action, as previously explained in the June 20, 2017 order. (ECF No. 20 at 6-7.)

---

[8] Plaintiff was entitled to limited due process rights during the hearing. Prisoners subjected to disciplinary action are entitled to certain procedural protections under the Due Process Clause, but are not entitled to the full panoply of rights afforded to criminal defendants. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Superintendent v. Hill, 472 U.S. 445, 455-456 (1985); United States v. Segal, 549 F.2d 1293, 1296-99 (9th Cir. 1977) (prison disciplinary proceedings command the least amount of due process along the prosecution continuum). Under Wolff, prison disciplinary actions are subject to the following procedural requirements: (1) written notice of the charges; (2) a hearing, with at least 24-hours advance notice; (3) a written statement by the fact finders of the evidence relied on and the reasons for taking disciplinary action; (4) the prisoner's right to call witnesses in his or her defense, if doing so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to prisoners who are illiterate or whose issues are particularly complex. Wolff, 418 U.S. at 556-71. Finally, prisoners are entitled to an impartial decision-maker. Id. at 571.

Plaintiff was aware of any deprivation of witnesses at the time of the hearing, and was subsequently informed by the court that he must pursue any procedural due process claim against Sgt. Chambers in a separate action, but did not file one. Thus, it is unclear whether plaintiff intends to pursue such claims at this time. Plaintiff is cautioned that if he intends to pursue procedural due process claims against Sgt. Chambers in a separate action, the filing deadline for pursuing such claims is governed by California law.[9]

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall detach plaintiff's proposed third amended complaint (ECF No. 61 at 4-23) and file and docket the third amended complaint as of March 7, 2019 (ECF No. 61-1).

Further, IT IS RECOMMENDED that:

1. Plaintiff's motion to amend (ECF No. 61) be granted as to his retaliation claims against Sgt. Chambers, and denied in all other respects;

2. This action shall proceed solely on the retaliation claims raised in his third amended complaint against defendant Kaur and Sgt. Chambers based on actions taken prior to the RVR hearing on November 18, 2016.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

---

[9] Generally, plaintiff has four years from the date of the RVR hearing to file suit. See Jones v. Blanas, 393 F.3d 918, 927 (2004) (stating that federal courts should apply the forum state's statute of limitations for personal injury actions because § 1983 contains no specific statute of limitations); see also Cal. Civ. Proc. Code § 335.1 (establishing a two year statute of limitations for personal injury actions occurring after January1, 2003); Cal. Civ. Proc. Code § 352.1 (2007) (providing a two-year tolling provision of a statute of limitations for prisoners serving less than a life sentence). But if plaintiff is incarcerated for a life term without the possibility of parole, he is not entitled to such statutory tolling. See Cal. Civ. Proc. Code § 352.1(a) (requirements for tolling due to incarceration).

objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 19, 2019

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/spen1828.mta