UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE,<br><br>        Plaintiff,<br><br>    v.<br><br>G. KAUR, et al.,<br><br>        Defendants. | No. 2:16-cv-01828-TLN-KJN<br><br>**ORDER** |

       This matter is before the Court on Plaintiff Gerald Spence's ("Plaintiff") Request for Reconsideration of the magistrate judge's Order denying in part Plaintiff's Motion to Compel Discovery and granting in part Defendant Kaur's Motion to Compel (ECF No. 83). (ECF No. 85.) For the reasons set forth below, Plaintiff's motion is DENIED.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, a state prisoner proceeding *pro se*, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  Plaintiff alleges that in 2016, while he was housed at California State Prison-Solano, Defendants Kaur (the Sr. Librarian) and Sgt. Chambers issued a 128-B and a CDCR-115 Rules Violation Report[1] ("RVR") against Plaintiff on false charges, in retaliation for Plaintiff's filing of a prison grievance against Kaur.  (ECF No. 89.)  The hearing on the RVR took place on November 18, 2016.  (ECF Nos. 89, 90, 92.)  The RVR was subsequently reversed, but Plaintiff lost 30 days of privileges, including access to the yard and the law library.  Plaintiff seeks unspecified injunctive relief and monetary damages.  This action is proceeding on Plaintiff's Third Amended Complaint.  (*See* ECF Nos. 89–90.)

Plaintiff and Defendant Kaur ("Defendant") filed Motions to Compel Discovery on April 8 and 16, 2019, respectively.  (ECF Nos. 63, 65.)  On August 15, 2019, the magistrate judge addressed the parties' motions to compel discovery responses, granting in part and denying in part each motion and ordering the parties to produce further responses.  (ECF No. 83.)  Plaintiff filed a Request for Reconsideration of the magistrate judge's discovery order on September 3, 2019.[2] (*See* ECF No. 85 at 13.)

**II.    STANDARD OF LAW**

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order.  *See* Fed. R. Civ. P. 72(a).  The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law."  *Id.*; 28 U.S.C. § 636(b)(1)(A).  The objecting party has the burden of showing that the magistrate judge's ruling is clearly erroneous or contrary to law.  *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2009 WL 3613511, at *1 (N.D. Cal. Oct. 28, 2009).  "A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision."  *Martinez*

---

[1] "128-B" and "CDCR-115" are references to forms used by prison staff to document various degrees of disciplinary action.  *See* 15 C.C.R. §§ 3312, 3326.

[2] Plaintiff's motion was entered on the Court's docket on September 10, 2019.  (ECF No. 85.)  However, as discussed herein, pursuant to the mailbox rule, the motion is deemed to have been filed on September 3, 2019.

2

*v. Lawless*, No. 1:12-CV-01301-LJO-SKO, 2015 WL 5732549, at *1 (E.D. Cal. Sept. 29, 2015) (citing *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987)).

"The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (citing *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990)).  Under the "clearly erroneous" standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the 'definite and firm conviction that a mistake has been committed.'" *E.E.O.C. v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quoting *Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992)). "Thus, review under the 'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Products of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993).

The magistrate's legal conclusions are reviewed *de novo*. *See Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Cochran v. Aguirre*, No. 1:15-cv-01092-AWI-SAB (PC), 2017 WL 2505230, at *1 (E.D. Cal. June 9, 2017).  However, the district court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).  Rather, "a magistrate judge's decision is contrary to law only where it runs counter to controlling authority." *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D. N.Y. 2008).  "Consequently, "a magistrate judge's order simply cannot be contrary to law when the law itself is unsettled." *Id.*

**III.    ANALYSIS**

    A.    <u>Plaintiff's Request is Untimely</u>

Under the mailbox rule, a *pro se* prisoner's pleading is deemed filed at the time he delivers it to prison authorities for forwarding to the court clerk. *Douglas v. Noelle*, 567 F.3d 1103, 1106–07 (9th Cir. 2009); *see also Jenkins v. Johnson*, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003) (date petition is signed may be considered earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule).  On August 15, 2019, the

3

magistrate judge issued an order denying in part Plaintiff's motion to compel discovery. (ECF No. 83.) Any objections to the magistrate judge's order were due by August 29, 2019. Fed. R. Civ. P. 72(a). Pursuant to the mailbox rule, Plaintiff's Request for Reconsideration of the magistrate judge's order is deemed as filed on September 3, 2019. (*See* ECF No. 85 at 13); *Douglas*, 567 F.3d at 1106–07; *Jenkins*, 330 F.3d at 1149 n.2. The Request is therefore untimely. Accordingly, Plaintiff's Request for Reconsideration is DENIED.

### B.    Plaintiff's Request is Unavailing

Regardless, Plaintiff's Request for Reconsideration is without merit. The Request is based on Plaintiff's disagreement with the magistrate judge's decisions. But Plaintiff fails to demonstrate the order was clearly erroneous or contrary to law. Rather, Plaintiff's Request for Reconsideration reflects his misunderstanding about the discovery process. For example, Plaintiff states that "[d]iscovery does not have to be relevant to be discovered." (ECF No. 85 at 5.) Plaintiff is mistaken.

> (1) Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that **is relevant** to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added). In addition,

> [t]he Court does not hold prisoners proceeding pro se to the same standards that it holds attorneys. However, at a minimum, as the moving party plaintiff bears the burden of informing the court of which discovery requests are the subject of his motion to compel and, for each disputed response, why defendant's objection is not justified.

*Waterbury v. Scribner*, No. 1:05-cv-0764 OWW DLB PC, 2008 WL 2018432, at *1 (E.D. Cal. May 8, 2008). Here, Plaintiff was required to explain why Defendant's objections were not well-taken. *Id.*; *see also McCoy v. Ramirez*, No. 1:13-cv-01808-MJS (PC), 2016 WL 3196738 at *1

/ / /

4

(E.D. Cal. Jun. 9, 2016) (quoting *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008)).  Plaintiff failed to meet this burden.

Plaintiff objects that he "should not be required to reveal every thought or impression for Defendant to perform their statutory duty."  (ECF No. 85 at 5.)  However, Plaintiff is required to identify facts and provide documents relevant to his retaliation claim against Defendant, just as Defendant is required to identify facts and provide documents relevant to her defenses against Plaintiff's retaliation claim.  Thus, it is not just Defendant who is required to provide discovery to Plaintiff; Plaintiff is also required to provide such discovery.  Accordingly, this objection is overruled.

Through objection, Plaintiff also attempts to expand the basis of his lawsuit by seeking discovery concerning access to the law library.  (ECF No. 85 at 6.)  Yet this action is not proceeding on an access to the courts claim.[3]  Rather, the instant action proceeds solely on Plaintiff's claim that Defendant retaliated against Plaintiff as set forth above.  Furthermore, Plaintiff's retaliation claim is discrete and does not include allegations that Defendant labored to keep Plaintiff out of the library.  (*See* ECF No. 89 at 3–6.)  Accordingly, this objection is overruled.

Plaintiff also objected that the magistrate judge had not addressed his Request for Judicial Notice (ECF No. 63 at 16; ECF No. 60) or his Motion to Amend (ECF No. 61).  (ECF No. 85 at 11–12.)  However, the magistrate judge appropriately addressed Plaintiff's Request for Judicial Notice in its August 15, 2019 Order (*see* ECF No. 83 at 43–44), as well as subsequently ruling on these requests (*see* ECF Nos. 90, 95).  Therefore, Plaintiff's objections are overruled and his Request for Reconsideration with respect to the denial of his Request for Judicial Notice is DENIED as moot.

/ / /

---

[3] In the June 20, 2017 Order screening the Amended Complaint, Plaintiff was advised that he must allege an actual injury, as defined and required under *Lewis v. Casey*, 518 U.S. 343, 346 (1996), in order to state a cognizable access to the courts claim.  (ECF No. 20 at 6.)  Plaintiff failed to do so, and the claim was dismissed through the screening process.  (*See* ECF Nos. 25, 27, 90.)

Finally, it is not appropriate for Plaintiff to provide his amended or supplemental discovery responses in the Request for Reconsideration. Plaintiff must provide Defendant supplemental discovery responses consistent with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 33–34. If Plaintiff does not have documents responsive to a request for production of documents, he must state such in the supplemental responses he provides to Defendant.

**IV. CONCLUSION**

For the forgoing reasons, Plaintiff's Request for Reconsideration (ECF No. 85) is DENIED. Within 45 days from the date of electronic filing of this Order, Plaintiff shall provide Defendant with supplemental responses as required under the August 15, 2019 Order (ECF No. 83).

IT IS SO ORDERED.

DATED: May 12, 2020

Troy L. Nunley
United States District Judge

6