1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GERALD SPENCE,                          No.  2:16-cv-1828 TLN KJN P

12            Plaintiff,

13        v.                                  ORDER

14   G. KAUR, et al.,

15            Defendants.

16

17        Plaintiff is a state prisoner, proceeding pro se.  Plaintiff's motion to compel further

18   discovery responses and defendants' motion to modify the scheduling order are before the court.

19   As set forth below, the undersigned grants in part and denies in part plaintiff's motion to compel,

20   and denies defendants' motion to modify the scheduling order.

21   I.  Plaintiff's Operative Pleading

22        This action proceeds on plaintiff's third amended complaint.  (See ECF Nos. 89 (March 7,

23   2019); 90 (December 20, 2019).)  Plaintiff alleges that in 2016, while he was housed at California

24   State Prison-Solano, defendants Kaur (the Sr. Librarian) and Sgt. Chambers issued a 128-B and a

25   CDCR-115 Rules Violation Report[1] ("RVR") against plaintiff on false charges, in retaliation for

26   plaintiff's filing of a prison grievance against Kaur.  (ECF No. 89.)  The hearing on the RVR took

27

---

28   [1]  "128-B" and "CDCR-115" are references to forms used by prison staff to document various degrees
     of disciplinary action.  See 15 C.C.R. §§ 3312, 3326.

                                            1

1  place on November 18, 2016.  (ECF Nos. 89, 90, 92.)  The RVR was subsequently reversed, but

2  plaintiff lost 30 days of privileges, including access to the yard and the law library.  Plaintiff

3  seeks unspecified injunctive relief and monetary damages.

4  II.  Elements of a Retaliation Claim

5       "Within the prison context, a viable claim of First Amendment retaliation entails five

6  basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2)

7  because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

8  exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

9  correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

10  III.  Legal Standards Governing Discovery

11      Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may

12  move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P.

13  37(a)(3)(B).  Such "motion may be made if:  (i) a deponent fails to answer a question asked under

14  Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or

15  31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails

16  to produce documents or fails to respond that inspection will be permitted -- or fails to permit

17  inspection -- as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B).  An "evasive or

18  incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or

19  respond."  Fed. R. Civ. P. 37(a)(4).  "District courts have 'broad discretion to manage discovery .

20  . .'"  Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl.

21  Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

22      The party moving to compel bears the burden of informing the court (1) which discovery

23  requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why

24  the party believes the response is deficient; (4) why any objections are not justified; and (5) why

25  the information sought through discovery is relevant to the prosecution of this action.

26  Haraszewski v. Knipp, 2020 WL 4676387, at *3 (E.D. Cal. Aug. 12, 2020); McCoy v. Ramirez,

27  2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D.

28  Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of

2

his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified."). "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (citations omitted). In other words, the opposing party "has the burden to show that discovery should not be allowed. . . ." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." U.S. ex rel. O'Connell v. Chapman University, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Id. "Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

Interrogatories

Rule 33 of the Federal Rules of Civil Procedure provides that a party may serve upon another party written interrogatories that relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). The person who

answers interrogatories must verify the responses by signing them.  Fed. R. Civ. P. 33(b)(5); see also Hash v. Cate, 2012 WL 6043966, at *3 (N.D. Cal. Dec. 5, 2012) ("interrogatory responses. . . must contain facts, and the party responding must verify that those facts are true and correct to the best of his knowledge").

Requests for Admissions ("RFA")

Federal Rule of Civil Procedure 36(a) provides:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1).  "Strictly speaking, Rule 36 is not a discovery procedure at all."  8B Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure § 2253 (3d ed. 2020).  An RFA's purpose is not to acquire information, but to "expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial, the truth of which is known to the parties or can be ascertained by reasonable inquiry."  Id. § 2252; see also 7 James Wm. Moore, Fed. Practice § 36.02(1) (3d ed. 2020) ("[R]equests for admission are used to establish admission of facts about which there is no real dispute.").  "One of the primary purposes of request for admissions is to narrow the issues for trial by identifying and eliminating those matters on which the parties agree."  Taylor v. Calaveras County, 2019 WL 6341131, at *2 (E.D. Cal. Nov. 27, 2019) (citations omitted).

Rule 36 provides three distinct avenues for a response:  "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."  Fed. R. Civ. P. 36(a)(4) (emphasis added); see 8B Wright & Miller, supra, § 2259.[2]  Therefore, if a party does not dispute the truth of the fact presented in or object to the RFA, the party should admit.  "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4).  "The answering

---

[2]  The treatise identifies seven potential actions for a party receiving an RFA.  Id.

4

party may assert lack of knowledge or information as a reason for failing to admit or deny <u>only</u> if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4) (emphasis added).

"A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b); cf. 8B Wright & Miller, supra, § 2173 ("Failure to make a timely objection is not the only way in which an objection can be waived.  A voluntary answer to an interrogatory is also a waiver of the objection.").  Finally, Rule 36 requests are not limited to queries which "lead to the discovery or production of admissible evidence," but may be used to determine "the truth of any matters within the scope of Rule 26(b)(1)."  <u>See</u> Fed. R. Civ. P. 26 advisory committee's note to the 2015 amendment ("The former provision for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence' is also deleted.  The phrase has been used by some, incorrectly, to define the scope of discovery."); <u>see also</u> 8B Wright & Miller, <u>supra</u>, § 2254 ("[After the 1970 amendment,] [r]elevance is given a very broad meaning in the context of Rule 26(b).").  But a party may not propound RFAs unlimited in scope, because the answering party's duty is limited to conducting a reasonable inquiry.

IV.  <u>Plaintiff's Motion to Compel</u>

Initially, the court addresses plaintiff's claim that defendants' opposition to the motion to compel was untimely because it was not served or mailed until November 6, 2020.  However, the court's order granting defendants an extension of time stated that the opposition must be <u>filed</u> by November 5, 2020, which it was.  (ECF No. 115.)

A.  <u>Plaintiff's Interrogatories to Defendant Kauer</u>

Plaintiff asks the court to compel further responses to his third set of interrogatories to defendant Kauer, numbers 6, 7 and 8 through 25; in his motion, plaintiff also refers to interrogatory response 2, and in opposition, defendant Kauer invokes responses to interrogatories 2 and 5.  After first setting out such discovery requests and responses, the undersigned discusses the motion.

1        Interrogatory 6:  What part of the 128 B, Counseling Only Chrono,
YOU authored to correct Plaintiff's behavior on 10/25/16, was

2        counseling?

3        Response:  Objection. This interrogatory does not seek information
that is relevant to any claims or defenses in this case. This

4        interrogatory is vague, ambiguous, and confusing as to the terms
"What part" and "was counseling." This interrogatory is

5        argumentative, as it assumes facts that may not be true or may be in
dispute (i.e. that Defendant Kaur authored the CDCR 128B

6        Informational Chrono for the sole purpose of correcting Plaintiff's
behavior), but requires Defendant to adopt those assumptions in

7        order to respond. Based on these objections, and without further
clarification from Plaintiff, Defendant Kaur cannot properly respond

8        to this interrogatory.

9   (ECF No. 110 at 20.)

10        Interrogatory No. 7:   What part of the 128 B, Counseling Only
Chrono, YOU authored to correct Plaintiff's behavior on 11/01/16,

11        was counseling?

12        Response:  Objection. This interrogatory does not seek information
that is relevant to any claims or defenses in this case. This

13        interrogatory is vague, ambiguous, and confusing as to the terms
"What part" and "was counseling." This interrogatory is

14        argumentative, as it assumes facts that may not be true or may be in
dispute (i.e. that Defendant Kaur authored the CDCR 128B

15        Informational Chrono for the sole purpose of correcting Plaintiff's
behavior), but requires Defendant to adopt those assumptions in

16        order to respond. Based on these objections, and without further
clarification from Plaintiff, Defendant Kaur cannot properly respond

17        to this interrogatory.

18   (ECF No. 110 at 20-21.)

19        Interrogatory No. 2:  To comply with· requirements of Title 15, 3312
(a), progressive discipline, before writing the 128 B did YOU first

20        counsel Plaintiff?

21        On either 10/25/16 or 11/01/16, if so which date?

22        Response:   Objection. This interrogatory is compound and
argumentative, as it assumes facts that may not be true or may be at

23        issue (i.e. that Section 3312(a) of Title 15 of the California Code of
Regulations requires CDCR staff members to first verbally counsel

24        an inmate before drafting a CDCR 128B Informational Chrono), but
requires defendant to adopt those assumptions as true in order to

25        respond. Without waiving this objection, and assuming the term
"verbal counseling" refers to a verbal warning, defendant Kaur

26        responds as follows:

27        Defendant Kaur is not aware of any requirement in Section 3312(a)
of Title 15 of the California Code of Regulations for CDCR staff

28        members to verbally counsel an inmate before drafting a CDCR

128B Informational Chrono. Defendant Kaur recalls verbally counseling Plaintiff about his disruptive and disrespectful behavior on October 25, 2016, and on November 1, 2016, but does not currently recall if she also counseled Plaintiff about his disruptive and disrespectful behavior on any other dates.

(ECF No. 110 at 19-20.)

Interrogatory No. 5: The last paragraph of the 128 B YOU authored, which Defendant Chambers told YOU to leave in, was that meant as a form of counseling?

Response: Objection. This interrogatory is vague and ambiguous as to the terms "counseling" and the CDCR 128B referenced. Without waiving this objection, defendant Kaur responds as follows:

Defendant Kaur drafted the last paragraph of her CDCR 128B Informational Chrono in order to counsel plaintiff that future refusal to comply with staff orders could lead to further disciplinary actions and suspension of library privileges. Defendant Kaur also recalls verbally counseling plaintiff about his disruptive and disrespectful behavior on November 1, 2016. Defendant Kaur directs plaintiff to review the CDCR 128B Informational Chrono that she drafted, which summarizes and describes how she verbally counseled plaintiff about his disruptive and disrespectful behavior on November 1, 2016.

(ECF No. 110 at 20.)

Plaintiff argues that defendant Kauer's responses to interrogatories 6 and 7 bear directly on plaintiff's retaliation claim, inquiring what was the specific conduct that caused defendants to increase the mode of discipline from a verbal warning to a written warning to a rules violation report, all in a single reporting. (ECF No. 110 at 2.) Plaintiff argues that this is why the RVR was dismissed on due process and double jeopardy grounds.

Defendant Kauer counters that plaintiff's motion to compel fails to address any of defendant's objections, and thus plaintiff fails to meet his burden. (ECF No. 115 at 4.) Moreover, defendant Kauer argues that in light of the responses that interrogatories 2 and 5 were argumentative, interrogatories 6 and 7 required defendant Kauer to assume facts that may not be true or may be in dispute. For example, the fact that defendant Kauer authored any part of the CDCR 128B Informational Chrono to "correct" plaintiff's behavior as a form of discipline, and thus answering such interrogatories would require defendant Kauer to adopt those assumptions in order to respond. Defendant Kauer also contends that the objection to "what part" and

"counseling" as vague, ambiguous and confusing, was appropriate given the interrogatories distinguished "counseling" from "correcting" in a vague and ambiguous manner.  (ECF No. 115 at 4.)  Defendant contends the relevance objection was proper because plaintiff did not seek information relevant to any claims or defenses herein.  (ECF No. 115 at 5.)

In reply, plaintiff argues that the foundation of the interrogatory is not argumentative but rather based on accurate statements of policy contained in CCR § 3312.

Section 3312(a) provides:

(a) Inmate misconduct shall be handled by:

(1) Verbal Counseling. Staff may respond to minor misconduct by verbal counseling. When verbal counseling achieves corrective action, a written report of the misconduct or counseling is unnecessary.

(2) Counseling Only Rules Violation Report. When similar minor misconduct reoccurs after verbal counseling or if documentation of minor misconduct is needed, a description of the misconduct and counseling provided shall be documented on a Counseling Only Rules Violation Report. This Counseling Only Rules Violation Report is meant for documenting an event or misconduct on the part of the inmate; the Chrono is auto populated with the inmate's name number and date. A copy of the completed Counseling Only Rules Violation Report shall be provided to the inmate. Disposition of any contraband involved shall also be documented in the Counseling Only Rules Violation Report.

(3) Rules Violation Report. When misconduct is believed to be a violation of law or is not minor in nature, it shall be reported on a Rules Violation Report (RVR). The RVR is a computer generated standard form with information inputted by staff. The RVR will be digitally signed by the reporting employee. The RVR shall contain, at a minimum, the following elements: The charged inmates name, number, release date, facility, housing assignment, violation date, violation time, (Violation date and time means discovery date and time) whether or not the misconduct was related to Security Threat Group activity, circumstances surrounding the misconduct, the reporting employee's; name, and title, RVR log number, the violated CCR, Title 15 rule number, specific act, level, division, whether or not the charge will be referred for prosecution, reviewing supervisors name and title, and the classifying official's name and title. The RVR shall include; a section for the inmate to indicate whether or not they wish to postpone the RVR process if felony prosecution is likely, a section to indicate if they wish to request or waive an assignment of a Staff Assistant or Investigative Employee. A summary of disciplinary procedures and inmate rights is also provided to the inmate explaining the administrative hearing time frames, the roles of both the staff assistant and the investigative employee, and the referral for prosecution is explained. The inmate's appeal rights are

also explained.

Cal. Code Regs. tit. 15, § 3312(a).

Given the broad standards governing relevance, defendant Kauer's relevance objection is overruled. That said, plaintiff did not cite § 3312(a) in either interrogatory 6 or 7, and the undersigned is persuaded that plaintiff's interrogatories 6 and 7 required defendant Kauer to assume facts that may not be true or that may be in dispute. In his motion, plaintiff argued he was trying to determine the specific conduct that caused defendants to increase the mode of discipline from a verbal warning to a written warning to a rules violation report, all in a single reporting. But that is not what interrogatories 6 and 7 asked. No further response is required.

Interrogatories to Kaur Nos. 8 - 25

Plaintiff objects that defendants refused to answer interrogatories 8 through 25 claiming their number exceeded those permitted under Rule 33 because the court's revised scheduling order did not limit in any way plaintiff's discovery requests under the amended complaint. Plaintiff contends that discovery starts anew once an amended complaint is filed.

However, as argued by defendants (ECF No. 115 at 6), the cases cited by plaintiff do not stand for the proposition that discovery starts anew upon the filing of an amended complaint. Rule 33 expressly states that absent stipulation by the parties or order of the court, a party may not propound more than "25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33. Plaintiff served more than 25 written interrogatories on defendant Kauer over three sets of interrogatories. (See Chan Decl. ¶¶ 2-4, Exs 1-3.) Because plaintiff did not seek leave of court before propounding additional interrogatories to defendant Kauer, plaintiff's motion to compel further responses to interrogatories 8 - 25 is denied.

As set forth above, plaintiff's motion to compel further responses to the third set of interrogatories to defendant Kauer is denied.

B. Plaintiff's Request for Admissions to Defendant Kauer

Plaintiff seeks further responses to his third set of requests for admissions to defendant Kauer, specifically requests 1, 4 through 10, 18, 20, 22 and 27.

////

RFA No. 1

> Request for Admission No. 1:  ADMIT. There was no allegation of additional misconduct by the Plaintiff that justified elevating the 128 B to an RVR in 2016.

> Response:  Objection.  This request is vague and ambiguous as to the terms "additional misconduct" and "elevate."  This request is vague and ambiguous as to the CDCR 128B Informational Chrono and Rules Violation Report being referenced.   This request is argumentative, as it assumes facts that may not be true or may be in dispute (i.e. that additional misconduct by plaintiff was necessary to file both a CDCR 128B Informational Chrono and a Rule Violation Report), but requires defendant to adopt those assumptions in order to respond.  Based on these objections, and without further clarification from plaintiff, defendant Kaur cannot admit or deny this request at this time.

(ECF No. 110 at 9.)

"[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4); see Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573, 579-80 (9th Cir. 1992).  Denials must be specific and must "fairly respond to the substance of the matter."  Fed. R. Civ. P. 36(a)(4).  However, when the purpose of the request is reasonably clear, the responding party is not permitted to deny the request based on a hyper-technical reading of the request.  Holmgren, 976 F.3d at 580 ("Epistemological doubts speak highly of [the party's] philosophical sophistication, but poorly of its respect for Rule 36(a).")

Here, defendant could admit or deny the first part of the request, that is, whether there was an allegation of additional misconduct by plaintiff in connection with the CDCR 128B Informational Chrono and the RVR at issue here.  As plaintiff argues, there either was, or there was not.  But the second part of the request does hinge on an issue disputed by the parties: whether any additional misconduct by plaintiff was necessary to file both a CDCR 128B Informational Chrono and a Rule Violation Report.  Defendant Kauer is required to admit or deny the first part of RFA 1.

RFA Nos. 4 - 10

> Request for Admission No. 4:  ADMIT. That November 02, 2016 Plaintiff committed no misconduct in the Solano library.

10

1      Response:   Objection.   This request seeks information that is not
       relevant to any claims or defenses in this case.  Defendant Kaur lacks
2      sufficient knowledge or information to admit or deny this request.
       Based on these objections, defendant cannot admit or deny this
3      request at this time.

4      Request for Admission No. 5:   ADMIT. That November 03, 2016
       Plaintiff committed no misconduct in the Solano library.
5
       Response:   Objection. This request seeks information that is not
6      relevant to any claims or defenses in this case. Defendant Kaur lacks
       sufficient knowledge or information to admit or deny this request.
7      Based on these objections, Defendant cannot admit or deny this
       request at this time.
8
       Request for Admission No. 6:   ADMIT. That November 04, 2016
9      Plaintiff committed no misconduct in the Solano library.

10     Response:   Objection. This request seeks information that is not
       relevant to any claims or defenses in this case.  Defendant Kaur lacks
11     sufficient knowledge or information to admit or deny this request.
       Based on these objections, Defendant cannot admit or deny this
12     request at this time.

13     Request for Admission No. 7:   ADMIT.  That November 05, 2016
       Plaintiff committed no misconduct in the Solano library.
14
       Response:   Objection. This request seeks information that is not
15     relevant to any claims or defenses in this case.  Defendant Kaur lacks
       sufficient knowledge or information to admit or deny this request.
16     Based on these objections, defendant cannot admit or deny this
       request at this time.
17
       Request for Admission No. 8:   ADMIT. That November 06, 2016
18     Plaintiff committed no misconduct in the Solano library.

19     Response:   Objection.  This request seeks information that is not
       relevant to any claims or defenses in this case.  Defendant Kaur lacks
20     sufficient knowledge or information to admit or deny this request.
       Based on these objections, defendant cannot admit or deny this
21     request at this time.

22     Request for Admission No. 9:   ADMIT.  That November 07, 2016
       Plaintiff committed no misconduct in the Solano library.
23
       Response:   Objection. This request seeks information that is not
24     relevant to any claims or defenses in this case. Defendant Kaur lacks
       sufficient knowledge or information to admit or deny this request.
25     Based on these objections, Defendant cannot admit or deny this
       request at this time.
26
       Request for Admission No. 10:   ADMIT. That November 08, 2016
27     Plaintiff committed no misconduct in the Solano library.

28     Response:   Objection.  This request seeks information that is not

relevant to any claims or defenses in this case.  Defendant Kaur lacks sufficient knowledge or information to admit or deny this request. Based on these objections, defendant cannot admit or deny this request at this time.

(ECF No. 110 at 10-12.)

Defendant's relevance objections are overruled.  As discussed above, Rule 36 requests are not limited to requests which "lead to the discovery or production of admissible evidence," but may be used to determine "the truth of any matters within the scope of Rule 26(b)(1)."  See Fed. R. Civ. P. 26 advisory committee's note to the 2015 amendment.  Such responses may, or may not, support plaintiff's theory of the case.  Defendant objects that plaintiff failed to show defendant Kauer possesses information sufficient to admit or deny such requests.  But defendant did not articulate any reasonable inquiry she conducted in order to respond to RFA's 4 through 10.  For example, as supervisor of the law library, she could review records to determine whether plaintiff was counseled for misconduct on any of these dates.  Or, if Kauer were working on one of those days plaintiff was present in the library, she could respond, if she recalled, whether she observed plaintiff engage in any misconduct.  Plaintiff's motion to compel further responses to RFA's 4 through 10 is granted.

RFA Nos. 18, 20, 22 & 27

Request for Admission No. 18:   ADMIT.  The Solano Library/Education Dept. did not implement the use of Blue Placards in 2016.

Response:  Objection. This request is vague and ambiguous as to the term "implement."  This request is vague and ambiguous as to timeframe.   Defendant Kaur lacks sufficient knowledge or information to admit or deny this request.  Based on these objections, defendant cannot admit or deny this request at this time.

Request for Admission No. 20:  ADMIT. The Blue Placards were created and distributed by custody in 2016.

Response:  Objection.  This request is vague and ambiguous as to the term "created and distributed."  This request is vague and ambiguous as to timeframe.   Defendant Kaur lacks sufficient knowledge or information to admit or deny this request.  Based on these objections, Defendant cannot admit or deny this request at this time.

Request for Admission No. 22:  ADMIT. Prior to Plaintiff's RVR hearing before Defendant Pamela Chambers at Solano State Prison

12

on November 18, 2016 YOU told Sgt. Chambers what a Blue Pass Card was.

Response:  Objection.  Defendant Kaur lacks sufficient knowledge or information to admit or deny this request.  Based on this objection, Defendant cannot admit or deny this request at this time.

Request for Admission No. 27:  ADMIT. After YOU "counseled" Plaintiff on 11/01/16 his misconduct was not repeated.

Response to Request for Admission No. 27:  Objection. This request is vague and ambiguous as to timeframe, as it does not provide an end date. This request is vague and ambiguous as to the term "his misconduct."   Defendant Kaur lacks sufficient knowledge or information to admit or deny this request.  Based on these objections, defendant Kaur cannot admit or deny this request at this time.

(ECF No. 110 at 13-16.)

Plaintiff contends Defendant Kaur's refusal to respond to RFA Nos. 18, 20, 22, and 27 is unjustified because "Kaur's clarity on other request about the same factual scenerio [sic]" shows her answers are evasive. (ECF No. 110 at 3.)  Plaintiff cites to defendant Kaur's responses to Request Nos. 14 and 21, which are reproduced as follows:

Request for Admission No. 14:   ADMIT. No one in Solano Education Department in 2016 trained YOU in the use of a Blue Placard.

Response:  Denied.

Request for Admission No. 21:  ADMIT. YOU have no idea why the Blue Placards were created.

Response:  Denied.

(ECF No. 110 at 13-14.)

First, as to RFA Nos. 18 - 20, defendant Kauer's objections as to terminology and time frame are overruled.  Also, defendant Kauer failed to set forth any reasonable inquiry she undertook to determine whether she could admit or deny the requests.  She explains that she did not take the librarian position until September 2016 and therefore does not know the answers. But because the use of the blue placards are at issue in this case, plaintiff is entitled to know whether the use of such placards was new, i.e. only began in 2016, or whether it was a well-established procedure, as well as who started the use of such blue placards, custody or not?

13

Ostensibly, defendant Kauer might obtain such answers upon reasonable inquiry.  Plaintiff's motion to compel further responses to RFA Nos. 18 - 20 is granted.

Second, as to RFA 22, counsel claims that defendant Kauer "appropriately declined to respond because she does not presently recall whether she told defendant Chambers what the blue pass cards or blue placards were." (ECF No. 115 at 12.)  In addition, defendant Chambers has similarly responded to interrogatories that she does not recall if Kauer told her what the blue pass cards were before the November 18, 2016 disciplinary hearing.  (Id.)  However, defendant Kauer did not offer such explanations in her response to RFA 22, such that her response is verified, and also failed to indicate whether she conducted reasonable inquiry; for example, whether she has notes from which she may refresh her recollection.  Plaintiff's motion to compel further response to RFA 22 is granted.

Third, as to RFA 27, defendant's objection that plaintiff failed to limit the request as to time is sustained.  No further response is required.

C.  Expenses re Motion to Compel re Defendant Kauer

Rule 37(a)(5)(A) provides that if a motion to compel is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees.  But the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).  The rule does not require a party to be in violation of a court order, only that the party's conduct necessitated a meritorious motion to compel.

The court finds that defendant Kauer's responses and objections were largely substantially justified, and the record does not support an award of expenses.

////

////

14

D.  <u>Discovery Propounded to Defendant Chambers</u>

1.  <u>Late Verification</u>

Initially, plaintiff objects that defendant Chambers' responses were not accompanied by Chambers' verification, and asks the court to strike Chambers' responses and enter default against her.  In the interrogatory responses signed by counsel on September 16, 2020, counsel advised plaintiff that defendant Chambers had verified the responses, but that "due to delays caused by the mail system," her signed verification would "follow by separate mail."  (ECF No. 110 at 61.)

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  "An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence."  Fed. R. Civ. P. 33(c).  "The person who makes the answers must sign them, and the attorney who objects must sign any objections."  Fed. R. Civ. P. 33(b)(5).  Such "requirement is critical because interrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay, than an answer to an interrogatory."  <u>Huthnance v. D.C.</u>, 255 F.R.D. 297, 300 (D. D.C. 2008).  Without the verification, the answers have no evidentiary value.

Here, counsel's office received the signed verification from defendant Chambers on September 19, 2020, but did not mail the signed verification to plaintiff until September 29, 2020.  (ECF No. 115-1 at 47, 48.)  In his opposition, counsel explained the delay in defendant Chambers providing the verification form to counsel, but it only took five days from the date the verification was signed for the mailed verification form to arrive in counsel's office.  Counsel failed to explain his own subsequent ten-day delay in mailing the signed verification to plaintiff.  Inasmuch as the verification form accompanies a party's responses, counsel should have acted without delay in providing plaintiff the signed verification.  Counsel's unexplained delay in doing so caused plaintiff additional work in challenging counsel's failure to timely provide the signed verification, as well as the court's time in addressing the late verification.  In the future, counsel would be well-advised to seek an extension of time in which to respond to the interrogatories rather than risk responding without the required verification.

15

That said, counsel advised plaintiff that defendant Chambers had verified the responses, but that the signed verification would be delayed.  Defendant Chambers' verification form was signed on September 14, 2020, under penalty of perjury, and complies with Rule 33(b) of the Federal Rules of Civil Procedure.  Plaintiff did not receive the verification form until after he mailed his motion to compel, but his motion challenges multiple discovery responses.  Indeed, plaintiff's motion concerning the delayed verification involved only one paragraph.  (ECF No. 110 at 4.)  The undersigned cannot find that plaintiff was prejudiced by such delay.  See Page v. Minnesota Life Ins. Co., 2020 WL 5093087 (C.D. Cal. June 26, 2020) (accepting late but valid verification form where submitted in conjunction with joint stipulation re motion to compel discovery).  Thus, plaintiff's request to strike defendant Chambers' answers and enter default are denied.

        2.  Remaining Discovery Challenges

Plaintiff seeks to compel further responses to interrogatories 2 and 3, which involve defendant Chambers' responses to RFA Nos. 3 and 6.  Unfortunately, the undersigned is unable to address such responses.  First, defendant Chambers claims she did not receive page two of the request for admissions.  Indeed, the copy of plaintiff's RFA's filed with the court does not include a page two.  (ECF No. 115-1 at 29-34.)  On the other hand, plaintiff adamantly insists that he has two copies and the court has two copies, and "all have page 2."  (ECF No. 117 at 5.)  But the copy plaintiff filed in connection with his motion is the typewritten responses of defendant Chambers.  (ECF No. 110 at 32-45.)  While it has defendant's page two (ECF No. 110 at 33), it apparently does not match plaintiff's page two, because the RFA's and responses cited as Nos. 1 and 2, are actually plaintiff's RFA's 5 and 6 (ECF No. 115-1 at 33).

Which brings the court to its second point.  In defendant Chambers' responses to RFAs set one, counsel noted in footnote 1:

> When plaintiff served his First Set of Requests for Admissions from Defendant Chambers, he did not include the page containing his Requests for Admission Nos. 1 through 4.  Without further clarification from Plaintiff, Defendant Chambers cannot respond to Requests for Admission Nos 1 through 4.

(ECF No. 110 at 33 n.1 (emphasis added).)  Despite such claim, the responses immediately above

16

respond to RFA Nos. 1 and 2.  (ECF No. 110 at 33.)  A quick scan should have tipped off the proofreader that something was amiss.  But it appears even plaintiff did not notice because in his motion to compel he included the response provided to incorrectly numbered RFA No. 6.  (ECF No. 110 at 5.)

In counsel's request for extension of time, signed on October 20, 2020, he declared he was "currently preparing an opposition to Plaintiff's motion to compel."  (ECF No. 112 at 3.)  Yet it was not until defense counsel filed his opposition on November 5, 2020, that he explained that "defendant Chambers' apparently contradictory responses were caused by a computer formatting error."  (ECF No. 115 at 14.)  "[D]ue to an automatic formatting error, the Word file that defense counsel's support staff printed out and served to Plaintiff automatically renumbered Defendant[ ] Chambers['] response."  (ECF No. 115 at 14.)  "Defense counsel did not catch this error because of logistical issues caused by the coronavirus pandemic:  defense counsel is currently working from home," and "did not personally review the hard copy of Defendant Chambers' discovery responses that the office staff printed out and served by mail on September 16, 2020."  (ECF No. 115 at 15; 115-1 at 3.)  Defense counsel declares that he first became aware of the incorrect numbering while preparing defendants' response to plaintiff motion to compel and its exhibits.  (ECF No. 115-1 at 2.)  But, as noted by plaintiff, counsel does not cite a specific date.

Third, defense counsel then declares he "will be moving the court for permission to submit an amended response" to correct the formatting error.  But to date, counsel has not so moved.  Given the confusion resulting from such an "automatic formatting error," one would expect counsel to provide with his opposition a correctly-numbered set of responses.  But he did not.

Even assuming counsel did not receive page two of plaintiff's RFA's to defendant Chambers, counsel could have initially contacted plaintiff and asked plaintiff to provide page two. Counsel's footnote makes clear he was aware of the missing page early on.  But instead, counsel chose to simply answer the RFA's provided, yet failed to proofread the responses before they were mailed.  Then, once counsel became aware of the mis-numbering, counsel failed to proactively rectify the mistake.  Apparently counsel decided to wait and hope that the court would

1    fix the problem.

2          Thus, the undersigned orders plaintiff to re-serve on counsel for defendants <u>page two</u> of

3    plaintiff's first set of RFAs to defendant Chambers.  Defendant Chambers must then provide

4    amended responses to the <u>entire</u> first set of RFA's, taking care to ensure they are correctly

5    numbered.  Plaintiff may then renew his motion to compel further responses to interrogatories 2

6    and 3 to defendant Chambers, as well as to defendant Chambers' amended responses to the

7    RFA's.

8    V.  <u>Sanctions</u>

9          Plaintiff seeks monetary sanctions for defendants' alleged failure to obey the rules of the

10   court, citing Fed. R. Civ. P. 37.  (ECF No. 110 at 1.)  He argues sanctions are in order because

11   defendants "violated both the letter and the spirit of these rules."  (ECF No. 110 at 5.)

12         Rule 37 provides, in part, that:

13                If the motion [to compel discovery] is granted -- or if the disclosure
                  or requested discovery is provided after the motion was filed -- the
14                court must, after giving an opportunity to be heard, require the party
                  or deponent whose conduct necessitated the motion, the party or
15                attorney advising that conduct, or both to pay the movant's
                  reasonable expenses incurred in making the motion, including
16                attorney's fees.  But the court must not order this payment if:  (i) the
                  movant filed the motion before attempting in good faith to obtain the
17                disclosure or discovery without court action; (ii) the opposing party's
                  nondisclosure, response, or objection was substantially justified; or
18                (iii) other circumstances make an award of expenses unjust.

19   Fed. R. Civ. P. 37(a)(5)(A).  District courts have discretion to order defendant or his attorney to

20   pay a substantial monetary fine and the plaintiff's increased costs and expenses.  <u>Hadley v. United</u>

21   <u>States</u>, 45 F.3d 1345, 1350 (9th Cir. 1995)

22         Because plaintiff must renew his motion to compel, the undersigned declines to make an

23   expense order at this time.  That said, along with plaintiff's renewed motion to compel, plaintiff

24   may request his reasonable expenses incurred in bringing the initial motion as to defendant

25   Chambers, as well as the renewed motion, for example, the cost of photocopying.  Because

26   plaintiff is proceeding without counsel, he may not seek attorney fees, and has incurred no filing

27   fees for his motions.

28   ////

1    VI.  <u>Motion to Modify Scheduling Order</u>

2          A.  <u>Governing Standards</u>

3          In addition to managing discovery, "[d]istrict courts have broad discretion . . . to control

4    the course of litigation under Federal Rule of Civil Procedure 16."  <u>Hunt</u>, 672 F.3d at 616

5    (internal quotations and citation omitted).  The Court is explicitly authorized to establish

6    schedules and deadlines to limit the time to complete discovery and file motions.  Fed. R. Civ. P.

7    16(b)(3); <u>Wong v. Regents of the Univ. of California</u>, 410 F.3d 1052, 1060 (9th Cir. 2006).  The

8    deadlines set forth in the scheduling order "may be modified only for good cause and with the

9    judge's consent." Fed. R. Civ. P. 16(b)(4); <u>see also</u> <u>Green Aire for Air Conditioning W.L.L. v.</u>

10   <u>Salem</u>, 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020) ("Requests to modify a scheduling order

11   are governed by Rule 16(b)(4), which provides that a court may modify a scheduling order 'only

12   for good cause.'").  Good cause requires a showing of due diligence.  <u>Johnson v. Mammoth</u>

13   <u>Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).  "The schedule may be modified 'if it cannot

14   reasonably be met despite the diligence of the party seeking the extension.'"  <u>Zivkovic v.</u>

15   <u>Southern California Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting <u>Johnson</u>, 975 F.2d

16   at 607).  Absent a showing of good cause, motions filed after a deadline set forth in a scheduling

17   order may be denied as untimely.  <u>Britz Fertilizers v. Nationwide Agribusiness Ins. Co.</u>, 2013 WL

18   2100540, at *1 (E.D. Cal. May 14, 2013) (citing <u>Johnson</u>, 975 F.2d at 608-609).

19         B.  <u>Discussion</u>

20         On December 20, 2019, the undersigned recommended that plaintiff's motion to amend be

21   granted as to his retaliation claims against Sgt. Chambers.  The findings and recommendations

22   were adopted on January 21, 2020, and defendant Chambers filed an answer on June 22, 2020.  In

23   light of such amendment, the court issued a revised scheduling order on July 6, 2020.  Despite

24   this fact, defendants did not move to extend the discovery deadline until three days before the

25   discovery deadline expired on October 2, 2020.  Indeed, counsel for defendants concedes that the

26   "CDCR informed defense counsel in June that it could not accommodate video depositions

27   statewide in July and August."  (ECF No. 108-1 at 1.)  Yet counsel took no action at that time.

28         In addition, plaintiff challenges counsel's claim, made under penalty of perjury, that

1   counsel served plaintiff with written discovery.  (ECF No. 111 at 2, citing ECF No. 108-1 at 7,

2   ¶ 10.)  Despite the court's order requiring counsel to respond to plaintiff's "conditional"

3   statement, counsel did not address plaintiff's claim that counsel did not propound any written

4   discovery.

5          Defendants waited until almost the close of discovery to file the pending motion to modify

6   the scheduling order.  In addition, it appears that defendants have conducted no written discovery

7   as to defendant Chambers.  For these reasons, the undersigned finds that defendants did not act

8   diligently in their attempt to comply with the deadlines set in the revised scheduling order.

9          For the reasons discussed above, the undersigned finds that defendants have not shown

10  good cause to modify the scheduling order.  Accordingly, defendants' motion to modify the

11  scheduling order is denied.

12  VII.  Scheduling Order Implications

13         Aside from the instant order, discovery is closed.  That said, the pretrial motions deadline

14  set for January 4, 2021, must be vacated in light of this order.  Once plaintiff's renewed motion to

15  compel further responses from defendant Chambers, if any, is resolved, the court will reset the

16  dispositive motions deadline; until then, all parties shall refrain from filing dispositive motions.

17  VIII.  Orders

18         Accordingly, IT IS HEREBY ORDERED that:

19         1.  Plaintiff's motion to compel further responses to discovery propounded to defendant

20  Kauer (ECF No. 110) is granted in part and denied in part, as set forth above.  Defendant Kauer

21  shall provide further responses within thirty days from the date of this order.

22         2.  Plaintiff's motion to compel further responses from defendant Chambers (ECF No.

23  110) is denied without prejudice.

24         3.  Within twenty-one days from the date of this order, plaintiff shall re-serve on counsel

25  for defendants' page two of his first set of request for admissions to defendant Chambers.

26         4.  Thirty days after receipt of page two, defendant Chambers shall provide plaintiff

27  amended responses to the complete first set of request for admissions, taking care to ensure that

28  the responses are properly numbered.

1       5.  Within thirty days of receipt of defendant Chambers' amended responses to the first set

2  of request for admissions, plaintiff may renew his motion to compel further responses to

3  interrogatories 2 and 3 to defendant Chambers, and to defendant Chambers' amended responses

4  to the request for admissions, and include his request for expenses, as set forth above.

5       6.  Defendants' motion to modify the scheduling order (ECF No. 108) is denied.

6       7.  The January 4, 2021 pretrial motions filing deadline is vacated.  All parties shall refrain

7  from filing dispositive motions until further order of the court.

8  Dated:  December 17, 2020

9

10                          KENDALL J. NEWMAN
       /spen1828.mtc5          UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28