1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GERALD SPENCE,                              No.  2:16-cv-1828 TLN KJN P

12                    Plaintiff,

13          v.                                     ORDER

14    G. KAUR, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner, proceeding pro se, currently housed at High Desert State

18   Prison.  Plaintiff's request for permission to correspond with 12 incarcerated witnesses and three

19   correctional officers (ECF No. 107) is before the court.

20   Plaintiff's Request

21          While housed at North Kern State Prison ("NKSP"), plaintiff submitted a CDC 1074 form

22   to Captain Chanelo at NKSP administration on or about November 5, 2019, but to date has

23   received no response.  (ECF No. 107 at 2.)  Plaintiff's efforts are recounted as follows:

24          1. On September 6, 2019, plaintiff submitted a CDCR 22 requesting permission to

25   correspond with 12 inmates who were housed at CSP-Solano in 2016 and three correctional

26   officers.  (ECF No. 107 at 3.)  The request was addressed to CCI Nichols, and delivered to L.

27   Hernandez, Jr. on September 6, 2019, and forwarded to CCI Nichols on September 6, 2019.  (Id.)

28          2. On October 7, 2019, plaintiff wrote another CDCR 22 stating it was his second request

1

for authorization to correspond with inmate witnesses, noting it was imperative he be allowed to do so for trial preparation and affidavits.  (ECF No. 107 at 5.)  This request was addressed to CCI Nichols, and received by prison staff (illegible) on October 8, 2019.  (Id.)  Handwriting in the corner of the form notes "by Torres at podium refused to accept 10/8/19 10:30 a.m."  (Id.)

3.  On October 28, 2019, plaintiff completed another CDCR 22 addressed to CCI Nichols, asking for a response to the prior request:  "You were waiting confirmation from Captain Chanelo."  (Id.)  Plaintiff added that he needed to know before seeking court intervention.  This request was received by J. Villareal on October 28, 2019, who noted the request was sent to CCI Nichols.  (ECF No. 107 at 4.)

4.  On November 5, 2019, plaintiff submitted a request for correspondence approval, on the proper CDC 1074 form to NKSP administration, Captain Chanelo, requesting approval to correspond with 12 inmates and three staff members.  (ECF No. 107 at 1.)  Correctional Counsel CCI Nichols accepted the request and informed plaintiff that Captain Chanelo had the final approval.  Litigation Coordinator Johnson was in touch with defendants' counsel, but plaintiff received no results, and to date has not received a response to his CDC 1074 request.  (ECF No. 107 at 1.)

Requested Witnesses

Plaintiff seeks permission to correspond with the following witnesses who have been disclosed through discovery:

Correctional officers Williams and Stilner, who worked in the education/medical building, and building two control officer Winsaur, all employed at CSP-Solano in 2016.

The following inmates who were housed at CSP-Solano in 2016:  Brooks, H48242; McCloud, AB664; Jones, K26983; Davis, E42052; Walker, K15858; Johnson, F86044; Parnell, E51057; Griffin, A19752; Collins, E45781; and Sheperd, V77471.[1]

---

[1]  The CDCR inmate locator reflects the current status of the potential witnesses (as of December 17, 2020):  Brooks, H48242 (Folsom State Prison); McCloud, AB6664 (High Desert State Prison); Jones, K26983 (CSP-Solano); Davis, E42052 (CSP-Solano); Walker, K15858 (Chuckawalla Valley State Prison); Johnson, F86044 (California Men's Colony); Parnell, E51057 (California Medical Facility); Griffin, A19752 (not in CDCR custody); Collins, E45781 (not in CDCR custody); and Sheperd, V77471 (CSP-Sacramento).

1   Plaintiff's Operative Complaint

2          This action proceeds on plaintiff's third amended complaint.  (See ECF Nos. 89 (March 7,

3   2019); 90 (December 20, 2019).)  Plaintiff alleges that in 2016, while he was housed at California

4   State Prison-Solano ("CSP-Solano"), defendants Kaur (the Sr. Librarian) and Sgt. Chambers

5   issued a 128-B and a CDCR-115 Rules Violation Report[2] ("RVR") against Plaintiff on false

6   charges, in retaliation for plaintiff's filing of a prison grievance against Kaur.  (ECF No. 89.)  The

7   hearing on the RVR took place on November 18, 2016.  (ECF Nos. 89, 90, 92.)  The RVR was

8   subsequently reversed, but Plaintiff lost 30 days of privileges, including access to the yard and the

9   law library.  Plaintiff seeks unspecified injunctive relief and monetary damages.

10  Discussion

11         Plaintiff's request for an order requiring that plaintiff be allowed to correspond with

12  inmate witnesses and three correctional officers is construed as a request for preliminary

13  injunction.  A preliminary injunction should not issue unless necessary to prevent threatened

14  injury that would impair the court's ability to grant effective relief in a pending action.  "A

15  preliminary injunction . . . is not a preliminary adjudication on the merits but rather a device for

16  preserving the status quo and preventing the irreparable loss of rights before judgment."  Sierra

17  On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).  In cases brought

18  by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly

19  drawn, extend no further than necessary to correct the harm the court finds requires preliminary

20  relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

21         "The proper legal standard for preliminary injunctive relief requires a party to demonstrate

22  'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

23  absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction

24  is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing

25  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted)).

26

27  _____

28  [2]  "128-B" and "CDCR-115" are references to forms used by prison staff to document various degrees
    of disciplinary action.  See 15 C.C.R. §§ 3312, 3326.

1    "Speculative injury does not constitute irreparable injury sufficient to warrant granting a

2    preliminary injunction."  Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir.

3    1988), citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).

4    Rather, a presently existing actual threat must be shown, although the injury need not be certain

5    to occur.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC

6    v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997); Caribbean Marine, 844 F.2d at 674.

7             A plaintiff cannot, as a general matter, obtain injunctive relief against non-parties.

8    "Unrelated claims against different defendants belong in different suits[.]"  George v. Smith, 507

9    F.3d 605, 607 (7th Cir. 2007).  However, a federal court does have the power to issue orders in

10   aid of its own jurisdiction, 28 U.S.C. § 1651(a), and to prevent threatened injury that would

11   impair the court's ability to grant effective relief in a pending action.  Sierra On-Line, Inc. v.

12   Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d

13   863 (9th Cir. 1989).

14            Here, liberally construed, plaintiff alleges that CCI Nichols and Captain Chanelo are

15   interfering with plaintiff's efforts to gather statements and affidavits that would support his

16   retaliation claim in this civil rights action.  Plaintiff asserts that at least twelve inmates and three

17   correctional officers witnessed conduct at issue herein.  Insofar as such testimony could be

18   material to a potential dispositive motion or at trial, the allegations that CCI Nichols and Captain

19   Chanelo are obstructing plaintiff's access to such witnesses could, if proven, justify an order in

20   furtherance of the court's ability to adjudicate this case.

21            Prisoners have a constitutional right to send and receive mail, but it is limited by the

22   state's interest in maintaining safety and security in its prisons.  Turner v. Safley, 482 U.S. 78, 89

23   (1987).  Thus inmates in California's prison system may correspond with other inmates "provided

24   those persons meet the criteria of approval of no known gang affiliation, or involvement with a

25   known terrorist group or racketeering enterprise."  Cal. Code Regs. tit. 15, § 3139(b).  The same

26   regulation gives a warden authority to restrict an inmate in another facility from communicating

27   with inmates in his custody.  "[A]pproval to correspond may be revoked due to disciplinary

28   violations involving correspondence between the inmates/parolees or as a result of classification

4

1   action based on safety and security."  15 CCR § 3139(d).  "If the request to correspond is denied

2   at the . . . state correctional facility, the reason for denial shall be annotated on the CDC Form

3   1074," and "staff at the sending institution/field office shall ensure that the 2nd page [of the form]

4   is returned to the initiating inmate."  15 CCR § 3139(c)(4), (6).  "If an inmate's request to

5   correspond with another inmate/parolee is denied, the CCI [Correctional Counselor I] shall advise

6   the inmate in writing."  15 CCR § 3139(c).

7          Plaintiff's request does not demonstrate that Captain Chanelo had denied plaintiff access

8   to correspond with the potential witnesses identified above, or whether Captain Chanelo has

9   simply failed to respond to plaintiff's efforts to gain such access.  Title 15 CCR § 3139 makes

10   clear that the safety and security of the state's correctional facilities could be implicated here,

11   giving rise to the possible inference that the security of the prison may have been part of a

12   decision to decline to disallow plaintiff from corresponding with inmates he wants to sign

13   affidavits for use in this case.  However, if there has been an official denial of access, state law

14   requires plaintiff to have received a document reflecting that decision, including the reason for it.

15   15 CCR § 3139(c)(4), (6).  Plaintiff has been diligent and tenacious in prosecuting this action, as

16   well as in his efforts to obtain the requested witness statements.  Therefore, the absence of such a

17   document may indicate that Captain Chanelo has not decided whether to allow the

18   correspondence – and thus that no security interest bars plaintiff from contacting the proposed

19   witnesses in order to obtain affidavits which he believes would support his claim.  Though prison

20   officials enjoy broad discretion in executing their duties, state officials must 'assure indigent

21   defendants an adequate opportunity to present his claims fairly.'"  Bounds v. Smith, 430 U.S.

22   817, 823 (1977) (citation omitted).  Blocking a prisoner access to a potentially material witness

23   for no legitimate penological purpose, even inadvertently, unreasonably impinges on his right of

24   access to the court and the opportunity to present his claims fairly.

25          That said, it is plaintiff who has the burden of proving that the balance of equities tips in

26   favor of an injunction ordering that plaintiff be allowed to correspond with the witnesses

27   identified above.  The court does not yet have enough information before it with which to rule on

28   which way the balance tips.  Therefore, defendants are ordered to respond to plaintiff's request on

5

1   the issue of whether this court should order Captain Chanelo, or officials at High Desert State

2   Prison where plaintiff is currently housed, to allow plaintiff to correspond with the potential

3   witnesses to material facts alleged in his complaint.  Defendants shall provide any and all

4   documentation and information at their or their counsel's disposal, including records in the

5   custody or control of the California Department of Corrections and Rehabilitation ("CDCR"),

6   reflecting the response, if any, of Captain Chanelo, CCI Nichols, or other official at North Kern

7   State Prison to plaintiff's request for permission to contact certain alleged inmate witnesses and

8   three correctional officers concerning this case.  If defendants' counsel deems it necessary to

9   submit documents under seal for in camera review, he may do so.  Defendants shall also submit a

10   written response to the request for an order requiring that plaintiff be allowed such

11   correspondence.

12          Plaintiff's reply shall be filed fourteen days thereafter.

13          <u>Scheduling Order Implications</u>

14          Because the instant request may impact plaintiff's ability to file or oppose a dispositive

15   motion, the January 4, 2021 pretrial motions deadline is vacated.  No party shall file a dispositive

16   motion until further order of the court.

17          Accordingly, IT IS HEREBY ORDERED that:

18          1.  Within fourteen days from the date of this order, defendants shall respond to plaintiff's

19   request (ECF No. 107) as to whether the court should order officials at North Kern State Prison or

20   High Desert State Prison, where plaintiff was subsequently transferred, to allow plaintiff to

21   correspond with the inmates and correctional officers plaintiff has named as potential witnesses to

22   material facts alleged in his complaint.  Defendants shall provide any and all documentation and

23   information at their or defense counsel's disposal, including records in the custody or control of

24   the California Department of Corrections and Rehabilitation, reflecting the response, if any, of

25   CCI Nichols, Captain Chanelo, or other prison staff at North Kern State Prison as to plaintiff's

26   request for permission to contact such witnesses concerning this case.

27          2.  Plaintiff's reply shall be filed fourteen days after receipt of defendants' response.

28          3.  The January 4, 2021 pretrial motions deadline is vacated.  No party shall file a

1    dispositive motion until further order of court.

2    Dated:  December 18, 2020

3

4                                                    KENDALL J. NEWMAN
                                                     UNITED STATES MAGISTRATE JUDGE
5    /spen1828.corr

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28