UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE,<br><br>    Plaintiff,<br><br>    v.<br><br>G. KAUR, et al.,<br><br>    Defendants. | No.  2:16-cv-01828-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Plaintiff Gerald Spence's ("Plaintiff") letter addressed to the District Judge, which the Court construes as a Motion to Recuse/Disqualify the Magistrate Judge.[1] (ECF No. 118.) For the reasons set forth herein, Plaintiff's Motion is DENIED.

///
///
///
///
///
///

---

[1] The Court additionally construes Plaintiff's letter as a Motion for Reconsideration of the Court's October 23, 2020 Order (*see* ECF No. 113). However, to the extent Plaintiff sought reconsideration, the Court issued an Order denying Plaintiff's Motion on January 6, 2021 (ECF No. 123), and does not address that issue further in the instant Order.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a state prisoner proceeding *pro se*, filed this civil rights action seeking relief under 42 U.S.C. § 1983 on July 22, 2016. (ECF No. 1.)

On December 16, 2020, Plaintiff wrote a letter directed to the District Judge assigned to this case, in which he argues the magistrate judge is biased against him and requests the magistrate judge be recused/disqualified. (ECF No. 118.) The Court construes Plaintiff's letter as a Motion to Recuse/Disqualify. Additionally, because Plaintiff's letter was directed to the District Judge assigned to this case, the undersigned addresses Plaintiff's filing rather than the magistrate judge.

### II. STANDARD OF LAW

Federal law provides that a party may seek recusal/disqualification of a judge based on bias or prejudice.

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

The standard for recusal under 28 U.S.C. § 144 ("§ 144") is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983)). To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source. *See id.* "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Instead, the judicial rulings are a basis for appeal, not recusal. *See id.* ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and

2

can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal."); *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis for recusal.") (citations omitted). Further, § 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. *See* 28 U.S.C. § 144. If the affidavit is legally insufficient, then recusal can be denied. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995).

### III.  ANALYSIS

Plaintiff did not file a formal affidavit as required under § 144. However, even if the Court construes Plaintiff's letter as an affidavit, Plaintiff's letter is substantively insufficient under § 144 because it fails to allege facts that would support the contention that the assigned magistrate judge has exhibited bias or prejudice directed towards Plaintiff from an extrajudicial source. *See Sibla*, 624 F.2d at 868 ("An affidavit filed pursuant to [§ 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source.").

Plaintiff's letter/motion alleges bias by the magistrate judge based on the magistrate judge's adverse rulings against Plaintiff as well as the purported manner in which the magistrate judge has handled Plaintiff's case. (ECF No. 118.) More specifically, Plaintiff claims — without any examples — the magistrate judge exhibited bias against him because he has denied motions filed by Plaintiff in which Plaintiff filed no reply and the magistrate judge has never ordered Plaintiff to respond or reply to any defense pleading. (*See id.*) However, the Court finds Plaintiff's argument is unavailing.

Local Rule 230(l) provides:

> **Motions in Prisoner Actions.** All motions, except motions to dismiss for lack of prosecution, filed in actions wherein one party is incarcerated and proceeding in propria persona, shall be submitted upon the record without oral argument unless otherwise ordered by the Court. Such motions need not be noticed on the motion calendar. Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days

> after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions. The moving party may, not more than seven (7) days after the opposition has been filed in CM/ECF, serve and file a reply to the opposition. All such motions will be deemed submitted when the time to reply has expired.

E.D. Cal. L.R. 230(l). On February 21, 2018, at the inception of this litigation, the magistrate judge ordered that:

> Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and E.D. Cal. R. 110, shall be briefed pursuant to L.R. 230(l). Failure to timely oppose such a motion may be deemed a waiver of opposition to the motion. See L.R. 230(l). Opposition to all other motions need be filed only as directed by the court.

(ECF No. 28 at 3.) Based on this Court's Local Rules, Plaintiff may file a reply to any opposition; no order of the Court is required. (*See id.*); *see also* E.D. Cal. L.R. 230(l). Further, as explained in the February 21, 2018 Order, some motions and requests are addressed by the Court *sua sponte*, without the need for oppositional briefing. (ECF No. 28 at 2.) In light of the Local Rules, which are plainly available to Plaintiff, as well as the magistrate judge's additional instructions to Plaintiff regarding Local Rule 230, the Court finds Plaintiff's generalized complaint about the process for filing oppositional and reply briefings does not demonstrate bias on the part of the magistrate judge. Furthermore, none of the issues raised by Plaintiff in his letter identify any "extrajudicial source" from which the alleged bias might result. *Liteky*, 510 U.S. at 555. Accordingly, Plaintiff fails to raise any proper grounds for recusal/disqualification of the magistrate judge.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Recuse/Disqualify the Magistrate Judge (ECF No. 118) is hereby DENIED.

1     IT IS SO ORDERED.

2 DATED: February 15, 2021

Troy L. Nunley
United States District Judge