UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE,<br><br>             Plaintiff,<br><br>       v.<br><br>G. KAUR, et al.,<br><br>             Defendants. | No. 2:16-cv-1828 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff's fully-briefed motion to correspond with inmate witnesses is before the court.

<u>Plaintiff's Allegations</u>

This action proceeds on plaintiff's third amended complaint. (<u>See</u> ECF Nos. 89 (March 7, 2019); 90 (December 20, 2019).) Plaintiff alleges that in October of 2016, while he was housed at California State Prison-Solano, defendants Kaur (the Sr. Librarian) and Sgt. Chambers issued a 128-B and a CDCR-115 Rules Violation Report[1] ("RVR") against plaintiff on false charges, in retaliation for plaintiff's filing of a prison grievance against Kaur. (ECF No. 89.) The hearing on the RVR took place on November 18, 2016. (ECF Nos. 89, 90, 92.) The RVR was subsequently reversed, but Plaintiff lost 30 days of privileges, including access to the yard and the law library.

---

[1] "128-B" and "CDCR-115" are references to forms used by prison staff to document various degrees of disciplinary action. <u>See</u> 15 C.C.R. §§ 3312, 3326.

Plaintiff seeks unspecified injunctive relief and monetary damages. This action is proceeding on plaintiff's third amended complaint. (See ECF Nos. 89-90.)

### Requested Witnesses

Plaintiff seeks permission to correspond with the following witnesses who have been disclosed through discovery:

Correctional officers Williams and Stilner, who worked in the education/medical building, and building two control officer Winsaur, all employed at CSP-Solano in 2016.

The following inmates who were housed at CSP-Solano in 2016: Brooks, H48242; McCloud, AB664; Jones, K26983; Davis, E42052; Walker, K15858; Johnson, F86044; Parnell, E51057; and Sheperd, V77471.[2]

### Plaintiff's Request to Correspond

Initially, defendants' counsel states that plaintiff "does not require prior written authorization to correspond with correctional staff members." (ECF No. 127 at 1.) Thus, plaintiff is granted leave to directly correspond with such staff members to request a declaration as to what each witnessed in connection with this lawsuit.

Importantly, defense counsel confirmed with High Desert prison officials that there is "no current safety or security concerns that would lead them to deny" plaintiff's correspondence requests. (ECF No. 127 at 7-8.) Defendants' response confirms that plaintiff sought permission to correspond with inmate witnesses on November 5, 2019. Counselor Nicholas at North Kern State Prison found plaintiff's CDCR Form 1074s incomplete because plaintiff did not know the housing locations of the inmates with whom he wished to correspond; "North Kern officials were apparently waiting for clarification about whether they could provide plaintiff with the housing locations of the proposed inmate correspondents." (ECF No. 127 at 6.) There is no indication, however, that Nicholas or any other prison official informed plaintiff why his request was not

---

[2] Inmates Griffin, A19752 and Collins, E45781, are omitted because they are no longer in CDCR custody. As of March 31, 2021, the CDCR inmate locator reflected the current status of the potential witnesses: Brooks, H48242 (Folsom State Prison); McCloud, AB6664 (High Desert State Prison); Jones, K26983 (CSP-Solano); Davis, E42052 (CSP-Solano); Walker, K15858 (Chuckawalla Valley State Prison); Johnson, F86044 (California Men's Colony); Parnell, E51057 (California Medical Facility); and Sheperd, V77471 (CSP-Sacramento).

1 granted, or that they were waiting for a response from the Office of Legal Affairs.  Indeed, 
2 "Counselor Johnson [former Litigation Coordinator at NKSP] did not recall receiving a response 
3 from the Office of Legal Affairs, . . . or Counselor Nicholas, or issuing a response to Mr. 
4 Spence's correspondence approval form."  (ECF No. 127-1 at 2.)

5 Thus, plaintiff has suffered an inordinate delay in his effort to gain declarations from such 
6 putative witnesses.  During such delay, two additional inmate witnesses were subsequently 
7 released from custody.  Plaintiff seeks inmate declarations from eight inmate witnesses currently 
8 housed at seven different prisons which makes injunctive relief problematic, as argued by 
9 defendants.  (ECF No. 127 at 4-5.)  By the same token, even if prison officials at High Desert 
10 State Prison granted plaintiff's request to correspond with eight inmate witnesses, such 
11 correspondence is subject to review at the requested correspondent's institutions, in this case, 
12 seven other prisons.  Further complicating this request is the current COVID-19 pandemic, which 
13 can further delay such permissions.  As projected by plaintiff, such process could take 18 months 
14 or more, depending on how many times plaintiff is again transferred.  (ECF No. 128 at 3.)

15 As an alternative, plaintiff suggests appointing a federal public defender or other counsel 
16 to act as an intermediary for purposes of facilitating correspondence between the inmates and 
17 plaintiff.  (ECF No. 128 at 3.)  Plaintiff suggests there would be a list of questions initially, then a 
18 declaration based on each witness' response.

19 In the interest of expediting plaintiff's ability to potentially gain declarations from his 
20 putative inmate witnesses, plaintiff is granted thirty days in which to send to the court a list of 
21 potential questions for such witnesses, including a request that the witness provide a declaration 
22 attesting to his recollection of the events in October of 2016 at the law library at California State 
23 Prison-Solano, and should also inquire whether the witness is willing to testify voluntarily at trial.  
24 (ECF No. 106 at 2.)  Once such questions are received, the court will forward such questions to 
25 plaintiff's inmate witnesses, and ask such witnesses to provide a declaration to the court.  Once 
26 responses are received, the court will serve copies on plaintiff.

27 Finally, because one of plaintiff's witnesses, inmate McCloud, AB6664, is currently 
28 housed at High Desert State Prison where plaintiff is currently housed, plaintiff should also

forthwith seek permission, by completing the CDCR Form 1074s, to correspond with inmate witness McCloud, AB6664.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 107) is partially granted;

2. Plaintiff is granted leave to directly correspond with putative witnesses Correctional Officers Williams and Stilner, and building two control officer Winsaur, as to what each witnessed in connection with plaintiff's claims set forth above;

3. Within forty-five days from the date of this order, plaintiff shall file with the court a list of questions for his putative inmate witnesses concerning the events of October 2016 at the law library at California State Prison-Solano; and

4. Plaintiff shall forthwith complete a CDCR Form 1074s to correspond with inmate witness McCloud, AB6664, at HDSP.

Dated: April 8, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/spen1828.corr